# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

April 27, 2020

**Via ECF and Email (LimanNYSDChambers@nysd.uscourts.gov)**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

      Re:    *HC2, Inc. v. Andrew Delaney*, Case No. 1:20-cv-3178

Dear Judge Liman:

      We represent Plaintiff HC2, Inc. in this action arising from Defendant Andrew Delaney's use and disclosure of confidential information in breach of both his employment agreement with Plaintiff, a contract attorney staffing company, and his ethical duties as an attorney.  On April 22, 2020, the Court ordered Plaintiff to "provide notice of [its *ex parte*] application for a temporary restraining order and preliminary injunction on Defendant and meet and confer with Defendant within 24 hours of giving notice (including weekends) on a proposed schedule for briefing and hearing on the application."

      In denying Plaintiff's *ex parte* application, the Court observed that "the filing of this lawsuit and this Order itself should put [Defendant] on notice that future improper disclosures can be met with the most severe sanctions."  Pursuant to Rule 1A of your Individual Practices in Civil Cases and Rule 7 of your COVID-19 Emergency Individual Practices in Civil and Criminal Cases, Plaintiff writes to update the Court on the meet-and-confer and to request an immediate hearing to determine whether Defendant Andrew Delaney should be temporarily enjoined until the PI Application is decided on the merits.

      After Plaintiff was able to provide Defendant with notice on April 23, the parties' counsel met-and-conferred, both telephonically and in writing, on April 24, 25 and 27.  Those efforts have reached an impasse on a mutually acceptable schedule for briefing and hearing the PI Application. Defendant has requested at least one month to prepare and submit his opposition to the application. Plaintiff agrees to that requested briefing schedule, but on the condition that, pending the Court's

# Kasowitz Benson Torres llp

Hon. Lewis J. Liman
April 27, 2020
Page 2

decision on the application, Defendant stipulate that he will not take any further action to use or disclose the confidential information he learned while employed by Plaintiff.

Defendant declined to agree to refrain from using or disclosing such information on the purported basis that such a stipulation could be construed as an admission of prior wrongdoing. He continued to refuse even after Plaintiff agreed to add language expressly disclaiming that either party was making any admissions by entering into the stipulation.  As it stands, Defendant will agree only to adhere to his post-employment obligations under his employment agreements with HC2, and his professional obligations as an attorney.  He is not, however, willing to refrain from any further use of confidential information he learned while working on the document review at issue, including information subject to the attorney-client and attorney work-product privileges. Defendant's refusal to agree can only be explained if he intends to use or disclose the very information Plaintiff is seeking to prevent him from using or disclosing pending the hearing before the Court which he has asked to postpone for more than a month.

Defendant's position is woefully insufficient.  His contention -- which he refuses to withdraw while Plaintiff's application is pending -- is that he is not barred by his employment agreement from using or disclosing information he learned while employed by Plaintiff and that he was not acting as an attorney bound by the Rule of Professional Conduct.   In fact, Defendant has demonstrated that his assurances are false and worthless.

First, a day after this Court issued its Order admonishing him, he spoke to a reporter from Law360 and disclosed the identities of Plaintiff's customer and its customer's client.   The gratuitous outing of Plaintiff's customer and its client breached numerous provisions of Defendant's employment agreements with Plaintiff requiring him not to divulge client information obtained in the course of an assignment and further harmed Plaintiff which had not named its customer and customer's client in order to keep their names confidential.

Second, in the article published by Law360, Defendant maintains, "he did not perform the document review work as an attorney and, therefore, had no attorney-client relationship with the parties."  Since Defendant appears to be operating under the indefensible and mistaken belief that he was not working as an attorney and is not otherwise obligated to preserve attorney-client and attorney work-product privileged information he learned on the document review, his assurances that he will abide by what he perceives to be his professional obligations as an attorney mean nothing.

Third, while Defendant has dismissed without prejudice his State Court complaint, which is replete with confidential information he learned on the document review, *see* Verified Complaint ¶¶ 8-9, 30-33, including information protected by the attorney-client privilege and work-product

# Kasowitz Benson Torres llp

Hon. Lewis J. Liman
April 27, 2020
Page 3

doctrine, there is no current restraint on his ability to refile it on the public docket in some other jurisdiction.[1]

Fourth, according to Defendant's attorney, Defendant is contemplating initiating another lawsuit concerning the events at issue in which he may (re)publish confidential information he learned on the document review.

Defendant's refusal to refrain from any further unauthorized disclosures of the information he obtained during the document review constitutes an on-going and immediate threat of irreparable harm. Accordingly, Plaintiff respectfully requests that this Court set an emergency hearing as soon as practicable to determine whether Defendant should be temporarily restrained pending a decision on its PI Application.

Sincerely,

*/s/ Ronald R. Rossi*

Ronald R. Rossi

cc:     Bogdan Rotman, Esq.

---

[1] Defendant's disclosure on this Court's public docket of confidential information learned during his employment would also constitute further breaches of his employment agreements.