UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HC2, INC.,

                Plaintiff,                          1:20-cv-03178-LJL

      -against-                            DEFENDANT'S OPPOSITION TO
                                                  PLAINTIFF'S MOTION FOR
                                                  TEMPORARY RESTRAINNG
ANDREW DELANEY,                       ORDER AND
                                                  PRELIMINARY INJUNCTION

              Defendant.
------------------------------------------------------------------x

       1.       Pending the *pro hac vice* application of his attorney, Defendant is making a *pro se* special appearance for the limited purpose of opposing Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction without waiving any defenses including lack of jurisdiction.

       2.       Plaintiff has not met its burden of proof and its motion should be denied.

       3.       Plaintiff has failed to establish any of the elements required for the issuance of a TRO.[1]

       4.       There is no likelihood that Plaintiff will succeed on the merits. The complaint is 90% fabrications and the opposite of the truth,[2] based entirely on hearsay, and <u>does not provide a shred of evidence</u> to support its outrageous and defamatory statements. The motion does not

---

[1] (1) whether there is a substantial likelihood that Plaintiffs would succeed on the merits; (2) whether Plaintiffs would suffer irreparable injury if the injunctive relief is denied; (3) whether the granting of injunctive relief would substantially injure the other party; and (4) whether the public interest would be served by the granting of the injunctive relief.

[2] Such as the repeated false claim that Plaintiff was offering remote work, when it said until his last day of work "remote is not an option", and also, incredibly, that it did not terminate Plaintiff .

1

include a single example of "extortion" or "stolen information" and the referenced documents are not attached.

5.  Plaintiff and its counsel have repeatedly stated that Defendant "stole documents."[3] However, as they know perfectly well, this was physically impossible. There were no hard copies of documents. Like many document reviews, there were no printers or Internet access in the office and the computers were restricted against downloading, cutting and pasting, screenshots, forwarding emails, etc. Defendant has witnesses that he left the protocol and a few pages of handwritten notes on his desk when he left the office after he was fired on March 17, 2020. These are in Plaintiff's possession, not Defendant's.

6.  Plaintiff also continually says that Defendant was prohibited from communicating with other persons when he and the other foreign language document reviewers were dealing with them directly throughout the course of the project.[4]

7.  There is no basis for any of the relief sought in the proposed order, quoted below (see comments in bold):

1. Preliminarily enjoining and restraining the Defendant from:
(i) Continuing to possess and not return any and all Project documents he acquired while employed with HC2; **(Defendant's attorney confirmed he never had any Project documents, let alone "continuing to", as they know well as it was physically impossible)**
(ii) In any way disclosing, disseminating revealing or continuing to disclose, disseminate or reveal any information he acquired during the Project; and **(no evidence of this)**

---

[3] Along with their other pleadings, in violation of ABA Model Rule of Professional Conduct 3.3 (Candor Toward the Tribunal): "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

[4] Plaintiff's "Memorandum of Law" shows that HC2 is working in concert with the other parties on litigation against Defendant e.g. "Despite the sealing of the State Court Complaint on April 21, 2020…." This was prior to the filing of the present action. The Brevard County case search website does not show the date that documents were sealed.

(iii) Filing, or causing to be filed, on this Court's public docket any document that discloses, disseminates, or reveals information acquired during the Project; and **(no evidence that Defendant has any such documents, and this clause also violates N.Y. Rules of Professional Conduct 1.6(b)[5] )**

(b) ordering Delaney:

(i) To provide an accounting of all documents, material or other Confidential Information, or copies thereof, that he has retained from the Project, including but not limited to any and all emails or text messages containing Confidential Information in form or substance, photographs or screenshots of Confidential Information, and any notes or other records he may have made; and **(none)**

(ii) To return, within 24 hours, any and all documents, files, property, and/or data he acquired from, or otherwise belonging to HC2, the Law Firm Customer, or the Corporate Client.  **(none)**

2. Granting such other relief as the Court deems equitable and just.

8.  The truth is that this entire motion and complaint is a "fishing expedition" and tactic to preempt Defendant from filing an employment lawsuit against Plaintiff.

9.  The sole support for the motion is an unsigned, unsworn "Declaration of Ronald R. Rossi", an attorney for Plaintiff, which he says is based on his "personal knowledge of the facts" but which is pure hearsay.  There is nothing in this 2-1/2-page document except for one "guess" that is both vague and total (and incorrect) speculation.

10. As for the former Florida case, there was not a single document referred to or submitted in it nor does Plaintiff make a showing otherwise.  Defendant already agreed to permanently seal this and voluntarily withdrew it prior to and independently of Plaintiff's lawsuit.[6]  It has never been publicized by anyone nor has Plaintiff shown that it has.

---

[5] "A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary: (2) to prevent the client from committing a crime;… (5) (i) <u>to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct</u>; or (ii) to establish or collect a fee…." (emphasis added)  Rule 1.6 also states: "'Confidential information' does not ordinarily include (i) a lawyer's legal knowledge or legal research or (ii) information that is generally known in the local community or in the trade, field or profession to which the information relates."

[6] In Plaintiff's lawyer's April 27, 2020 letter to the Court, he cites "Paragraphs 8-9" of the Florida complaint as examples of "attorney-client privileged information" allegedly disclosed by Plaintiff.  Paragraph 8 says "The statutory violations herein occur in or affect more than one judicial circuit in the State of Florida, including Brevard County, and the Eighteenth Judicial Circuit."  Paragraph 9 says "Venue is further proper because Defendants have and/or continue to regularly conduct business in Florida."

11. Plaintiff has not suffered and is at no risk of suffering "irreparable injury." The only person who suffered irreparable injury in this case is Defendant. Prior to Plaintiff's and its attorneys' malicious defamatory remarks which were publicized by them,[7] Plaintiff had an impeccable record as an attorney in New York for 30 years. He has worked on numerous investigations, none of which has ever been disclosed. He has never been sued or had a complaint filed against him by anyone. But as a result of Plaintiff's and its attorneys' malicious public lies about him,[8] no one will ever employ him again.

12. The granting of the relief would substantially injure the other party (Defendant) because it would seem to validate Plaintiff's false allegations against him that he committed extortion and stole documents. This case has already caused substantial injury to Defendant as it was clearly intended to do and tarnished his record, reputation, and future employment prospects.

13. There is no public interest in Plaintiff's proposed TRO nor do they assert any.

Dated: April 28, 2020                                          Respectfully submitted,

                                                               s/Andrew Delaney
                                                               (929) 816-9406
                                                               jdelaneyandrew@gmail.com

---

[7] Unlike Defendant, Plaintiff and its counsel never sealed the complaint against him, and bragged about how they exposed the "John Doe" in the former Florida case. They also wrongly "guess" Plaintiff's reason for filing as John Doe, which the Florida complaint made clear was due to the grave danger to Plaintiff overseas. They say that Defendant filed as John Doe to hide from any link to them, but then say he publicized the Florida case and named them.

[8] This was exactly the same thing as what they did in October-November 2019 when they leaked his identity, involvement, and work-product to persons and law firms on the other side placing him in great danger in light of their practices and the people they are involved with there.