**Robert Rotman, Esq.**
**305 East 24th Street Ste. 17R**
**New York, NY 10017**
**(646) 606-4867**
**rrotmanlaw@gmail.com**

May 15, 2020

Via ECF and email (LimanNYSDChambers@nysd.uscourts.gov)

Hon. Lewis J. Liman
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
Room 701
New York, NY 10007

Re:   HC2, Inc. v. Andrew Delaney, Case No.:  1:20-cv-03178-LJL

Dear Judge Liman:

I am the attorney for Defendant Andrew Delaney and am respectfully requesting the Court to exclude Plaintiff's "second declaration" from Michael Heyisson, one of the general counsels of Wilmer Cutler Pickering Hale and Dorr LLP's Boston Office[1] ("Wilmer Hale"), which was emailed to me well beyond the agreed upon deadline for exchange of declarations in connection with Plaintiff's application for a Preliminary Injunction scheduled for a hearing on May 26, 2020.  For the reasons set forth below, Defendant also requests that Plaintiff's motion be dismissed.

Pursuant to the Court's Order dated May 7, 2020: "2. By agreement of the Parties, the Court will receive testimony in support of and in opposition to the motion for a preliminary injunction in the form of declarations (or affidavits) of the witnesses submitted by the proponent of the witness containing the direct testimony of such witness and deposition testimony to be taken prior to the hearing containing any cross-examination or re-direct examination."   The parties agreed to exchange declarations today at 5:00 p.m. ET (per Plaintiff's counsel's email confirmation "5/15 at 5 p.m. ET – Mutual exchange of declarations to be offered in support of or opposition to PI.").

Defendant served a declaration and exhibits prior to 5:00 p.m. ET as agreed (in three separate emails 4:43 p.m. ET, 4:49 p.m. ET, and 4:53 p.m. ET).  As has happened in the past (e.g. the preliminary injunction discovery), Plaintiff waited until after Defendant had emailed our submissions before sending its own.  At 5:04 p.m. ET, Plaintiff's counsel emailed me a declaration from HC2's general counsel along with exhibits.  At 5:08 p.m. ET, he unexpectedly

---

[1] Plaintiff now has attorneys working in different time zones in San Francisco, New York, Miami, and Boston who contact us at all hours of the day.  This case is in the Southern District of New York.  It is 8:30 p.m. and Defendant still does not have concrete availability times for its affiants to be deposed.

said that Plaintiff's counsel would also be sending a second declaration from the general counsel of Wilmer Hale. This was 26 minutes after we commenced our service. At 5:24 p.m. ET, I emailed Plaintiff's counsel asking about its affiants' availability for skype depositions. I also emailed Plaintiff's counsel protesting the delay in sending its "second declaration". At 6:04 p.m. ET, I emailed Plaintiff's counsel: "With all due respect it is 601p ET and I dont have the WH affirmation. Is it being drafted now?"

I did not receive the Heyison declaration until 6:41 p.m. ET after a few emails from me. In reviewing the declaration, it appears that this may have been revised in response to my declaration and exhibits which clearly showed, despite Plaintiff's representations, that the Florida complaint was based upon publicly available information. The 10-page Heyison affidavit mentions almost nothing about the Florida complaint but then a last paragraph suddenly "appears" at the end: "34. In some parts of the Florida Complaint, Mr. Delaney cites publicly available information as background. The cited public sources do not reveal the Corporate Client's privileged and confidential information that WilmerHale provided to Mr. Delaney during the review and that he reveals elsewhere in the Florida Complaint." This contradicts the allegations in Plaintiff's verified complaint that the Florida complaint was based on "stolen" information and documents.

Defendant strongly believes that this paragraph was added on after 5:00 p.m. ET based on the overwhelming evidence his side presented that the information in the Florida complaint was public. It is Plaintiff's counsel's responsibility to ensure that submissions are made on a timely basis and in this case the "delay" went well beyond what could be considered reasonable and excusable. The declarations were supposed to be <u>mutually exchanged</u> which implies simultaneity so that one side does not have an undue advantage over the other.

This is the <u>Plaintiff's motion</u> and it is on a set schedule. The parties only have until the end of Tuesday May 19, 2020 to complete depositions of the affiants and the court reporter requires 48 business hours' notice in advance of the deposition date.

Respectfully, there is no excuse for this delay in sending Defendant a "second declaration". Defendant is represented by a major law firm with considerable resources but of its own and outside of itself. If I as a solo practitioner can meet the deadlines, Plaintiff's counsel in good faith should be able to. The Heyisson declaration should be either excluded and/or the Plaintiff's motion should be dismissed or denied.

I thank the Court for its consideration and understanding as Defendant has complied with the deadlines in this case.

Respectfully submitted,
/s/Robert Rotman
Robert Rotman

cc: Ronald R. Rossi, Esq.