# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

May 15, 2020

**Via ECF and Email (LimanNYSDChambers@nysd.uscourts.gov)**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

     Re:    *HC2, Inc. v. Andrew Delaney*, Case No. 1:20-cv-3178

Dear Judge Liman:

     We represent the Plaintiff, HC2, Inc., and write pursuant to the Court's order of May 7, 2020, allowing either party, "without need to make a further application to the Court," to "submit a letter brief not to exceed three singled-spaced pages with respect to the filing of confidential material on or before the May 22, 2020 submission date," on Plaintiff's motion for a preliminary injunction set for hearing on May 26, 2020.

     For the reasons set forth below, Plaintiff respectfully requests leave to submit the complaint Defendant filed in a Florida court (the "Florida Complaint") for *in camera* review, which will demonstrate that Defendant has breached his agreements with Plaintiff by disclosing attorney-client privileged information, attorney work-product, and confidential information. *In camera* review will avoid further dissemination of the protected information Defendant agreed to protect but wrongfully disclosed in the Florida Complaint.

     *In camera* review is the proper mechanism for deciding whether materials are privileged. *See Highland Capital Management, L.P. v. United States*, 626 Fed. Appx. 324, 328 (2d Cir. 2015). As the *Highland* court recognized, requiring a litigant to disclose documents subject to a claim of attorney-client privilege without a court passing on the claim of privilege would impermissibly undermine the attorney-client privilege. *Id.*

     An *in camera* inspection of the Florida Complaint is particularly appropriate here given that Defendant is a lawyer, employed by Plaintiff to assist Plaintiff's law firm customer and its corporate client on a confidential document review project, who agreed to work on the project in

KASOWITZ BENSON TORRES LLP

Hon. Lewis J. Liman
May 15, 2020
Page 2

that capacity.  *See, e.g.*, *Henig v. Quinn Emanuel Urquhart & Sullivan, LLP*, 151 F. Supp. 3d 460, 469-470 (S.D.N.Y. 2015) (tasks performed during document review, including identifying key and privileged documents and exercising judgment, constitutes the practice of law).

What makes matters worse is that Defendant filed the Florida Complaint even after Plaintiff and its law firm customer explicitly reminded him that he was not permitted under his non-disclosure agreements, and his obligations as a member of the bar, to reveal the corporate client's privileged and confidential information that he obtained during his work as an attorney on the document review project.  Notwithstanding these express warnings and his contractual and professional obligations, substantial portions of the Florida Complaint reveal confidential information, including privileged information, which Defendant obtained during the document review project.

Accordingly, Plaintiff requests leave to submit to the Court for *in camera* review an unredacted copy of the Florida Complaint that marks the specific information that Plaintiff's law firm customer and corporate client maintain is privileged or confidential.  If, after completing its review, the Court agrees with those designations, the Court may rely on those portions of the Florida Complaint deemed privileged or confidential to decide the preliminary injunction application.  Once the Court has completed its review, Plaintiff's law firm customer will also redact the privileged or otherwise confidential information from the Florida Complaint and provide a redacted copy of the document to the parties for use in this matter, subject to the protections of the Court's litigation protective order.

Further, to the extent that the Court, in reviewing the Florida Complaint, needs additional information, Plaintiff respectfully requests that the Court hear directly from its law firm customer, which was supervising the document review project Defendant worked on, through an *ex parte* discussion that would not include the parties to this case.

Thank you for your attention to this matter.  If the Court would like to discuss this issue further, Plaintiff is available at the Court's request.

Sincerely,

*/s/ Ronald R. Rossi*

Ronald R. Rossi

cc:  Bogdan Rotman, Esq.

Application denied.  Documents based upon which plaintiff seeks to obtain an adjudication are presumptively public documents.  *See Lugosch v. Pyramid Co.* 435 F.3d 110, 121-27 (2d. Cir. 2006).  Plaintiff may support its application for injunctive relief based on any admissible relevant evidence.  If it submits the Florida Complaint, the court will decide any application for sealing based upon the principles set forth in *Lugosch*.  Plaintiff's reliance on cases involving *in camera* review of privileged documents - where the documents are not offered as a basis for injunctive relief - is inapposite.

SO ORDERED.
5/18/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge