# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

May 18, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

      Re:     *HC2, Inc. v. Andrew Delaney*, Case No. 1:20-cv-3178

Dear Judge Liman:

      We represent the Plaintiff, HC2, Inc. ("Plaintiff"), and write to respond to defendant Andrew Delaney's ("Defendant") letter requesting that the Court preemptively strike the declaration of Michael Heyison, the Co-General Counsel of Wilmer Cutler Pickering Hale and Dorr LLP ("Law Firm Customer"), which Plaintiff served on Defendant on May 15 (the "Law Firm Customer Declaration") to elevate this non-issue to the Court's attention.

      On May 7, 2020, the Court ordered the parties to file submissions supporting or opposing entry of a preliminary injunction by 5 p.m. on May 22. (ECF. No. 25 ¶ 1.) The Order memorializes the parties' agreement to provide direct testimony for the preliminary injunction hearing scheduled for May 26 by declaration, with cross-examination by deposition. *Id.* at ¶ 2. The Court did not set a deadline for the parties to exchange their respective declarations or other written discovery, but, on May 6, the parties agreed to a series of interim exchanges of written discovery, including the exchange of declarations at 5 p.m. on May 15.

      The parties completed the declaration exchange on time. Defendant identified his current counsel as his sole declarant and served a declaration which offers no substantive testimony, but instead attaches several dozen documents described as "true and correct copies of representative printouts from the worldwide web which were used as the basis for Defendant's [State Court complaint]." Plaintiff served a declaration from Stephanos Zannikos its General Counsel.

      A few minutes after exchanging its declaration, Plaintiff informed Defendant that it would also be offering a declaration from Michael Heyison, the Co-General Counsel of its Law

Kasowitz Benson Torres llp

Hon. Lewis J. Liman
May 18, 2020
Page 2

Firm Customer, that was "being finalized for service", that it would serve the declaration as soon as it was received, and that there was "absolutely no prejudice to you or your client." Shortly thereafter, and immediately after receiving it from its Law Firm Customer, Plaintiff exchanged the Law Firm Customer Declaration with Defendant and offered a date when the declarant was available to be deposed.  Throughout, Plaintiff had no control over when it would receive the Law Firm Customer's declaration and kept Defendant informed about its status.  Defendant has not suffered any prejudice.

Defendant complains that, before completing his declaration, Michael Heyison obtained and reviewed Defendant's declaration and then revised his own declaration in response.  That assertion is baseless.  Between the time Plaintiff received Defendant's declaration and exchanged the Law Firm Customer Declaration, Plaintiff did not share or discuss it with its Law Firm Customer.  Michael Heyison similarly confirms that "when preparing and executing [his] May 15, 2020 declaration, [he] had no information about any declaration(s) Defendant had served in anticipation of opposing Plaintiff's motion for a preliminary injunction, including the contents or subject matter of any such declaration(s)."  *See Declaration of Michael R. Heyison dated May 17, 2020* (attached hereto as Exhibit A).  Moreover, Mr. Heyison is being deposed today and Defendant can address any questions he has about the declaration during his examination.

Accordingly, and for all of the foregoing reasons, Defendant is not entitled to the drastic remedies of exclusion of the Law Firm Customer Declaration or dismissal of Plaintiff's application for a preliminary injunction, neither of which Defendant has even bothered to support with a showing of prejudice or other credible factual basis or citation to controlling legal authority.

Thank you for your attention to this matter.

Sincerely,

*/s/ Ronald R. Rossi*

cc:   Bogdan Rotman, Esq.