# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

May 19, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

     Re:    <u>HC2, Inc. v. Andrew Delaney</u>, Case No. 1:20-cv-3178

Dear Judge Liman:

     We represent Plaintiff HC2, Inc., and write pursuant to the Court's Order of May 7, 2020 to request that the Court order Defendant Andrew Delaney to file portions of the declaration of his counsel, Robert Rotman, under seal when the parties submit their materials supporting or opposing Plaintiff's motion for preliminary injunction on May 22, 2020. More specifically, Plaintiff asks the Court to seal paragraphs 3-48 of the Rotman declaration and the exhibits referenced therein. While the declaration and exhibits are not themselves privileged, the selection and compilation of the exhibits results from Defendant's continued misuse of the information Plaintiff seeks to protect. This is so because, absent Defendant's unauthorized exploitation of the privileged or otherwise confidential information he learned during his employment, he would not even have a basis to select this particular compilation of documents. Moreover, because the selection of these curated exhibits derives from the Corporate Client's privileged or otherwise confidential information, their publication would effectively reveal that information in violation of this Court's temporary restraining order and the Florida state court's removal of the privileged or otherwise confidential information in question from that court's public docket.

     Although papers filed in connection with a motion for a preliminary injunction are presumed to be public records, that presumption can be outweighed by countervailing factors, regardless of whether the presumption arises from a common law right of public access or from the qualified First Amendment right of access. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Even under the more stringent view, "'[d]ocuments may be sealed if there are on the record findings made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 124 (quoting *In re*

K ASOWITZ  B ENSON  T ORRES LLP

Hon. Lewis J. Liman
May 19, 2020
Page 2

*New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  Two of those "higher values" are the protection of privileges and the privacy interests of third parties.  *See, e.g.*, *Lugosch,* 435 F.3d at 120, 125 (attorney-client privilege may be "a compelling reason" to file documents under seal); *United States v. Amodeo*, 71 F.3d 1044, 1051-1051 (2d Cir. 1995) ("the privacy interests of those resisting disclosure . . . are a venerable common law exception to the presumption of access" and "[t]he nature and degree of injury must be weighed," including "consideration … of the sensitivity of the information and the subject"); *Ello v. Singh*, 531 F. Supp. 2d 552, 584-85 (S.D.N.Y. 2007) (attorney-client privilege is "sufficient to overcome the presumption against sealing public records" and allowing motion to seal portions of amended complaint that revealed privileged information plaintiff learned when acting as trustee of co-defendant).

As detailed in the Verified Complaint, Defendant is a lawyer who was employed by Plaintiff.  (Verified Compl. ¶ 2.)  He was assigned to a confidential project that involved reviewing documents, many of which were privileged, to assist Plaintiff's Law Firm Customer in advising its Corporate Client on a confidential matter (the "Matter").  (*Id*.)  Defendant wrongly disclosed privileged and confidential information he learned on the Matter in, among other places, a complaint he filed in Florida state court (the "Florida Complaint").  (*Id.* ¶¶ 8, 33, 39.) The Corporate Client has taken swift actions to attempt to remediate the harm caused by the disclosure.  For example, within one business day of learning about the Florida Complaint, the Corporate Client filed an emergency motion with the Florida court, asking the court to remove the complaint from the public docket because it discloses privileged and confidential information.  (Declaration of Michael Heyison ¶ 32.)[1]  Although that motion remains pending, the Florida Complaint has been administratively removed from the docket.

Apart from Defendant's public filing, the subject of the Matter, including the underlying issues and the fact that it as being conducted, have not been revealed publicly.  (*Id.* ¶ 5.) Defendant was instructed at the start of the Matter that the review was:

> confidential and protected by the attorney-client privilege and the attorney work product doctrine; that the reviewers are ethically obligated to keep all information, documents, and communications, ***including the Matter's subject matter,*** completely confidential; that the confidentiality obligations continue after the Matter has ended; and that the HC2 lawyers should be especially careful not to discuss the Matter with anyone outside the group of HC2 and [the Law Firm Customer] colleagues with whom they are working directly on the Matter.

(*Id.* ¶ 15 (emphasis added).)

Defendant's compilation, offered through his counsel Mr. Rotman, should not be publicly available because, when read in the context of the public information that is available about this case (including information that Defendant made public in violation of his duties), the attached

---

[1] Mr. Heyison's declaration will be submitted with Plaintiff's evidentiary submission on May 22, 2020.

KASOWITZ BENSON TORRES LLP

Hon. Lewis J. Liman
May 19, 2020
Page 3

documents reveal, among other things, the nature of the Matter, some of the legal issues involved, and its geographic scope. All of that is the Corporate Client's privileged or otherwise confidential information and all of it was entrusted to Defendant when he was working in his capacity as an attorney in connection with the Matter. *See, e.g.*, *Cicel (Beijing) Sci. & Tech. Co., Ltd. v. Mixonix, Inc.*, 331 F.R.D. 218, 230-33 (E.D.N.Y. 2019) (documents pertaining to confidential corporate matter were protected by attorney-client privilege and were attorney work product); *In re General Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 528-33 (S.D.N.Y. 2015) (same).

The fact that the individual documents in Defendant's compilation are public should not have any bearing on this request. As Defendant has acknowledged, he knew nothing about the Matter until he began working on it. In other words, it was only *after* he received privileged or otherwise confidential information during training provided by the Law Firm Customer, *after* he spent months reviewing the Corporate Client's confidential documents (many of which were themselves privileged), and *after* he drew inferences from the documents he reviewed, that Defendant set out to find the "public" information presented through the Rotman declaration. In that respect, the foundation for Defendant's internet searches falls squarely within the Court's temporary restraining order, which prevents him "from divulging any information that is privileged, confidential or protected by his non-disclosure and/or employment agreements with the Plaintiff, and that he learned through his employment with Plaintiff." Temporary Restraining Order (ECF No. 14) ¶ a. Defendant should not be able to circumvent that order by filing Mr. Rotman's declaration on the public docket.

This information should also be sealed as a matter of judicial comity. The Florida state court has removed the Florida Complaint from the public docket while it resolves the Corporate Client's motion to seal. One of the reasons for the Corporate Client's emergency motion is that the Florida Complaint reveals, among other things, the nature of the Matter, some of the issues involved, and the geographic scope of the Matter. In light of this procedural posture, Defendant obviously could not have his lawyer publicly file in the Florida court a document compilation that, in the context of the case, reveals the same information. Plaintiff respectfully suggests that this Court should not allow Defendant to do the same thing here.

To avoid exacerbating the harm Defendant has already caused, Plaintiff respectfully requests that the Court order that paragraphs 3-48 of the Rotman Declaration, and the referenced documents, be filed under seal as well any disclosure of such information in the parties' moving papers.

Thank you for your attention to this matter.

Sincerely,

*/s/ Ronald R. Rossi*

cc:   Bogdan Rotman, Esq.