# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RROSSI@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

May 19, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

      Re:    *HC2, Inc. v. Andrew Delaney*, Case No. 1:20-cv-3178

Dear Judge Liman:

      We represent Plaintiff, HC2, Inc. ("HC2"), and write pursuant to Your Honor's Individual Practice Rule 2.G. and the Court's May 7, 2020 order (ECF. No. 25 ¶ 1), to respectfully request permission to file exhibits E, L, S, U and Z to the declaration of Stephanos Zannikos in support of HC2, Inc.'s application for a preliminary injunction (the "Zannikos Declaration"), dated May 15, 2020 redacted and under seal.

      On May 7, 2020, the Court ordered the parties to file submissions supporting or opposing the entry of a preliminary injunction by 5 p.m. on May 22. (ECF. No. 25 ¶ 1.) HC2 will file the Zannikos Declaration in its submission supporting the entry of a preliminary injunction. Exhibit E to the Zannikos Declaration contains information that HC2 considers confidential data.[1] HC2 develops key business metrics that are core to the success of its business as a legal staffing company. This includes compensation data for its contract professionals. Pursuant to section 109 of HC2's Employee Handbook for Contract Professionals (the "Employee Handbook"), confidential data includes HC2's compensation data. This is information that Hire Counsel vigorously protects. Disclosure of this information to the general public would harm HC2's business. Exhibit E also refers to information that reveals confidential information about the nature of the underlying matter and personal contact information for an unrelated third party that should be sealed out of respect for his privacy pursuant to ¶ 2(d) of the Protective Order (ECF No. 22).

---

[1] A copy of Exhibit E, with proposed redactions applied, is submitted as an attachment.

**KASOWITZ BENSON TORRES LLP**

Hon. Lewis J. Liman
May 19, 2020
Page 2

  Exhibit L to the Zannikos Declaration information about another HC2 customer.[2] Section 109 of the Employee Handbook individual client information is considered confidential data.  Similarly, Zannikos Declaration exhibits S and U contain defendant Andrew Delaney's ("Delaney") personal phone number, which HC2 proposes to redact pursuant to ¶ 2(d) of the Protective Order (ECF No. 22).[3]  Likewise, Exhibit Z contains a personal phone number for Delaney's prior counsel and contact information for an unrelated third party, which should also be redacted to protect their privacy.[4]

  The presumption that papers filed in connection with a preliminary injunction are public records can be outweighed by countervailing factors, regardless of whether the presumption arises from a common law right of public access or from the qualified First Amendment right of access.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119, 119-20 (2d Cir. 2006).  Even under the more stringent view, "'[d]ocuments may be sealed if there are on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Id.* at 124 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

  Although the presumption of public access to judicial documents is granted significant weight, the presumption is not absolute.  *See Lugosch*, 435 F.3d at 119-20.  Indeed, courts have repeatedly recognized exceptions to the presumption of public access in order to protect the kind of confidential business information in exhibit E to the Zannikos Declaration that HC2 anticipates filing on May 22.  *See Encyclopedia Brown Productions. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-613 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position).

  In determining whether the documents should be accessible to the public, the Court should consider both whether the documents "have historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question."  *Lugosch*, 453 F.3d at 120.  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id*. (internal quotation marks and alteration omitted).  *Cf.* Fed. R. Civ. P. 26(c)(1)(G) (a court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.")  In effect, the Court must consider and balance both "the weight of the presumption" of access and whether there are "countervailing facts," such as the "the private interest of those resisting disclosure."  *Lugosch*, 435 F.3d 110 at 120.

  As an initial matter, exhibits E, L, S, U and Z qualify as "judicial documents" under *Lugosch* as "[g]enerally, documents filed in relation to a motion are judicial documents."  *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 412 (S.D.N.Y. 2014).  Accordingly, the

---

[2] A copy of Exhibit L, with proposed redactions applied, is submitted as Exhibit L.
[3] Copies of Exhibits S and U, with proposed redactions applied, are submitted as Exs. S and U.
[4] A copy of Exhibit Z, with proposed redactions applied, is submitted as Exhibit Z.

**KASOWITZ BENSON TORRES LLP**

Hon. Lewis J. Liman
May 19, 2020
Page 3

presumption of access applies to the documents HC2 believes should be filed under seal. *See Lugosch*, 435 F.3d at 120-23.

      Notwithstanding this presumption, however, HC2's interest in protecting the compensation data disclosed in Exhibit E to the Zannikos Declaration should outweigh the need for public access because if competitors were given access to this information, they could use this information to unfairly compete with HC2. This confidential information is precisely the type of information that courts protect from public disclosure. Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and paragraph 2(a) of the Protective Order entered in this action (ECF No. 22), HC2 requests that the information containing compensation data in Exhibit E to the Zannikos Declaration be sealed.

      Similarly, exhibit L to the Zannikos Declaration contains sensitive client information protectable pursuant to paragraph 2(d) of the Protective Order. Finally, the phone numbers and contact information appearing in exhibits S, U and Z are personal information that should be shielded from disclosure because it is information of a personal nature pursuant to paragraph 2(d) of the Protective Order.

      Thank you for your attention to this matter.

                                                               Respectfully Submitted,

                                                                */s/ Ronald R. Rossi*

cc:    Bogdan Rotman, Esq.