**Robert Rotman, Esq.**
**305 East 24th Street Ste. 17R**
**New York, NY 10010**
**(646) 606-4867**
rrotmanlaw@gmail.com

May 20, 2020

<u>Via ECF</u>
Hon. Lewis J. Liman
District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re:   HC2, Inc. v. Andrew Delaney, Case No. 1:20-cv-3178

Dear Judge Liman:

Referring to Plaintiff's "Letter Motion to Seal Exhibits to Declaration of Robert Rotman addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 19, 2020" (Docket No. 34), Defendant strongly objects to Plaintiff's counsel's mischaracterization of 46 out of 48 exhibits to my declaration and of my declaration dated May 15, 2020.

In its initial filing complaint, Plaintiff has accused Defendant of using non-public information in a Florida complaint. The 48 attachments to my affirmation were all obtained from Internet searches on the worldwide web and are therefore available in the public domain. Anyone can find this information. Whether or not Plaintiff or its counsel knows about this is irrelevant.

Defendant has a right to defend himself against Plaintiff's allegation that he used non-public information in the Florida complaint. Neither the temporary restraining order signed by this Court on April 29, 2020 nor N.Y. Rule of Professional Conduct 1.6 prevent Defendant from using public information to defend himself from accusations of wrongdoing in this case.

Defendant's main objection to Plaintiff's counsel's letter is its overreaching and mischaracterization of Defendant's submission. Defendant submitted a declaration with exhibits pursuant to the Court's Case Management Plan Order dated May 7, 2020 that these be mutually exchanged in advance of the hearing on Plaintiff's motion for a preliminary injunction scheduled for May 26, 2020.

The primary example of an objectionable mischaracterization which Plaintiff has made in its letter is a misquote from the Florida complaint which ironically Plaintiff's counsel is citing despite its sealing and confidentiality. Plaintiff states "As Defendant has acknowledged, he knew nothing about the Matter until he began working on it." This is not what Defendant alleged. He alleged that prior to September 30, 2019 Defendant was not given any advanced information about the subject matter of the work. It is incorrect that Mr. Delaney "knew nothing about the Matter until

Hon. Lewis J. Liman
May 20, 2020
Page 2

he began working on it."  The point of Mr. Delaney's allegation was that he was not told what the review was about until his first day of work, not that he did not know anything about it.  Plaintiff's counsel knows this perfectly well but keeps repeating this false narrative.  Plaintiff cannot cherry pick and mischaracterize representations about what is contained in the Florida complaint which has been sealed, dismissed, and whose information it has argued is confidential.  We have refrained from any specific references to allegations within the Florida complaint.

The decision whether or not to seal documents whether from us or from any party is within the discretion of the Court and will be complied with by us fully.  However, our defense has always been that this is public information.

Respectfully submitted,
/s/Robert Rotman
Robert Rothman

cc:     Ronald R. Rossi, Esq.