# EXHIBIT D

**From:** Andrew Delaney <jdelaneyandrew@gmail.com>
**Date:** April 23, 2020 at 10:40:12 PM EDT
**To:** "Ronald R. Rossi" <RRossi@kasowitz.com>
**Subject: Re: NOTICE: HC2 v. Andrew Delaney Case No. 1:20-cv-3178**

**\*\*EXTERNAL EMAIL\*\***

Mr. Rossi:  I received both of your emails.
As I just learned about this case, I will need time to hire an attorney.  However, since the Court's order is to "meet and confer with Defendant within 24 hours of giving notice (including weekends) on a proposed schedule for briefing and hearing on the application," to comply with the order, I am available to speak to you tomorrow April 24, 2020.  To be within 24 hours, I can call you before 10:55 AM.
Please let me know what time and number to call you at.
Very truly yours,
Andrew Delaney


On Thu, Apr 23, 2020 at 9:56 AM Ronald R. Rossi <RRossi@kasowitz.com> wrote:

> Mr. Delaney,

To ensure your receipt of the below email, I am resending it without attachments in the event the email with attachments I just sent was too large to be delivered to your Gmail.

Sincerely,

Ron Rossi

Ronald R. Rossi
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1947
Fax. (212) 500-3447
RRossi@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Ronald R. Rossi
**Sent:** Thursday, April 23, 2020 10:55 AM
**To:** 'jdelaneyandrew@gmail.com' <jdelaneyandrew@gmail.com>
**Subject:** NOTICE: HC2 v. Andrew Delaney Case No. 1:20-cv-3178

Mr. Delaney,

HC2, Inc. has initiated a lawsuit against you in the U.S. District Court for the Southern District of New York ("SDNY").  In connection with that action, attached hereto please find copies of:

        a)  Judge Liman's Order dated April 22, 2020;

2

    b)  HC2's Verified Complaint, Civil Coversheet, Rule 7.1 Statement and a Clerk issued Summons directed to you;

    c)  HC2's Memorandum of Law in Support of Plaintiff's Ex Parte Motion by Order to Show Cause for a Temporary Restraining Order and a Preliminary Injunction;

    d)  Ronald Rossi's Declaration dated April 22, 2020; and

    e)  A proposed order.

Last evening, Mr. Beres, your attorney representing you in the action you filed in Brevard County, Florida, advised me that he does not represent you in this matter and is unauthorized to accept service on your behalf. As a result, we are reaching out to you directly. If you are represented by counsel in the SDNY action, please provide your attorney's contact information by return email and direct your counsel to reach out to me immediately.

In his Order, Judge Liman directed the parties to meet and confer on a schedule for briefing on HC2's motion for a temporary restraining order and preliminary injunction within 24 hours of the sending of this email providing you with notice of the Order.

Accordingly, please advise by return email what time you are available to meet and confer by telephone today, Thursday, April 23, 2020, or tomorrow, April 24, 2020, regarding the briefing.

I also direct to your attention to the Court's admonition in the Order as follows:

"But, if [Delaney] is a member of the Bar, he surely is aware that the disclosure of client confidences without consent can subject him to severe remedies with respect to his ability to practice law. If, in fact, he has disclosed client confidences in the past . . . the filing of this lawsuit and this Order itself should put him on notice that future improper disclosures can be met with the most severe sanctions. That should be enough deterrent to make future disclosures of attorney-client confidences unlikely. If it is not enough, the Court doubts that any court order would be sufficient."

3

If you, or anyone else acting on your behalf – including Mr. Beres -- make any further disclosure, on the SDNY's public docket or anywhere else, of any information you learned while employed by HC2, then HC2 will seek to have the "most severe sanctions" imposed on you and whoever else is responsible for such disclosure.

Sincerely,

Ron Rossi