UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HC2, INC.,

                Plaintiff,                    1:20-cv-03178-LJL

      -against-                      DEFENDANT'S MEMORANDUM
                                              OF LAW AND OPPOSITION TO
                                              PLAINTIFF'S MOTION FOR
ANDREW DELANEY,                   <u>PRELIMINARY INJUNCTION___</u>


                Defendant.
-------------------------------------------------------------------x

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT .................................................................................................................................4

A. Preliminary Injunction Standard ....................................................................................... 4

B. Plaintiff Has Not Shown a "Clear" or "Substantial" Likelihood of Success on Its Claims ...... 5

C. Plaintiff Has Not Shown a Likelihood of Irreparable Harm ........................................................ 5

D. The Balance of Equities Tips Decidedly in Defendant's Favor ................................................. 6

E. The Public Interest Is Not Served by Granting Plaintiff's Motion ........................................... 7

CONCLUSION ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Coal. for Common Sense in Government Procurement v. United States*, 576 F. Supp. 2d 162 (D.D.C. 2008) ……………………………………………………………………...… 6

*Electronic Privacy Information Center ("EPIC") v. Department of Justice*, No. 13-cv-1961, 2014 WL 521544 (D.D.C. Feb. 11, 2014) …………………………………….………….……….... 5

*Faiveley Transport Malmo AB v. Wabtec Corp.,* 559 F.3d 110 (2d Cir. 2009) .............................. 6

*Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112 (2d Cir. 2005) .................................................... 6

*Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007) ........................... 4

*Mazurek v. Armstrong*, 520 U.S. 968 (1997) .................................................................................. 4

*Medical Society of New York v. Toia*, 560 F.2d 535 (2d Cir. 1977) ............................................... 5

*Munaf v. Geren*, 553 U.S. 674 (2008) ............................................................................................ 4

*MyWebGrocer, L.L.C. v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) ……………..... 4

*Rodriguez v. DeBuono*, 175 F.3d 227 (2d Cir. 1999) ..................................................................... 6

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 277 F.3d 253, 258 (2d Cir. 2002) …………………………………………………………………………………………........ 4

*USA Recycling v. Town of Babylon*, 66 F.3d 1272 (2d Cir. 1995) ................................................. 6

*Winter v. Natural Resource Defense Council, Inc.,* 555 U.S. 7 (2008) ……………….……… 5, 6, 7

Defendant Andrew Delaney, by his attorney Robert Rotman, Esq. submits this memorandum of law and opposition to the motion by Plaintiff HC2, Inc. ("HC2") for a preliminary injunction.

## PRELIMINARY STATEMENT

1. Plaintiff has not carried its heavy burden to satisfy the standards for a preliminary injunction.

## BACKGROUND

2. This over-the-top case was filed to create an artificial setoff against a public health and employment case that Plaintiff knew was coming against it.

3. Plaintiff commenced this action by filing a complaint dated April 22, 2020 along with an application for a proposed temporary restraining order ("TRO") and preliminary injunction seeking criminal-level type admissions. (Docket 1)

4. Plaintiff's complaint contained three claims namely, for breach of contract, faithless servant, and injunctive relief.

5. The Court rejected the proposed order and entered its own TRO on April 29, 2020. (Docket 14)  The Court instructed the parties to meet and confer on a case management plan.  On May 7, 2020, the Court signed a case management order (Docket 24) and set a briefing schedule and hearing for the PI motion on May 26, 2020 at 1 o'clock p.m. (Docket 25)

6. This current application for a preliminary injunction seeks much the same relief as the proposed TRO order.

7. Plaintiff's complaint seeks injunctive relief:

1

(a) enjoining Delaney and anyone acting on his behalf from:

(i) Continuing to possess and not return any and all documents in any form he acquired during and as a result of his employment with HC2; and

(ii) In any way disclosing, disseminating or revealing or continuing to disclose, disseminate or reveal any information he acquired during and as a result of his employment with HC2; and

(iii) Filing, or causing to be filed, on this Court's public docket any document that discloses, disseminates, or reveals information he acquired during and as a result of his employment with HC2; and

(b) ordering Delaney:

(i) To provide an accounting of any and all documents or other Confidential Information, or copies thereof, that he acquired during and as a result of his employment with HC2, including but not limited to any and all emails or text messages containing Confidential Information in form or substance, photographs or screenshots of Confidential Information, and any notes or other records he may have made; and

(ii) To return, within 24 hours, any and all documents, files, property, and/or data he acquired from HC2, or any HC2 client.

8. <u>All of the relief sought in (a)(i)-(iii) and (b)(i)-(ii) are based on the false allegation that Defendant stole and retained documents which it knows was not physically possible and which did not occur</u>.

9. (a)(iii) in the proposed injunction also attempts to unconstitutionally limit Defendant's right to petition and access to the courts.

