UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HC2, INC.,

                Plaintiff,                        1:20-cv-03178-LJL

      -against-                          DEFENDANT'S PROPOSED
                                                FINDINGS OF FACT AND
                                                CONCLUSIONS OF LAW IN
ANDREW DELANEY,                          CONNECTION WITH
                                                PLAINTIFF'S MOTION FOR
                Defendant.                    PRELIMINARY INJUNCTION
-------------------------------------------------------------------x

       Defendant, by his attorney Robert Rotman, Esq, proposes the following findings of fact and conclusions of law in connection with Plaintiff's application for a preliminary injunction scheduled for a hearing on May 26, 2019:

## I. FINDINGS OF FACT

The Prior Proceedings

       1.     On April 22, 2020, Plaintiff filed this action against Defendant in the United States District Court for the Southern District of New York seeking damages for breach of contract and the faithless service doctrine and injunctive relief in the form of a temporary restraining order ("TRO") and a preliminary injunction ("PI").

       2.     The sole basis for the PI motion is the Florida complaint (as defined below).

       3.     In Plaintiff's complaint and other documents, Plaintiff accused Defendant of threatening to disclose confidential information and stealing documents.

       4.     On April 22, 2020, the Court denied Plaintiff's *ex parte* Proposed Order to Show Cause with Emergency Relief seeking a TRO and set its own provisional TRO directing the parties to meet and confer.

       5.     On April 29, 2020, the Court denied Plaintiff's proposed TRO and issued its own TRO.

6. On May 7, 2020, the Court issued an Order with a Case Management Plan. Additionally, it entered a further Order setting an expedited briefing schedule and PI hearing for May 26, 2020.

7. On May 13, 2020, Defendant timely filed an Answer and Counterclaims.

Other Findings of Fact

8. Defendant is a translator who is fluent in Thai language and who does temporary work from time to time.

9. Defendant has lived in Thailand and is an expert on Thai language and on doing business in Thailand.

10. On September 30, 2019, Defendant started work on a Thai language document review at 360 Lexington Avenue, Ste 1100, New York, New York 10017.

11. Defendant only worked for Plaintiff for approximately four months from September 30, 2019-January 3, 2020 and then again from February 18, 2020-March 17, 2020.

12. Plaintiff was responsible for the premises where Defendant worked.

13. Defendant's work was reviewing and tagging Thai language documents that were separately batched.

14. The document review database was large.

15. Out of the database, Defendant reviewed only approximately 8,000 documents.

16. Defendant reviewed a relativity small percentage of all documents.

17. Plaintiff does not know which individual specific documents were reviewed by Defendant.

18. There were no hard copies of the review documents. All of the documents were in electronic form.

19. Defendant left the document review on January 3, 2020.

20. Plaintiff was satisfied with Defendant's work.

21. On March 17, 2020, Plaintiff emailed Defendant that he was terminated and asked him to leave the premises.

22. After March 17, 2020, Defendant had no access to the premises or any documents.

23. On April 15, 2020, Defendant filed a John Doe complaint in Florida (the "Florida complaint").

24. On April 21, 2020, Defendant sealed the Florida complaint.

25. On April 24, 2020 at 10 o'clock a.m. EST, Defendant voluntarily withdrew the Florida complaint.

26. The Florida complaint is currently permanently marked sealed and confidential.

27. The Florida complaint was based on public information.

## II. CONCLUSIONS OF LAW

1. Defendant is entitled to possess all education and knowledge acquired before he started working for Plaintiff.

2. Defendant is entitled to access public information.

3. Defendant is entitled to possess personal opinions.

4. Defendant is allowed to synthesize the information from II. 1-3 above.

Dated: May 22, 2020

Respectfully submitted,
/s/Robert Rotman, Esq.
Robert Rotman, Esq.
305 East 24th Street Ste. 17R
New York, NY 10010
(646) 606-4867
rrotmanlaw@gmail.com

*Counsel for Defendant*