# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

May 27, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

      Re:    <u>HC2, Inc. v. Andrew Delaney</u>, Case No. 1:20-cv-3178

Dear Judge Liman:

      We represent the Plaintiff, HC2, Inc. ("HC2"), and write in furtherance of the Court's request for additional authority at yesterday's hearing on HC2's preliminary injunction application.

      HC2 cites *Vringo, Inc. v. ZTE Corp.*, No. 14-CV-4988 LAK, 2015 WL 3498634, at *10 (S.D.N.Y. June 3, 2015)[1] for the legal proposition that a prior disclosure of confidential information in a court filing can be the basis for a finding of irreparable harm, particularly if the disclosing party displayed "cavalier behavior" with respect to confidential information protected by a non-disclosure agreement.   In *Vringo*, the trial court concluded that the totality of the defendant's conduct evidenced "a disregard of its obligations so serious as to suggest the likelihood of future breaches of the NDA whenever [a defendant] . . . enmeshed in worldwide litigation with [a plaintiff], thinks that disclosures in other *fora* or for other purposes would be to its advantage."  *Id*.   Delaney has displayed the same disregard for information protected by his non-disclosure agreements at issue in this case.  For example, he disclosed the Corporate Client's privileged and confidential information in the Florida Complaint after the Law Firm Customer expressly warned him multiple times not to do so and reminded that it would be a breach of his contractual and ethical obligations.  *See* Heyison Decl. ¶ 26-30; Heyison Decl. Ex. 6.  Similarly, after HC2 filed an anonymized complaint in this case, Delaney disclosed the Corporate Client's and Law Firm Customer's identities to the press.

---

[1] Cases cited to herein are attached in Exhibit A, filed herewith.

### KASOWITZ BENSON TORRES LLP

Hon. Lewis J. Liman
May 27, 2020
Page 2

Additionally, with respect to the preliminary injunction standard, "[i]n deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 132 (S.D.N.Y. 2016) (denying motion for preliminary injunction); *see Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) (court may consider hearsay). Among the evidence that the court can consider is opinion testimony. *See 725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 457 (S.D.N.Y. 2019) ("[T]hough the parties have submitted expert affidavits and analyses, as well as other affidavits that border on lay opinion testimony, such evidence has been considered on the basis that courts may consider inadmissible evidence in context of a preliminary injunction."). Mr. Heyison, the co-General Counsel of the Law Firm Customer and Co-Chair of its standing committee on privilege, is well qualified to testify based on his line by line review of the Florida Complaint and additional inquiry that the Florida Complaint revealed the Corporate Client's privileged and confidential information. *See* Heyison Decl. para 5, 33; Dep. Tr. at 50:22-23; 51:20-22; 53:20-54:7; 54:24-55:2; 55:23-56:4. Mr. Heyison's testimony is unrebutted.

Finally, the Corporate Client was (and remains) willing to submit the Florida Complaint to the Court for *in camera* review so the Court can see for itself. The Corporate Client has been unwilling to authorize the filing the Florida Complaint under seal due to the risk that someone may later argue in another proceeding that submitting the Florida Complaint to the Court and Mr. Rotman outside of an *in camera* setting, even under seal, would constitute a subject matter waiver. *See Kingsway Financial Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2007 WL 1837133, *3 (S.D.N.Y. June 27, 2010) (finding waiver of attorney client privilege over email filed under seal, but served on opposing party); *Fist Am. CoreLogic, Inc. v. Fiserv, Inc.*, 2010 WL 4975566, *2 (E.D. Tex. Dec. 2, 2010) (noting that "[f]iling under seal is not the same as filing in camera," and that "filing the documents under seal and serving them on the defendants has the same effect as disclosing documents to a third party and thus waiving the privilege"). The Corporate Client's concern only serves to underscore the weight of the other record evidence that the Florida Complaint contains privileged and confidential information.

Thank you for your attention to this matter.

Sincerely,

/s/ Ronald R. Rossi

cc: Bogdan Rotman, Esq.