# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

RONALD R. ROSSI
DIRECT DIAL: (212) 506-1947
DIRECT FAX: (212) 500-3447
RRossi@kasowitz.com

June 3, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

   Re:  *HC2, Inc. v. Andrew Delaney*, Case No. 1:20-cv-3178 (LJL)

Dear Judge Liman:

   We represent Plaintiff, HC2, Inc. ("HC2"), and write in furtherance of the Court's request on May 26, 2020 directing the parties to meet and confer regarding:  (1) whether any changes should be made to the Court's scheduling order for this case; and (2) whether some materials submitted in furtherance of the parties' briefing of HC2's preliminary injunction motion that were filed under seal should be made public.  Counsel for HC2 and for Defendant Andrew Delaney ("Mr. Delaney") held a meet and confer on June 1, 2020.

   (1)  *The Need for Amendment of this Court's Scheduling Order Dated May 7, 2020*

   Following a scheduling conference with the parties on May 6, 2020 this Court entered its scheduling order.  HC2 does not believe that there is any reason at this time for the Court to amend its scheduling order.  Mr. Delaney takes the position that the scheduling order should be amended to push back by thirty-days each deadline that falls after the September 3, 2020 fact discovery deadline.  Specifically, Mr. Delaney proposes a thirty-day enlargement of the Court's November 16, 2020 expert discovery deadline and of the November 30, 2020 final discovery cutoff.  Mr. Delaney had originally argued for these enlarged dates but the Court did not adopt them.  HC2 sees no reason for the Court to do so now.

   (2)  *The Unsealing of Documents Previously Filed under Seal*

   Following the meet and confer, the parties agreed that the factual materials expressly discussed at the May 26, 2020 preliminary injunction hearing that were previously filed under

# KASOWITZ BENSON TORRES LLP

Hon. Lewis J. Liman
June 3, 2020
Page 2

seal should be made public.  HC2 is submitting a proposed order for the Court's entry that delineates those filings and orders the unsealing.  Specifically, the parties agree to the unsealing of the following documents filed by HC2 on May 22, 2020:  Memorandum of Law [ECF No. 52] filed in support of its Preliminary Injunction application and HC2's Proposed Findings of Fact and Conclusions of Law [ECF No. 50].  While HC2 does not consent to the entirety of Exhibit A to the declaration of Ronald R. Rossi ("Rossi Declaration") [ECF No. 48-1] being unsealed, HC2 consents to the unsealing of pages 71 and 73 of Exhibit A to the Rossi Declaration and seeks leave of the Court to unseal those two pages separately from the entire document.

HC2 submits that all other materials that it submitted under seal should remain under seal for the reasons set forth its May 19, 2020 letter motion [ECF No. 37] seeking the sealing of various exhibits to the Declaration of Stephanos Zannikos and pages 61-62 in Exhibit A to the Rossi Declaration that it intended to file, and did file under seal, on May 22, 2020 in support of HC2's Memorandum of Law.  The reasons behind HC2's request for the sealing of those documents for redactions were predicated upon the privacy of personal contact information and the privileged names of attorney-client matters.  Those concerns have not changed or abated.  Mr. Delaney does not agree.

Moreover, in response to HC2's letter motion dated May 19, 2020 [ECF No. 34], this Court sealed the declaration interposed by Mr. Delaney's counsel, Robert Rotman, and all but two of the exhibits attached to it [ECF. No. 40].  For the same reasons detailed in HC2's letter motion of May 19, Mr. Rotman's declaration and all exhibits thereto originally placed under seal should remain under seal.  Mr. Delaney disagrees.  Notably, the Florida Complaint still remains under seal, is awaiting court action, and HC2 has been advised that the parties to that action are conferring about hearing dates.

As HC2 argued to this Court earlier in seeking the sealing of the documents set forth in its May 19, 2020 letter motion, the portions of Mr. Rotman's declaration and exhibits that HC2 wishes to seal are the product of Mr. Delaney's searches for information after he was given privileged and otherwise confidential information as part of a confidential document review project.  If he had not worked on the matter, Mr. Delaney would have had no reason to select any document in this compilation.  In addition, his curated selections will, in the context of this case, reveal the confidential matter in which the Law Firm provided advice to the Corporate Client.

In determining whether the documents should be accessible to the public, the Court should consider both whether the documents "have historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 120 (2d Cir. 2006).  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (internal quotation marks and alteration omitted).  *Cf*. Fed. R. Civ. P. 26(c)(1)(G) (a court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.")  In effect, the Court must consider and balance both "the weight of the

K A S O W I T Z   B E N S O N   T O R R E S   LLP

Hon. Lewis J. Liman
June 3, 2020
Page 3

presumption" of access and whether there are "countervailing facts," such as the "the private interest of those resisting disclosure."  *Lugosch*, 435 F.3d 110 at 120.

HC2 submits that for all the reasons previously argued, all materials that HC2 asked that this Court seal and that this Court, in fact, did seal, that are not delineated in HC2's proposed order submitted contemporaneously herewith should remain under seal.

Thank you for your attention to this matter.  If the Court would like to discuss this issue further, Plaintiff is available at the Court's request.

Sincerely,

*/s/ Ronald R. Rossi*

cc:     Bogdan Rotman, Esq.