**Robert Rotman, Esq.**
**305 East 24th Street Ste. 17R**
**New York, NY 10010**
**(646) 606-4867**
**rrotmanlaw@gmail.com**

June 4, 2020

<u>Via ECF and email (LimanNYSDChambers@nysd.uscourts.gov)</u>

Hon. Lewis J. Liman
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
Room 701
New York, NY 10007

Re:     HC2, Inc. v. Andrew Delaney, Case No.:  1:20-cv-03178-LJL

Dear Judge Liman:

I represent the defendant in the above-captioned action and wish to clarify our positions without requesting any specific relief.

Further to Your Honor's order on May 26, 2020 for the parties to confer regarding the sealing of documents in this case and to report back to the Court within one week, I conferred by telephone with counsel for the plaintiff, Ann M. St. Peter-Griffith, on Monday afternoon, June 1, 2020.

However, except for two documents nos. 50 (HC2's proposed findings of fact and conclusions of law) and 52 (HC2's memorandum of law), we have a fundamentally different view regarding what should be sealed and were unable to agree as to the other currently sealed documents.

Regarding attachments nos. 1-46 to my affirmation, which were filed under seal by Ronald R. Rossi, Esq. on May 20, 2020 and which are as of this writing still sealed, these are printouts of readily available public information on the worldwide web.  This is a disparate untied issue from the sealing of the Florida complaint.

It is not clear to the defendant why the plaintiff chose to file certain documents publicly while filing others under seal and what its criteria were in doing so.

Mr. Rossi's letter to the Court dated June 3, 2020 merely represents the plaintiff's biased point of view.

The plaintiff also states: "Notably, the Florida Complaint still remains under seal, is awaiting court action, and HC2 has been advised that the parties to that action are conferring about hearing dates."[1]

The Florida case was voluntarily withdrawn prior to an answer being filed and has already been sealed. *Pino v. Bank of N.Y.*, 121 So. 3d 23 (Fla. 2013) ("The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought."). A "quick call" with the Florida court has been scheduled for June 22, 2020 due to the Florida defendants' counsel's request but this is pro forma.

In his letter's citation of the *Lugosch* decision, the plaintiff quotes generalized language from the opinion but doesn't apply it to the documents in this case. A withdrawn complaint is not a "judicial document" to which there exists "an immediate right of access both under the common law and the First Amendment." The plaintiff cites the conclusion of Lugosch without the analysis. The 46 exhibits to the Rotman affirmation are mere examples of content within the John Doe Florida complaint that is in the public domain. They are not the same thing as the Florida complaint and are, at best, an example of a subset of facts in the Florida complaint.

Generally, the plaintiff asserts the broadest confidentiality regarding its client and issues of importance to it, but it has gone out of its way to expose the defendant as the John Doe in the Florida case.[2] *See, e.g,.* paragraph 9 of HC2's complaint "The State Court Complaint names the plaintiff as 'John Doe,' but the allegations in that complaint -- including allegations quoting HC2's emails to Delaney regarding suspension of the Project -- leave no doubt whatsoever that Delaney is the unnamed plaintiff."

On the second issue, regarding the case management plan, the defendant proposes to extend all of the post-deposition deadlines by 30 days. The defendant had asked about this at the pretrial conference before the case management order was signed at which time the issue was left open for reconsideration in the future. Mr. Rossi's representation that the Court foreclosed revisiting this issue is inaccurate ("Mr. Delaney had originally argued for these enlarged dates but the Court did not adopt them.").

Respectfully submitted,
/s/Robert Rotman, Esq.
Robert Rotman, Esq.

---

[1] The plaintiff's counsel always seems to know everything that is happening with the Florida case ("has been advised"), even though they are not representing anyone in that action.

[2] The Eleventh Circuit has allowed anonymous filing if the plaintiff possesses "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).