

Andrew Delaney <jdelaneyandrew@gmail.com>

## Fwd: Your e-mail to Staff Industry Analysts

**Andrew Delaney** <jdelaneyandrew@gmail.com>　　　　　　　　　　　　　Tue, May 12, 2020 at 12:49 PM
To: Robert Rotman <rrotmanlaw@gmail.com>

---------- Forwarded message ---------
From: **Sanders, David P.** <DSanders@jenner.com>
Date: Tue, May 12, 2020 at 10:15 AM
Subject: Your e-mail to Staff Industry Analysts
To: jdelaneyandrew@gmail.com <jdelaneyandrew@gmail.com>

Mr. Delaney,

I serve as national media counsel for Crain Communications, Inc., which owns and operates Staffing Industry Analysts ("SIA").  SIA has received your May 3, 2020 e-mail referencing the short news item that SIA published about the lawsuit brought by HC2 against you, which you link in your e-mail.   On behalf of SIA, Crain thanks you for bringing your concerns to SIA's attention.

Upon receiving your e-mail, I reviewed the public filings in the HC2 lawsuit against you and related materials.  That review has led me to conclude that the SIA news item is a fair and accurate summary of the allegations in the HC2 lawsuit, which is fully protected under New York's very broad fair report privilege as a matter of law. Specifically, and contrary to the suggestion in your email, paragraph 31 in the complaint in the lawsuit expressly alleges that your conduct constituted a scheme to extort money.   Moreover, the complaint, when read in context, plainly accuses you of engaging in conduct that would be fairly characterized as extortion and blackmail by threatening to disclose confidential and privileged information unless you were paid a large sum of money to which you allegedly had no legal entitlement.

Both the original Law360 article, which expressly characterized the complaint as alleging that your conduct constituted extortion and blackmail, and the subsequent SIA news item referencing the Law360 article, fall within the scope of the fair report privilege, which is highly protective of news organizations' lay summaries of legal proceedings.  Of course, the SIA news item was merely a fair summary of the content of the public pleadings, and did not express any view on the truth or falsity of the allegations made against you in those pleadings.

As a result, there is no basis for your demand that  SIA retract or delete the news item, and SIA declines to do so.

With that said, SIA, is changing the end of the first sentence in its archives from "in a blackmail lawsuit" to "in a lawsuit alleging extortion."  It is doing so solely as an accommodation to the

concerns you have raised and not because it is under any legal obligation to do so or because it believes that there is anything erroneous or improper with the news item as it originally appeared.

Again, thank you for bringing this matter to SIA's attention.

---

**David P. Sanders**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2963 | TEL
+1 312 310 4019 | MOBILE
+1 312 840 7363 | FAX
DSanders@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---