<div style="text-align:center">

**Robert Rotman, Esq.**
305 East 24th Street Ste. 17R, New York, NY 10010
(646) 606-4867

</div>

August 11, 2020

VIA ECF
Hon. Lewis J. Liman
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   HC2, Inc. v. Andrew Delaney Civil Action No. 20-cv-03178-LJL

Dear Judge Liman:

In response to the letter motion dated today from Michael Nacchio, Esq. of Ogletree, Deakins, Nash, Smoak & Stewart P.C. on behalf of the plaintiff requesting an extension of time "to respond to the Amended Counterclaim", I only received an email about this yesterday and was in the process of responding.  Defendant objects to this extension of time.  1) <u>Defendant now has seven attorneys representing it</u> – five from Kasowitz, Benson & Torres LLP (Mark Kasowitz, Ronald Rossi, Ann St. Peter-Griffith, Kalitamara Moody, and Andrew Muir) and two from Ogletree (Valerie Weiss and Michael Nacchio) compared to only myself as a solo practitioner for Delaney.  Despite this, I have never failed to meet a deadline even when there was an expedited schedule.  Mr. Nacchio's letter says "[t]his firm <u>also</u> represents HC2, Inc."  There has been <u>no change in but only an addition of lawyers to plaintiff's large team</u> that has been working on this case for almost four months.  2) The request is untimely because it could have been made a long time ago.  3) The <u>letter does not cite any reason</u> for an extension undoubtedly because they know that there is no reasonable basis for it.  4) The letter <u>misleadingly states that this is for additional time "to respond" but in fact is for time to file another motion to dismiss</u>.  It says that "[t]he extension should not have a bearing on any other case deadlines" but this is different for a motion to dismiss than for an answer.  The time to answer would be added to the time for the motion to dismiss.  5) We have reduced our counterclaims from nine to four and filed them on July 31, 2020 – two weeks before the August 14, 2020 deadline.  This team of seven lawyers should therefore have no difficulty "responding" by August 14, 2020.  6) Finally, yesterday <u>Ogletree sent "responses" to our interrogatories, requests for admission, and document requests by objecting to every single item and not producing one document</u>.  They look like they were cut-and-paste boilerplate objections from a paralegal spending a few minutes on it.  It is the opposite of a good faith effort to respond to discovery requests and suggests that there is a "change" in plaintiff's discovery tactics after Kasowitz was doing this.  With respect, I plan to raise these blatant discovery violations with the Court shortly.

<div style="margin-left:50%">

Respectfully submitted,
/s/Robert Rotman_____
Robert Rotman, Esq.

</div>