**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile:  973-656-1611
www.ogletree.com

Michael Nacchio
Michael.Nacchio@ogletreedeakins.com

August 25, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:   *HC2, Inc. v. Andrew Delaney*
>         *Civil Action No. 20-cv-03178-LJL*

Dear Judge Liman:

This firm represents HC2, Inc. Please accept this short letter in further support of HC2's request for telephone conference and in response to Defendant's letter in opposition. Plaintiff submits this response in light of Defendant's selective recitation of the events leading to Plaintiff's request for a conference.

On Thursday, August 20, 2020, the undersigned emailed counsel for Defendant to indicate a belief that depositions may be premature and that HC2 desired to adjourn Defendant's August 25, 2020 deposition in return for adjournment of the September 2, 2020 Rule 30(b)(6) deposition of HC2's Chief Executive Officer, "on the subject of Defendant's counterclaim." Defendant did not respond. Instead, the next morning, August 21, 2020, Defendant's counsel emailed me two additional Rule 30(b)(6) notices of deposition for HC2 witnesses "on the subject of Defendant's counterclaim." One 30(b)(6) deposition notice is for September 12, 2020, a Saturday. The other is for September 14, 2020, the fact deposition deadline. Defendant did not mention or respond to my August 20th email.

Therefore, at 7:40 a.m. on August 24, 2020, the next business day, I wrote to Defendant's counsel that I was adjourning Mr. Delaney's deposition until September 9, 2020, and that I intended to seek a ruling extending the discovery schedule. I noted that Defendant's counsel never responded to my August 20, 2020 email, and that I welcomed his response before I filed a letter with this Court. Shortly thereafter, Defendant's counsel wrote back to me apologizing that he had missed my August 20th email because he was on vacation. He vowed to discuss scheduling with his client. Unfortunately, shortly after that, Defendant indicated that he would not vacillate from the dates set in his deposition notices and expressed no intent to cooperate in scheduling.

A South Carolina Professional Corporation ∎ Peter O. Hughes ∎ New Jersey Managing Shareholder

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

**Honorable Lewis J. Liman**
*HC2 Inc. v. Delaney*
August 25, 2020

    Plaintiff desires to discuss a revised schedule to hold depositions that allows for decision of whether Defendant's amended counterclaim should be dismissed or not, as that has a direct bearing on the scope of depositions. However, even if the Court was not inclined to extend the deposition deadline to allow for a decision, Defendant has noticed three Rule 30(b)(6) depositions, one of which impermissibly falls on a Saturday. Three Rule 30(b)6 depositions is not permissible, and Defendant's apparent lack of intent to cooperate in scheduling depositions requires the Court's intervention.

    Therefore, Plaintiff has brought these issues to the Court's attention forthwith, and respectfully reiterates its request for a telephone conference.

    We thank the Court for its consideration of this request.

                                                 Respectfully Submitted,

                                                 OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.

                                               *s/ Michael Nacchio*

                                               Michael Nacchio

                                                                                         43989926.1