

No. 202

## EXECUTIVE ORDER

**Declaring a Disaster Emergency in the State of New York**

**WHEREAS**, on January 30, 2020, the World Health Organization designated the novel coronavirus, COVID-19, outbreak as a Public Health Emergency of International Concern;

**WHEREAS**, on January 31, 2020, United States Health and Human Services Secretary Alex M. Azar II declared a public health emergency for the entire United States to aid the nation's healthcare community in responding to COVID-19;

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and more are expected to continue; and

**WHEREAS**, New York State is addressing the threat that COVID-19 poses to the health and welfare of its residents and visitors.

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and the Laws of the State of New York, hereby find, pursuant to Section 28 of Article 2-B of the Executive Law, that a disaster is impending in New York State, for which the affected local governments are unable to respond adequately, and I do hereby declare a State disaster emergency for the entire State of New York. This Executive Order shall be in effect until September 7, 2020; and

**IN ADDITION**, this declaration satisfies the requirements of 49 C.F.R. 390.23(a)(l)(A), which provides relief from Parts 390 through 399 of the Federal Motor Carrier Safety Regulations (FMCSR). Such relief from the FMCSR is necessary to ensure that crews are available as needed.

**FURTHER**, pursuant to Section 29 of Article 2-B of the Executive Law, I direct the implementation of the State Comprehensive Emergency Management Plan and authorize all necessary State agencies to take appropriate action to assist local governments and individuals in containing, preparing for, responding to and recovering from this state disaster emergency, to protect state and local property, and to provide such other assistance as is necessary to protect public health, welfare, and safety.

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 6, 2020 the following:

Section 112 of the State Finance Law, to the extent consistent with Article V, Section 1 of the State Constitution, and to the extent necessary to add additional work, sites, and time to State contracts or to award emergency contracts, including but not limited to emergency contracts or leases for relocation and support of State operations under Section 3 of the Public Buildings Law; or emergency contracts under Section 9 of the Public Buildings Law; or emergency contracts for professional services under Section 136-a of the State Finance Law; or emergency contracts for commodities, services, and technology under Section 163 of the State Finance Law; or design-build or best value contracts under and Part F of Chapter 60 of the Laws of 2015 and Part RRR of Chapter 59 of the Laws of 2017; or emergency contracts for purchases of commodities, services, and technology through any federal GSA schedules, federal 1122 programs, or other state, regional, local, multi-jurisdictional, or cooperative contract vehicles;

Section 163 of the State Finance Law and Article 4-C of the Economic Development Law, to the extent necessary to allow the purchase of necessary commodities, services, technology, and materials without following the standard notice and procurement processes;

Section 97-G of the State Finance Law, to the extent necessary to purchase food, supplies, services, and equipment or furnish or provide various centralized services, including but not limited to, building design and construction services to assist affected local governments, individuals, and other non-State entities in responding to and recovering from the disaster emergency;

Section 359-a, Section 2879, and 2879-a of the Public Authorities Law to the extent necessary to purchase necessary goods and services without following the standard procurement processes;

Sections 375, 385 and 401 of the Vehicle and Traffic Law to the extent that exemption for vehicles validly registered in other jurisdictions from vehicle registration, equipment and dimension requirements is necessary to assist in preparedness and response to the COVID-19 outbreak;

Sections 6521 and 6902 of the Education Law, to the extent necessary to permit unlicensed individuals, upon completion of training deemed adequate by the Commissioner of Health, to collect throat or nasopharyngeal swab specimens from individuals suspected of being infected by COVID-19, for purposes of testing; and to the extent necessary to permit non-nursing staff, upon completion of training deemed adequate by the Commissioner of Health, to perform tasks, under the supervision of a nurse, otherwise limited to the scope of practice of a licensed or registered nurse;

Subdivision 6 of section 2510 and section 2511 of the Public Health Law, to the extent necessary to waive or revise eligibility criteria, documentation requirements, or premium contributions; modify covered health care services or the scope and level of such services set forth in contracts; increase subsidy payments to approved organizations, including the maximum dollar amount set forth in contracts; or provide extensions for required reports due by approved organizations in accordance with contracts;

Section 224-b and subdivision 4 of section 225 of the Public Health Law, to the extent necessary to permit the Commissioner of Health to promulgate emergency regulations and to amend the State Sanitary Code;

Subdivision 2 of section 2803 of the Public Health Law, to the extent necessary to permit the Commissioner to promulgate emergency regulations concerning the facilities licensed pursuant to Article 28 of the Public Health Law, including but not limited to the operation of general hospitals;

