**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile:  973-656-1611
www.ogletree.com

Michael Nacchio
Michael.Nacchio@ogletreedeakins.com

December 2, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      ***Re:   HC2, Inc. v. Andrew Delaney***
             ***Civil Action No. 20-cv-03178-LJL***

Dear Judge Liman:

      This firm represents HC2, Inc. This Court's Order entered November 30, 2020 ("Order"), and December 1, 2020, directed Defendant to file an affidavit or declaration submitting the specific documents that the Amended Counterclaims ("Counterclaims") incorporate by reference. *See* ECF No. 93. Plaintiff writes because Defendant's filing in response to the Order disregards the Order's specific mandate and instead submits additional information not pleaded in the Counterclaims. *See* ECF No. 95.

      This Court's Order clearly specified the documents that Defendant was to file. Those documents are the New York City Health Department guidance issued February 14, 2020, Centers for Disease Control and Prevention guidance issued March 2, 2020, Governor Cuomo's Executive Order dated March 7, 2020, and President Trump's speech, as alleged in the Counterclaims' paragraph 14 and Exhibit A. *See* ECF No. 93. The Order specified these documents should all pre-date March 18, 2020. *Id.* Defendant submits these documents as Exhibits 1, 3, 4, and 5 to the Rotman Declaration.

      However, Exhibit 2 to the Rotman Declaration improperly submits "NYS Dept. of Health 'Interim Guidance for Procedures When Identifying An Employee with Concerns for COVID-19 Exposures,' dated March 11, 2020." Rotman Decl. Ex. 2, ECF No. 95. Defendant did not plead this guidance in his Counterclaims. He may not raise new allegations in opposition to a motion to dismiss, and he cannot do so now. *See Williams v. U.S. Info. Sys., Inc.*, No. 11 Civ. 7471 (ER), 2013 WL 214318, *4 n.4 (S.D.N.Y. Jan. 17, 2013) (the court may not consider new allegations raised for the first time in plaintiff's opposition to a motion to dismiss.). These new allegations and information should be stricken.

**A South Carolina Professional Corporation** ▪ Peter O. Hughes ▪ New Jersey Managing Shareholder

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

**Honorable Lewis J. Liman**
*HC2 Inc. v. Delaney*
December 2, 2020

      Defendant also improperly submits other information and argument. The Rotman Declaration cites "NYS Dept. of Labor FAQ's" and quotes the "DOL [sic]". Rotman. Decl. ¶ 3. Defendant gives citation for this unpled information via an HTML link to "interim guidance" dated July 17, 2020. This citation clearly post-dates March 18th, and violates both the *Williams* holding, and this Court's Order. Defendant's assertions as well as the related citations and quotations should be stricken.

      Plaintiff thanks the Court for its time and attention to this matter.

      Respectfully Submitted,

      OGLETREE, DEAKINS, NASH,
      SMOAK & STEWART, P.C.

      *s/ Michael Nacchio*

      Michael Nacchio
      Valerie Weiss

To:
All counsel of record (VIA ECF)

45150178.1