UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HC2, INC.,

                       Plaintiff,                                1:20-cv-03178-LJL

                -against-

ANDREW DELANEY,

                       Defendant.
-------------------------------------------------------------------x

## DEFENDANT'S MEMORANUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

<u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………………………… 1

STATEMENT OF FACTS………………………………………………………………… 2

1. *Plaintiff's Complaint Fails to Establish the Court's Diversity Jurisdiction Over this Action* … 2

2. *The matter in controversy does not exceed the sum or value of $75,000*………………………11

ARGUMENT……………………………………………………………………………..... 13

I. *28 U.S.C. § 1332 Requires Complete Diversity Between the Parties*…………………..……… 13

II. *The Court Should Dismiss Plaintiff's Complaint Because the Parties Are Not Completely Diverse*..…………………………………………………………………………..…… 14

CONCLUSION……………………………………………………………………….......14

## TABLE OF AUTHORITIES

*Adeniji v. Online Taxes, Inc.* 1:19-CV-9884 (S.D. N.Y. 2019) …………………………….....11

*Brown v. Apple Corp.*, 1:19-CV-6648 (S.D. N.Y. 2019) …………………………………...11

*Dow v. HC2, Inc.*, Case No. 19-cv-00839 (D.D.C. Nov. 13, 2019) …………....…………..... 5

*Dow v. HC2, Inc.*, 0:20-cvpri-07005 (D.C. Cir.) …….....……………………………………  5

*Greene v. Paramount Pictures Corp.*, No. 14-CV-1044, 2017 WL 4011240 (E.D.N.Y. Sept. 11, 2017)………………………………………………………...………………………… 1

*Greystone Bank v. Tavarez*, No. 09-CV-5192, 2010 WL 3325203 (E.D.N.Y. Aug. 19, 2010)..… 2

*Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567 (2004) ……………………………….…… 13

*HC2 v. Antonelli*, 653107/2019 (Sup. Ct., NY County, 2019) ...…………………………..…… 4

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) …..……………………………………………….. 12

*Jenik v. HC2, Inc.,* 158568/2015 (Sup. Ct., NY County, 2015) ...……………………….…..… 6

*Linardos v. Fortuna*, 157 F.3d 945 (2d Cir. 1998) …..……………………………………….. 12

*Makarova v. U.S.*, 201 F.3d 110 (2d Cir. 2000) …...…………………………………………… 13

*Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501 (2d Cir. 1983)…………………………………………………………………………………….....… 11

*Mendez v. HCMC Legal, Inc. et al.*, 1:2019cv00660 (SDNY 2019) ………...……………….... 4

*Palazzo v. Corio*, 232 F.3d 38 (2d Cir. 2000) …..……………………………….…..……….. 12

*Platinum-Montaur Life Scis*., 943 F.3d 613 (2d Cir. 2019) ……………...……………….….... 12

*Route Messenger Services, Inc. v. Holt-Dow, Inc.*, 139 F.R.D. 311 (S.D.N.Y. 1991)………..… 13

*Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574 (1999) ………...…………………………....11

*Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) ……………………………………………… 13

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc*., 30 F.3d 298 (2d Cir. 1994) ……....……………………………………...…..…11

*Wenze v. HCMC Legal, Inc. et al.*, 1:2019cv00663 (SDNY 2019) ...……………………………5

*Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998) ….……………………………………... 12

**<u>Other authorities</u>**

Hon. Lewis J. Liman Individual Practices in Civil Cases - March 19th, 2020…………………… 3
Local Rules of United States District Courts for the Southern and Eastern Districts of New York
Effective: October 29, 2018…………………………………………………………………………… 3
Fed. R. Civ. P. 11……………………………………………………………………..…  12
Fed. R. Civ. P. 12(b)(1) ..……………………………………………………………… 1, 12
Fed. R. Civ. P. 12(h)(3) ..…………………………………………………………….. 1-2
28 U.S.C. § 1331…………………………………………………………………………………….. 2
28 U.S.C. § 1332……..…………………………………………………………… 1, 2, 3, 12, 13

