UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------

| | |
|---|---|
| HC2, INC., | Civil Action No.: 20-cv-3178 (LJL) |
| Plaintiff, | |
| v. | DECLARATION OF STEPHANOS ZANNIKOS, ESQ. IN SUPPORT OF HC2'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) |
| ANDREW DELANEY, | |
| Defendant. | |

--------------------------------------------------

I, Stephanos Zannikos, declare as follows:

1.  I am the General Counsel for Plaintiff HC2, Inc. ("HC2") and submit this declaration in support of HC2's Opposition to Defendant's Motion to Dismiss HC2's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

2.  I have personal knowledge of all the facts stated herein based on my personal knowledge and my review of Plaintiff's records. In addition, I have reviewed Plaintiff's Motion to Dismiss ("Motion") and all supporting documents filed therewith.

3.  HC2 is a legal staffing company that provides attorneys, paralegals, and other legal professionals ("Contract Professionals") as well as associated workspace, IT infrastructure, project management, and related services to satisfy the short-term and long-term staffing needs of its third party customers, including law firms, corporations and government agencies.

4.  HC2's success is built upon its reputation and goodwill. For that reason, the performance and conduct of each of its Contract Professionals has a direct impact on HC2's continued success.

5.  A key part of HC2's goodwill is dependent upon its reliability in providing highly competent and trustworthy legal professionals who abide by their contractual obligations as well

1

as to professional norms governing attorneys and paralegals who are required to keep inviolate the confidentiality of information learned while working with our law firm clients and their legal clients.

6. Delaney's conduct caused irreparable harm to HC2's goodwill and standing in the marketplace. Delaney's egregious conduct has required HC2 to expend time and financial resources to defend its gold-standard reputation in the marketplace, a reputation for excellence it earned over the course of decades.

7. As of the date of this filing, HC2's attorney's fees related to this matter are well in excess of $75,000.

8. Furthermore, during the course of my employment with HC2, I had knowledge of the five lawsuits referenced in Plaintiff's motion, specifically:

   a. *Jenik v. HC2, Inc., et al*, 158568/2015 (Sup. Ct. NY County, 2015), which was filed on August 19, 2015;

   b. *Mendez v. HCMC Legal, Inc., et al.*, Civil Action No. 1:19-cv-00660-DAB (SDNY 2019), which was filed on January 23, 2019;

   c. *Wenze v. HCMC Legal, Inc., et al.*, Civil Action No. 1:19-cv-00663-PGG-GWG (S.D.N.Y. 2019), which was filed on January 23, 2019;

   d. *Dow, et al. v. HC2, Inc., et al.*, Civil Action No. 19-cv-00839 (D.D.C. Nov. 13, 2019), which was filed on March 25, 2019; and

   e. *HC2, Inc. d/b/a Hire Counsel v. Antonelli*, 653107/2019 (Sup. Ct., NY County, 2019), which was filed on May 24, 2019.

9. The *Jenik* case was filed in 2015 and appropriately named New York as the principal place of business, given that at the time, New York was HC2's headquarters and where

it housed most of its executives, including the CEO. Furthermore, this case concluded in September 2016.

10. The *Dow* case was filed in the Federal District Court of the District of Columbia, and properly alleged HC2 is a D.C. corporation, and therefore appropriately filed in the court, but mistakenly alleged that HC2's principal place of business is located in New York.

11. With regard to the remaining three cases filed in 2019 – *Mendez, Wenze,* and *Antonelli* – HC2 was in the process of transitioning its headquarters from New York to Chicago beginning with the hire of CEO Joan Davison on March 3, 2017, and throughout 2018 and 2019, with the hire of additional executives and the relocation of Chicago's office to a larger office space; as a result, HC2's headquarters was in flux. HC2 mistakenly but in good faith identified New York as the principal place of business in these three actions due to the transition and previous practice of routinely naming New York.

12. Neither jurisdiction nor venue was challenged in any of the above-referenced actions.

13. HC2's principal place of business is – and was at the time HC2 filed the instant matter – located in Chicago, Illinois. HC2 will be reviewing its public registrations and making any necessary corrections.

14. I regret any confusion caused.

I declare under penalty of perjury that the above is true and correct, and that I executed this declaration this 11 day of January 2021 in New York, New York.

_____
STEPHANOS ZANNIKOS

45564362.1