10. The overarching <u>false premise</u> of the motion for the preliminary injunction is that Defendant stole documents from it. Defendant never stole any documents and had no access to the premises or contents after March 17, 2020.

11. Plaintiff's motion for a preliminary injunction is also based on the premise that Defendant "continued to possess and not return" documents. There is no evidence for this.

12. Plaintiff is a sophisticated corporate entity safeguarding its information technology systems with state-of-the-art protections.

13. Plaintiff has not produced any competent evidence in support of its application for a preliminary injunction.

14. Both the depositions of Stephanos Zannikos ("Zannikos") and Michael R. Heyison ("Heyison") in support of the preliminary injunction motion are relying on the same unreliable information. (Zannikos deposition at pp. 62-63, Heyison deposition at pp. 59-60.)

15. Neither of them worked on the project, neither of them speaks Thai, neither of them reviewed one document that was reviewed by Defendant, and neither of them reviewed information in the public domain either before or after the filing of the Florida complaint on April 15, 2020. (Zannikos deposition at p. 61 lines 3-5, p. 61 lines 9-13, p. 62 lines 3-9; Heyison deposition at p. 16 lines 10-11, p. 31 lines 6-9, p. 54 lines 17, and p. 56 lines 14-23.)

16. None of the persons from whom they testified they relied on for their conclusions have provided affidavits in support of this application. (Heyison deposition at pp. 59-60.)

17. Instead, they relied on interested client-protecting conclusory hearsay evidence.

18. Zannikos is an interested witness who only sought information that confirmed his positions. (Zannikos deposition at pp. 61-62.)

19. The 10-page Heyison declaration literally contains one unsubstantiated conclusory sentence about the Florida complaint upon which this application primarily relies. In the next and final paragraph, he concedes that it cited public information. (Heyison declaration paras. 33-34.)

20. Heyison testified that the only information he reviewed that was in the public domain were the footnotes to the Florida complaint. When pressed about whether he reviewed

anything other than the footnotes to the complaint, he testified "I don't have a recollection of doing it." (Heyison deposition at p. 49 lines 20-21.)

21. Heyison testified that he did not know who the prime minister of Thailand is and did not know what form of government Thailand has. (Heyison deposition at pp 16-17.)

22. Heyison testified that Defendant's Thai language skills were merely "helpful" and not "indispensable" to his being hired despite the fact that Plaintiff advertised for "Thai fluent" translators and that ALTA certification was a requirement. (Heyison affirmation para. 21; Heyison deposition at p. 32 lines 7-11 and p. 33 lines 20-23.)

23. In this regard, Heyison's biased testimony was designed to create the false narrative that Defendant was hired because he was an attorney, not because he was fluent in Thai. This in order to minimize the uniqueness of Thai language fluency.

24. When asked if Thai was a rare language, Heyison denied this, despite Plaintiff's inability to find its target of 15 reviewers or even half that number. (Heyison deposition at p. 30 lines 12-19 ("Q. Well, is Thai a rare language? … A. No, I don't think it's a rare language. I mean, people in Thailand speak Thai. I know that.").

25. Heyison said that the database was large. (Heyison deposition at p. 27 lines 9-12.) Of this large volume of documents Defendant only reviewed 8,000. ((Heyison deposition at p. 27 lines 6-8.)

26. Heyison also testified that Defendant was also working on Japanese language documents. (Heyison deposition at pp. 14-15 ("My understanding is that he was reviewing documents in several languages, English, Thai, and I think there were also Japanese documents"), pp. 15-16 ("Q. Mr. Heyison, isn't it correct that the overwhelming number of documents that he

4

was reviewing were in the Thai language?   A. I can't -- I don't know what the percentage of Thai versus English versus Japanese was.  I don't know.")).  Defendant does not know a word of Japanese.

27.In his declaration in opposition to the motion, Defendant produced probative evidence in the form of 48 exhibits that the Florida complaint was based on readily available public information.[1]  This is indicative and not an exhaustive list.

28.The Florida action was sealed on April 21, 2020 and was voluntarily withdrawn on April 24, 2020 at 10 o'clock a.m.

29.Defendant did not publicize the Florida complaint.  It actually filed it as a John Doe complaint.  In his deposition, Zannikos conceded this.  (Zannikos deposition at p. 60 lines 15-18.)

30.Thus, there is no threat of irreparable injury to Plaintiff whatsoever.

## ARGUMENT

31.A preliminary injunction is an "extraordinary remedy." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 277 F.3d 253, 258 (2d Cir. 2002).

32.A party seeking one must demonstrate (1) irreparable harm in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in the movant's favor. *See MyWebGrocer, L.L.C. v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004).

33.Plaintiff has not made that showing.