Subdivision 3 of section 273 of the Public Health Law and subdivisions 25 and 25-a of section 364-j of the Social Services Law, to the extent necessary to allow patients to receive prescribed drugs without delay;

Section 400.9 and paragraph 7 of subdivision f of section 405.9 of Title 10 of the NYCRR, to the extent necessary to permit general hospitals and nursing homes licensed pursuant to Article 28 of the Public Health Law ("Article 28 facilities") that are treating patients during the disaster emergency to rapidly discharge, transfer, or receive such patients, as authorized by the Commissioner of Health, provided such facilities take all reasonable measures to protect the health and safety of such patients and residents, including safe transfer and discharge practices, and to comply with the Emergency Medical Treatment and Active Labor Act (42 U.S.C. section 1395dd) and any associated regulations;

Section 400.11 of Title 10 of the NYCRR, to the extent necessary to permit Article 28 facilities receiving patients as a result of the disaster emergency to complete patient review instruments as soon as practicable;

Section 405 of Title 10 of the NYCRR, to the extent necessary to maintain the public health with respect to treatment or containment of individuals with or suspected to have COVID-19;

Subdivision d and u of section 800.3 of Title 10 of the NYCRR, to the extent necessary to permit emergency medical service personnel to provide community paramedicine, transportation to destinations other than hospitals or health care facilities, telemedicine to facilitate treatment of patients in place, and such other services as may be approved by the Commissioner of Health;

Paragraph 3 of subdivision f of section 505.14 of Title 18 of the NYCRR, to the extent necessary to permit nursing supervision visits for personal care services provided to individuals affected by the disaster emergency be made as soon as practicable;

Sections 8602 and 8603 of the Education Law, and section 58-1.5 of Title 10 of the NYCRR, to the extent necessary to permit individuals who meet the federal requirements for high complexity testing to perform testing for the detection of SARS-CoV-2 in specimens collected from individuals suspected of suffering from a COVID-19 infection;

Subdivision 4 of section 6909 of the Public Health Law, subdivision 6 of section 6527 of the Education Law, and section 64.7 of Title 8 of the NYCRR, to the extent necessary to permit physicians and certified nurse practitioners to issue a non-patient specific regimen to nurses or any such other persons authorized by law or by this executive order to collect throat or nasopharyngeal swab specimens from individuals suspected of suffering from a COVID-19 infection, for purposes of testing, or to perform such other tasks as may be necessary to provide care for individuals diagnosed or suspected of suffering from a COVID-19 infection;

Section 596 of Title 14 of the NYCRR to the extent necessary to allow for rapid approval of the use of the telemental health services, including the requirements for in-person initial assessment prior to the delivery of telemental health services, limitations on who can deliver telemental health services, requirements for who must be present while telemental health services are delivered, and a recipient's right to refuse telemental health services;

Section 409-i of the Education Law, section 163-b of the State Finance Law with associated OGS guidance, and Executive Order No. 2 are suspended to the extent necessary to allow elementary and secondary schools to procure and use cleaning and maintenance products in schools; and sections 103 and 104-b of the General Municipal Law are suspended to the extent necessary to allow schools to do so without the usual advertising for bids and offers and compliance with existing procurement policies and procedures;

Article 7 of the Public Officers Law, section 41 of the General Construction Law, and section 3002 of the Public Health Law, to the extent necessary to permit the Public Health and Health Planning Council and the State Emergency Medical Services Council to meet and take such actions as authorized by law, as may be necessary to respond to the COVID-19 outbreak, without meeting quorum requirements or permitting the public in-person access to meetings, provided that any such meetings must be webcast and means for effective public comment must be made available; and

**FURTHER**, I hereby temporarily modify, for the period from the date of this Executive Order through April 6, 2020, the following laws:

Section 24 of the Executive Law; Sections 104 and 346 of the Highway Law; Sections 1602, 1630, 1640, 1650, and 1660 of the Vehicle and Traffic Law; Section 14(16) of the Transportation Law; Sections 6-602 and 17-1706 of the Village Law; Section 20(32) of the General City Law; Section 91 of Second Class Cities Law; Section 19-107(ii) of the New York City Administrative Code; and Section 107.1 of Title 21 of the New York Codes, Rules and Regulations, to the extent necessary to provide the Governor with the authority to regulate traffic and the movement of vehicles on roads, highways, and streets.

G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this

seventh day of March in the year two

thousand twenty.

BY THE GOVERNOR

Secretary to the Governor