PRELIMINARY STATEMENT

1.      This Court should dismiss Plaintiff HC2, Inc.'s ("Plaintiff" or "HC2") Complaint against Andrew Delaney ("Defendant") for two reasons.  First, for lack of diversity jurisdiction because the parties are not diverse as a matter of law.  Specifically, Plaintiff is a citizen of New York and its principal place of business is in New York.  The Supreme Court and Second Circuit have consistently held that a corporation, such as Plaintiff, is a citizen of the state where it has its principal place of business for the purposes of evaluating diversity jurisdiction.  As demonstrated by filings with 13 secretaries of state of Arizona, California, Connecticut, the District of Columbia, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, North Carolina, and Texas, as well as all recent litigation in which it has been a party except for this case, filed in support of this motion, *of which we respectfully request this Court take judicial notice*, HC2 is a citizen of New York.  Because the parties in this case are not completely diverse, the Court lacks subject matter jurisdiction over this action and Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) preserved in the Defendant's answer.

2.      Second, the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs, and therefore the District Court does not have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).  Plaintiff has failed to meet the jurisdictional amount in controversy requirement.  Hence, respectfully, the District Court lacks subject matter jurisdiction over this diversity action.

3.      Fed. R. Civ. P. 12(h)(3) also provides that: "*Lack of Subject-Matter Jurisdiction*. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See e.g. Greene v. Paramount Pictures Corp.*, No. 14-CV-1044, 2017 WL 4011240 (E.D.N.Y. Sept. 11, 2017) ("Nevertheless, since Rule 12(h)(3) instructs the Court to dismiss an

1

action if it 'determines at any time that it lacks subject-matter jurisdiction,' Fed. R. Civ. P. 12(h)(3), the Court will construe Defendants' motion as a Rule 12(h)(3) motion.") (citing *Greystone Bank v. Tavarez*, No. 09-CV-5192, 2010 WL 3325203 (E.D.N.Y. Aug. 19, 2010)).

<u>STATEMENT OF FACTS</u>

1. *Plaintiff's Complaint Fails to Establish the Court's Diversity Jurisdiction Over this Action.*

4.      Because Plaintiff neither alleges a federal cause of action, nor asserts federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff's sole basis for asserting that this Court has jurisdiction is diversity. To that end, Plaintiff's complaint alleged that: "This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, inasmuch as it is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Dkt. No. 1 complaint at ¶ 15) The complaint further falsely alleges that "Plaintiff HC2, Inc., is incorporated in the District of Columbia with its principal place of business in Chicago, Illinois." (*Id.* at ¶ 13) It goes on: "Defendant Andrew Delaney is a natural person who is a resident of the State of New York and is an attorney licensed to practice law in the State of New York."  (*Id.* at ¶ 14) The complaint was signed by Ronald R. Rossi, Esq. and verified by Plaintiff's general counsel Stephanos Zannikos, Esq.[1]  In both his original answer dated May 13, 2020 (Dkt. No. 26) and his amended answer dated July 31, 2020 (Dkt. No. 74), Defendant answered: "13. The allegations in paragraph 13 are denied.  14. The allegations in paragraph 14 are admitted.  15. The allegations in paragraph 15 are denied."

---

[1] Zannikos' New York attorney registration details state his "Business Name" to be "HCMC LEGAL, INC." and its "Business Address: 360 Lexington Ave Ste 1100 New York, NY 10017-6502 (New York County)."  (Exh A hereto)

5.      Plaintiff failed to plead any facts concerning the citizenship.  (*See* generally Dkt. No. 1) Moreover, 5(A)(iii) of this Court's Individual Practices in Civil Cases require "[a] brief statement by the plaintiff (or, in a removed case, by the defendant) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and any relevant facts as to citizenship and jurisdictional amount."  Plaintiff also did not provide a verified statement pursuant to S.D.N.Y. Local Civil Rule 26.1 setting forth: "Local Civil Rule 26.1. Address of Party and Original Owner of Claim to Be Furnished.  (c) If the responding party is a corporation, its state or other jurisdiction of incorporation, principal place of business, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332."  The Committee Note states: "Local Civil Rule 26.1 has been revised in order to make it a more effective tool for determining quickly whether or not there is a basis to challenge diversity jurisdiction."  It therefore appears that Plaintiff has made no effort whatsoever to determine whether it has properly invoked the Court's diversity jurisdiction.