---

[1] 46 of the 48 exhibits were filed as redacted.  The other two unredacted exhibits are attached here as Exhibits 1 and 2.  The two exhibits deemed by Plaintiff as not confidential are the Florida docket and the text of Rule 1.6 of the N.Y. Rules of Professional Conduct.

A.      Preliminary Injunction Standard

34.     A preliminary injunction is an extraordinary remedy and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original); see also *Munaf v. Geren*, 553 U.S. 674, 689 (2008) ("A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right.") (citations and internal quotation marks omitted); *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) ("[T]he preliminary injunction is one of the most drastic tools in the arsenal of judicial remedies.") (citation and internal quotation marks omitted); *Medical Soc'y of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977) (A preliminary injunction is an "extraordinary and drastic remedy which should not be routinely granted.").

35.     In order to obtain a preliminary injunction, the movant must satisfy the following four-part test:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (citing cases). "It is clear beyond cavil that two of the prongs of the four-factor preliminary injunction test – likelihood of success and irreparable injury – are the most significant aspects of the court's inquiry because they relate directly to the purpose of a preliminary injunction." *Electronic Privacy Information Center ("EPIC") v. U.S. DOJ*, No. 13-cv-1961, 2014 WL 521544, at *4 (D.D.C. Feb. 11, 2014). "In exercising their sound discretion, courts … should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24.

B.      Plaintiff Has Not Shown a "Clear" or "Substantial" Likelihood of Success on Its Claims

6

36. Plaintiff has little likelihood of success on its two claims of breach of contract and faithless service doctrine.

37. Plaintiff has not produced a single piece of evidence that Defendant breached any contract with it or was a "faithless servant."

C.  Plaintiff Has Not Shown a Likelihood of Irreparable Harm

38. Plaintiff's motion is also fatally flawed because it does not show irreparable harm absent injunctive relief.

39. This is a not a case where Plaintiff's damages grow exponentially with each passing day.

40. Quite the contrary, Plaintiff's alleged damages if they exist at all are static and are frozen in time and space.

41. Courts in this jurisdiction typically do not issue injunctive relief in respect of confidentiality agreements by employers against employees.[2] Of course, employees might still be exposed to claims for damages.

42. The showing of irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (citation and internal quotation marks omitted); see *USA Recycling v. Town of Babylon*, 66 F.3d 1272, 1295 (2d Cir. 1995) (Irreparable harm is the "*sine qua non* for preliminary injunctive relief.").

---

[2] https://www.cov.com/-/media/files/corporate/publications/2000/02/oid6364.pdf ("Even if New York courts continue to cite *DoubleClick* with approval, there is some doubt that a court would grant an injunction to enforce broad confidentiality agreements.")

7

43. Indeed, "[i]n the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation and internal quotation marks omitted).

44. A mere possibility of harm will not suffice; plaintiffs must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "The irreparable injury requirement erects a very high bar for a movant." *Coal. for Common Sense in Gov't Procurement v. United States*, 576 F. Supp. 2d 162, 168 (D.D.C. 2008).

45. Here, Plaintiff has not made a showing of any irreparable harm to itself and that is in addition actual and imminent.

D. The Balance of Equities Tips Decidedly in Defendant's Favor

46. In considering a motion for a preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation and internal quotation marks omitted).

47. Here, the balance of equities tips decidedly in favor of Defendant.

48. Plaintiff is in a good place.

49. The Florida complaint which is the basis for which it is seeking preliminary injunctive relief has been sealed and dismissed.

50. Plaintiff has other remedies and is already seeking monetary damages against Defendant in this action.

51. Defendant on the other hand would be in a weak position if a preliminary injunction were issued against him.

52. Since his termination, Defendant has been unemployed and has been unable to find new translation work.

53. The issuance of a preliminary injunction would further impair Defendant's future employment prospects.

E.   The Public Interest Is Not Served by Granting Plaintiff's Motion

54. Finally, "[i]n exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (citation and internal quotation marks omitted).

55. There is no public interest in Plaintiff's request nor does it even argue that there is any.

56. The interests of Plaintiff are purely private and individual.

57. On the other hand, there is a strong and compelling public interest (1) in denying injunctions for alleged breaches of employer boilerplate confidentiality agreements, (2) in Defendant's First Amendment and Fourth Amendment rights to file a court petition for relief, and (3) in public access to judicial proceedings and records.

58.	The public interest factor further weighs in favor of denying Plaintiff's motion.

## CONCLUSION

59.	Plaintiff has not met its burden.  Plaintiff's motion for a preliminary injunction should respectfully be denied in its entirety and attorney's fees and costs be awarded to Defendant.

Dated: May 22, 2020
	Respectfully submitted,
	/s/Robert Rotman, Esq.
	Robert Rotman, Esq.
	305 East 24th Street Ste. 17R
	New York, NY 10010
	(646) 606-4867
	rrotmanlaw@gmail.com

	*Counsel for Defendant*