6.      The 13 secretary of state registrations, all the recent other litigations in which Plaintiff has been a party, including two cases in the Southern District of New York, certain documents produced by Plaintiff in this case, and its own Internet listings all clearly state that Plaintiff's principal place of business is in New York and that it is a citizen of New York. *There is nothing online, in court or official filings, or elsewhere which ever states that HC2 has its headquarters or principal place of business in Illinois*.  The only instance of Plaintiff ever claiming to be a citizen of Illinois is in this case, as a way of manufacturing jurisdiction and federalizing what is essentially a state law case based on false pretenses.

7.      In I(3) of his declaration dated May 15, 2020, Zannikos repeated the false representation in the complaint: "HC2, founded in 1987, is incorporated in the District of Columbia with its principal place of business in Chicago, Illinois."  (Dkt. No. 45 at ¶ 3)

8.      The recent case of *HC2 v. Antonelli*, 653107/2019 (Sup. Ct., NY County, 2019) was filed on May 24, 2019 – *11 months before HC2 filed this case*.  The summons signed by Zannikos states: "Venue:  Plaintiff designates New York County as the plae (sic) of trial.  The basis of the venue designated is Plaintiff's principal place of business." (Exh B hereto) Paragraph 5 of the *Antonelli* complaint, signed by Zannikos in "New York, New York," states: "5.  Plaintiff maintains its principle (sic) place of business at 360 Lexington Avenue, Suite 1100, New York, New York 10017."  *Id*.  On September 19, 2019 – *seven months before filing this case* – Zannikos filed an RJI again showing the New York office address. (Exh C hereto) *In the most recent other litigation document, a stipulation of discontinuance e-filed by Zannikos on January 27, 2020 – less than three months before filing this case* -, Zannikos continues to use the 360 Lexington Avenue address for HC2. (Exh D hereto)

9.      In addition to *Antonelli*, the other federal and state litigation records show that, apart from this case, Plaintiff has been a party in four known cases each time admitting that its principal place of business is in New York – *never Illinois*.

10.     The three federal cases, including two recent cases in the Southern District of New York, in order of filing date are set forth in paragraphs 11-13 below.

11.     *Mendez v. HCMC Legal, Inc. et al.*, 1:2019cv00660 (SDNY 2019) (Batts, J.).  This was filed on January 23, 2019.  The defendants included "HC2, Inc. d/b/a/ Hire Counsel."  The complaint states: "12. Upon information and belief, at all times relevant hereto, Defendants were

4

and are corporations organized under the laws of the State of New York with their principal place of business located at 360 Lexington Ave, Suite 1100 New York, New York 10017." (Exh E hereto) In its answer dated April 15, 2019, HC2 stated: "12. Hire Counsel admits the allegations contained in paragraph 12 of the Complaint." (Exh F hereto) HC2 was represented by the same law firm as in this case, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins").

12.     *Wenze v. HCMC Legal, Inc. et al.*, 1:2019cv00663 (SDNY 2019) (Gardephe, J.). This was filed on January 23, 2019.  The defendants included "HC2, Inc. d/b/a/ Hire Counsel." The complaint states: "17. Upon information and belief, at all times relevant hereto, Defendants were and are a foreign business corporation organized under the laws of the State of New York with their principal executive office located at 360 Lexington Ave, 11th Floor, New York, New York 10017." (Exh G hereto) In HC2's answer to this dated April 15, 2019, HC2 states: "17. Defendants admit the allegations contained in paragraph 17 of the Complaint." (Exh H hereto) HC2 was again represented by Ogletree Deakins.

13.     *Dow v. HC2, Inc.*, Case No. 19-cv-00839 (D.D.C. Nov. 13, 2019).  This was filed on March 25, 2019.  In the caption, HC2 is listed as "HC2, Inc. d/b/a Hire Counsel, 360 Lexington Avenue Ste 1100, New York, New York 10017."  The complaint states: "2. Hire Counsel is a corporation formed under the laws of the District of Columbia that operates its principal office in New York, New York." (Exh I hereto) The case was appealed on January 28, 2020.  *Dow v. HC2, Inc.*, 0:20-cvpri-07005 (D.C. Cir.).

14.     The other state court case is set forth in paragraph 15 below.

15.     *Jenik v. HC2, Inc.,* 158568/2015 (Sup. Ct., NY County, 2015).  This was filed on August 19, 2015.  The complaint states: "6. Upon information and belief, Defendant HC2, INC. is

a foreign business corporation, organized and existing under the laws of the District of Columbia, and is authorized to do business in the State of New York, with a headquarters and principal place of business located at 575 Madison Avenue, New York, New York 10022." (Exh J hereto) On October 12, 2015, Ogletree Deakins filed an answer stating: "6.  Defendants deny the allegations contained in Paragraph 6 of the Complaint, except admit that HC2, Inc. is a foreign business corporation, organized and existing under the laws of the State of New York…." (Exh K hereto)

16.     *Moreover, as of December 26, 2020, all HC2's 13 state company registrations state that its "principal place of business" is in New York, not Illinois.*

17.     The Arizona Corporation Commission website shows a filing by HC2 on October 26, 2020 – only two months ago and six months after this action was instituted – that HC2's "Principal Office Address" is "360 Lexington Avenue, New York, NY 10017." (Exh L hereto)

18.     The California Secretary of State website shows the "Entity Address" and "Entity Mailing Address" of HC2 as "360 Lexington Avenue, New York, NY 10017."  On December 18, 2020, eight months <u>after</u> it filed this case and 10 days ago, HC2 filed a "Statement of Information" with the California Secretary of State stating: "2 Business Addresses 2b. Mailing Address: 360 Lexington Ave Suite 1100 New York, New York 10017 United States of America c. Street Address of Principal Executive Office: 360 Lexington Ave Suite 1100 New York, New York 10017 United States of America."  Section "3 Officers" gives the address for the Chief Executive Officer Joan Davison, the Secretary Charles Nelson, and the Chief Financial Officer Charles Nelson as "360 Lexington Ave Suite 1100 New York, New York 10017 United States of America." Section 6 at the bottom states: "By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign. Electronic Signature: Charles Nelson." (Exh M hereto)

6

19.     Connecticut's Official State website Secretary of State shows HC2's "Business Address" as "360 Lexington Avenue, Suite 1100, New York, NY, 10017, USA." The most recent annual report filing was done on December 2, 2019 – four months before this action was filed - and states the changes to the corporation's "Mailing Address" and "Principal Office Address (CT only)" to be "360 LEXINGTON AVENUE, SUITE 1100, NEW YORK, NY, 10017 USA." The signature line states: "11. I hereby certify and state, under penalties of false statement, that all of the information set forth on this annual report is true. I hereby electronically sign this report. SECRETARY Signature: CHARLES NELSON." (Exh N hereto)

20.     The District of Columbia Department of Consumer and Regulatory Affairs website shows: "Business Address Line1 360 LEXINGTON AVENUE Line2 SUITE 1100 City NEW YORK State New York Zip 10017." The last report was filed on March 6, 2020 – one month before this case was filed. (Exh O hereto) There is no mention of Illinois.

21.     The Florida Division of Corporations official State of Florida website states HC2's "Principal Address 360 Lexington Ave Suite 1100 NEW YORK, NY 10017 Changed: 01/08/2019 Mailing Address 360 Lexington Ave Suite 1100 NEW YORK, NY 10017 Changed: 01/08/2019." The officers are listed in New York, including "Joan Davison". The last annual report was filed on January 24, 2020 – three months before this lawsuit was filed. (Exh P hereto)

22.     The Illinois Office of the Secretary of State website states: "Officers President Name & Address JOAN DAVISON SUITE 1100 360 LEXINGTON AVE NEW YORK NY 10017." (Exh Q hereto)

23.     The Massachusetts Corporations Division website shows HC2's address at "360 LEXINGTON AVE SUITE 1100 NEW YORK, NY 10017 USA." HC2's annual report was filed

on "Date: 3/13/2020 12:51:00 PM" – one month before this lawsuit was filed.  "5. Street address

of the corporation's principal office: No. and Street: 360 LEXINGTON AVE SUITE 1100 City or

Town: NEW YORK State: NY Zip: 10017 Country: USA."  "6. Provide the name and business

street address of the officers and of all the directors of the corporation" are all in New York at the

same address.  (Exh R hereto)

24.     The State of Michigan Corporations Division search for HC2 states "Most Recent

Annual Report: 2020" and lists "The Officers and Directors of the Corporation" including Joan

Davison as New York, NY.  HC2 filed its annual report on May 14, 2020, one month after this

lawsuit was filed.  (Exh S hereto)

25.     The Missouri Secretary of State John R. Ashcroft 2019 Annual Registration Report

Business for HC2 was filed on December 2, 2019, four months before HC2 filed this action.  In

Box 1, it states: "PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUATERS*

(Required) 360 LEXINGTON AVENUE, NEW YORK, NY 10017."  In Box 2, which is blank,

the form states: "If changing the registered agent and/or registered office address, please check the

appropriate box(es) and fill in the necessary information."  In Box 3 A and B, the name and

physical address of the officers is shown to be in New York, including "Joan Davison".  Box 4

states: "The undersigned understands that false statements made in this report are punishable for

the crime of making a false declaration under Section 575.060 RSMo…. Authorized party or

officer sign here Charles Nelson." (Exh T hereto)

26.     The State of New Jersey Division of Revenue and Enterprise Services Business

Name Search for HC2, Inc. shows "City New York". (Exh U)

322dca

27.     The New York State Department of State Division of Corporations Entity Information for HC2, Inc. as of December 26, 2020 shows: "Chief Executive Officer JOAN DAVISON 360 LEXINGTON AVENUE STE 1100 NEW YORK, NEW YORK, 10017 Principal Executive Office HC2, INC. 360 LEXINGTON AVENUE STE 1100 NEW YORK, NEW YORK, 10017." (Exh V hereto)

28.     The North Carolina Secretary of State website search results for HC2, Inc. show its mailing address, principal office, and officers all located at 360 Lexington Avenue, Suite 1100, New York, NY 10017. (Exh W hereto)

29.     The Pennsylvania Department of State website shows HC2's office as being in New York, NY.  (Exh X hereto)

30.     The Texas Secretary of State Business Organizations Inquiry shows HC2's office as being in New York. (Exh Y hereto)

31.     As Plaintiff's general counsel, Zannikos would have to have known about these state registrations, as well as the other documents.  His deposition testimony was that Plaintiff's principal place of business was changed to be Illinois "longer than two years ago".  But even this is untrue.

32.     Additional evidence that HC2 is a citizen of New York includes:

-Dkt. No. 45-1 Exh B to Dkt. No. 45 at 3 ("Hire Counsel, headquartered in New York….")

-Dkt. No. 45-6 Exh E to Dkt. No. 45 (Agreement dated September 19, 2019 between Toyota Motor Corporation, Wilmer Hale Pickering Hale and Dorr LLP, and "HC2, Inc. d/b/a Hire

Counsel ('Vendor') with offices at 360 Lexington Avenue, Suite 1100, New York, NY 10017",
*the agreement entered into for this document review*)

    -HC2 Bloomberg listing (Exh Z)

    -HC2, Inc. LinkedIn page ("Headquarters New York, New York") (Exh AA)

    -crunchbase (Exh BB)

    -Dun & Bradstreet (Exh CC)

    -Facebook (Exh DD)

    -Kansas City Open Government U.S. (Exh EE)

    -SignalHire ("Headquarters Location 360 Lexington Ave, New York, 10017 US" (Exh FF)

2. *The matter in controversy does not exceed the sum or value of $75,000.*

33.    In paragraph 15 of its complaint, Plaintiff states that "the amount in controversy exceeds $75,000, exclusive of interest and costs." Plaintiff asserted two claims against Defendant, breach of contract and faithless servant. Under either theory, Plaintiff's maximum recovery would be what it paid him. Paragraph 53 of the complaint states: "… under the faithless servant doctrine, to disgorge to HC2 all compensation it paid to him." In its prayer for relief, the sole amount Plaintiff seeks is "4) Disgorgement of all compensation HC2 paid to Delaney in an amount to be determined at trial." There is no other claim for financial damages. (Dkt. No. 1)

34.    It is undisputed that Defendant worked for Plaintiff from September 30, 2019-January 5, 2020 and then again from February 17, 2020-March 17, 2020. The total amount Plaintiff paid to Defendant was only $67,458.91 – less than the over $75,000 minimum amount in controversy requirement. At the first TRO hearing on April 29, 2020 when the Court asked about

the total amount paid to Defendant, Plaintiff's counsel Mr. Rossi falsely stated that it was "in the low six figures."[2]  Mr. Rossi accepted the premise that the amount in controversy for this case was the amount Plaintiff paid Defendant but greatly inflated it.  Plaintiff knew that it did not pay Defendant over $75,000 – since as the payor of course it knew what it paid him - but falsely claimed he was paid "in the low six figures" as a ways and means to cook up federal jurisdiction and to shoehorn its case into the District Court.  Mr. Rossi's statements are part of the Court record in this case.

35.     The plaintiff asserting jurisdiction always bears the burden of establishing the amount in controversy once it has been put in question.  Likewise, in the case *sub judice*, Plaintiff has failed to make any allegation of damages proximately resulting from Defendant's alleged acts.  The Court inquired about this issue at the April 29, 2020 TRO hearing but was not answered truthfully by Plaintiff's counsel.  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative ….").   For orders of dismissal in S.D.N.Y. cases, *see Brown v. Apple Corp.*, 1:19-CV-6648 (S.D. N.Y. 2019) (McMahon, C.J.); *Adeniji v. Online Taxes, Inc.* 1:19-CV-9884 (S.D. N.Y. 2019) (McMahon, C.J.).

---

[2] After Mr. Rossi's claim that Defendant was paid "in the low six figures" at the TRO hearing (which was telephonic), Defendant immediately stated "That's not right."  Thus, the issue has been "put in question" at least since April 29, 2020.  As noted *supra*, Defendant also denied paragraph 15 of the complaint in both his answer and his amended answer.

36.     It is incredible – especially in light of the numerous documents produced in this case and the seven lawyers involved in Plaintiff's representation - that Kasowitz, Benson & Torres P.C. ("Kasowitz") did not discuss the amount paid to Defendant prior to filing this case in federal court.  It is unimaginable that Plaintiff can in good faith, consistent with the pleading requirements of Rule 11 of the Fed. R. Civ. P., allege in a motion to amend or in an amended complaint that the amount in controversy in this action exceeds $75,000.  Either Plaintiff paid Defendant more than $75,000 or it did not.  Defendant's records show that it did not.

37.     Plaintiff does not meet the $75,000 jurisdictional amount requirement, the *sine qua non* for the District Court's exercise of subject matter jurisdiction over this action.  Nor can the complaint be amended to cure this jurisdiction defect.

<u>ARGUMENT</u>

I. *28 U.S.C. § 1332 Requires Complete Diversity Between the Parties*.

38.     Pursuant to Fed. R. Civ. P. 12(b)(1), a district court should dismiss a complaint for lack of subject matter jurisdiction if the plaintiff and defendant are not completely diverse in their citizenships. See *Platinum-Montaur Life Scis*., 943 F.3d 613, 617 (2d Cir. 2019) ("The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'") (*quoting* 28 U.S.C. § 1332 and *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it" - here, Plaintiff.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998); *see also Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Moreover, in deciding a Fed. R. Civ. P. 12(b)(1) motion, a district court

may consider evidence outside of the pleadings, which is pertinent to the question of the court's subject matter jurisdiction. See *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).   *See also Route Messenger Services, Inc. v. Holt-Dow, Inc.*, 139 F.R.D. 311, 312 (S.D.N.Y. 1991) (Freeh, J.) ("It also appears that Piken deliberately failed to include in the complaint a statement regarding Route's principal place of business in order to establish federal court jurisdiction.").  But this case is even worse than *Route Messenger Services, Inc.* because here there was an affirmative misrepresentation of Plaintiff's principal place of business.

II. *The Court Should Dismiss Plaintiff's Complaint Because the Parties Are Not Completely Diverse.*

39.    Defendant is agreed to be a citizen of New York. The Second Circuit has explained: "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile…. Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo* at 42 (internal quotation marks and citation omitted).  **Diversity of citizenship is measured as of the filing date - here, April 22, 2020.** *See Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004). Diversity jurisdiction exists under 28 U.S.C. § 1332(a) only when there is complete diversity between all plaintiffs and all defendants at the time the action is commenced. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Because Defendant also is a citizen of New York, the parties are not completely diverse and thus the Court lacks subject matter jurisdiction. For these reasons, controlling law requires the dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.

<u>CONCLUSION</u>

40.     For the foregoing reasons, Defendant respectfully requests that the Court grant its

motion to dismiss and order such other relief as the Court may deem just and proper.


Dated: New York, New York                    By:/s/Robert Rotman_____
        December 28, 2020                     Robert Rotman, Esq.
                                              *Attorney for Counterclaim Plaintiff*
                                              305 West 24th Street Apt. 17R
                                              New York, NY 10010
                                              (646) 606-4867
                                              rrotmanlaw@gmail.com

14