# EXHIBIT B

```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK
 2               CIVIL ACTION NO. 1:20-cv-3178-LJL

 3     -----------------------------------x
       HC2, INC.,
 4                                          REMOTE DEPOSITION UPON
                 Plaintiff,                 ORAL EXAMINATION
 5                                                  OF
              - vs -                        ANDREW DELANEY
 6
       ANDREW DELANEY,
 7
                 Defendants.
 8     -----------------------------------x

 9           T R A N S C R I P T  of the Deposition

10     of ANDREW DELANEY taken before DIANA L. R. SENATORE,

11     Certified Court Reporter and Notary Public of the

12     States of New Jersey and New York, all parties

13     appearing remotely, on September 9, 2020, commencing

14     at 11:14 a.m.

15

16

17

18

19              SENATORE REPORTING, LLC.
                CERTIFIED COURT REPORTERS
20                    (908) 500-1361
                 senatorerep@embarqmail
21

22

23

24

25
```

```
 1   A P P E A R A N C E S:
 2   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC.
 3           10 Madison Avenue, Suite 400
 4           Morristown, New Jersey 07960
 5           michael.nacchio@ogletree.com
 6   BY:  MICHAEL NACCHIO, ESQ.
 7   Attorneys for Plaintiff
 8
 9
10   ROBERT ROTMAN, ESQ.
11           305 East 24th Street, Suite 17R
12           New York, New York 10010
13           rrotmanlaw@gmail.com
14   Attorney for Defendant
15
16
17
18
     A L S O   P R E S E N T:
19
20   STEPHANOS ZANNIKOS, General Counsel Hire Counsel
21
22
23
24
25
```

1  COURT REPORTER:  Good morning.  I am Diana
2  Senatore, Certified Court Reporter, and Notary
3  Public in the States of New York and New Jersey.
4  Today's date is September 9, 2020.
5  The time is approximately 11:14 a.m.
6  This is the remote deposition of Andrew
7  Delaney in the matter HC2, Inc. vs. Andrew Delaney.
8  This case is venued in the United States District
9  Court, Southern District of New York.  All parties
10  in today's deposition will be appearing remotely to
11  comply with the guidance of the Center for Disease
12  Control in response to the COVID 19 pandemic.
13  Before I swear the witness, I will ask
14  counsel to identify themselves, state their interest
15  in the case, and stipulate on the record that the
16  court reporter may swear in the deponent, even
17  though I am not in the physical presence of the
18  deponent, and that there is no objection to that at
19  that time, nor will there be an objection to it at a
20  future date.
21  MR. NACCHIO:  I so stipulate.
22  MR. ROTMAN:  I do so as well.
23  COURT REPORTER:  Thank you.
24
25

DELANEY - Direct

1  A N D R E W   D E L A N E Y,  residing at
2           127 West 80th Street, New York, New York,
3           10024, having been duly sworn, testifies
4           as follows:
5  DIRECT EXAMINATION BY MR. NACCHIO:
6       Q.   Mr. Delaney, my name's Michael Nacchio.
7  I'm an attorney at Ogletree, Deakins.  We represent
8  HC2, Inc., better known as you know, as well, as
9  Hire Counsel.  And you are here today to give your
10 remote deposition by Zoom pursuant to notice, as
11 well as a court order.  And your deposition today
12 will cover HC2's claim against you -- claims against
13 you, as well as your counterclaims against HC2.
14           Do you understand that is the scope and
15 purpose of your appearance here today, sir?
16      A.   Yes.
17      Q.   Okay.  Thank you.
18           As you could obviously tell, Mr. Delaney,
19 this is remote.  There may be periods during today
20 when we have internet lag or disruption.  And while
21 I'm sure somebody of your experience is familiar
22 with deposition instructions, I ask that you just
23 bear with me through some preliminary instructions.
24 The first and most important of which is I do not
25 want you to respond to a question today unless you

1   times.
2       A.   Yeah.
3       Q.   Okay.  I'll put the amended counterclaims
4   back up for you.
5            On April 22 this action was commenced in
6   the Southern District of New York; correct?
7       A.   Yes.
8       Q.   And on April 22, 2020 you maintained
9   permanent residency in the State of New York;
10  correct?
11      A.   I was living in Florida at that time.
12      Q.   But you had an address in New York, the
13  one that you gave at the beginning of this
14  deposition, sir; right?
15      A.   I had an address in New York, but that's
16  not where the pleadings were sent.  In fact, they
17  were sent by e-mail to my Florida attorney, who told
18  them that he was not accepting any process for me.
19  And they were just dumped on him by the Kasowitz law
20  firm.
21      Q.   Do you own property in Florida?
22      A.   No.
23      Q.   Okay.  Where were you living in Florida at
24  the time?
25      A.   I was living at a service apartment.

1   paragraph seven.  The proceedings here in New York
2   and Florida --
3         MR. NACCHIO:  Strike that.
4         Withdrawn.
5      Q.   Paragraph 70.  The proceedings both in
6   Florida and New York show coordination,
7   information-sharing, and joint presentation of
8   witnesses and evidence among HC2, the law firm, and
9   the corporation.
10        What is the basis for the statement that
11  there is coordination, information-sharing, and
12  joint presentation of witnesses?
13     A.   It's a fact that's happening.
14     Q.   Is that your opinion as well?
15     A.   No, that's a fact.
16     Q.   Okay.  And tell me those facts that this
17  allegation is based on.
18     A.   Well, how much do you know --
19        MR. ROTMAN:  Objection.
20     A.   -- about the Florida action?  You seem to
21  know a lot about it.
22     Q.   Are you gonna answer my question or not?
23        MR. ROTMAN:  Objection.  Don't answer that
24  question.
25     A.   Absolutely.  Happy to.

DELANEY - Direct

1   group litigation, you're working together, and
2   you're trying to make it very difficult for me by
3   having multiple proceedings involve Florida and in
4   New York.  And --
5        Q.   Why -- I don't want to cut you off.
6   Please continue, sir.
7             Mr. Delaney.
8        A.   What?
9        Q.   Finish, please.
10       A.   Finish what?
11       Q.   You were giving a statement and I
12  inadvertently interrupted.
13       A.   I'm waiting for you asking some questions.
14       Q.   No, no, no.  Were you done with your
15  response?  I don't want to interrupt you, and I did
16  so inadvertently.
17       A.   Go ahead.  Whatever question.  Go ahead.
18       Q.   Okay.  If you don't have anything further
19  to add.  I was going to ask you why did you choose
20  to file in Brevard County?
21       A.   Why did I have to -- why did I have -- why
22  did I choose to file there?
23       Q.   Yeah.
24       A.   It was -- it was based on whatever legal
25  advice I got.

DELANEY - Direct

1  Q. All right. Are you gonna tell me anything
2  further than that, or are you gonna claim privilege?
3  MR. ROTMAN: He can answer the question to
4  the extent --
5  A. Well, if I answer the question you're
6  gonna say, ah, you waived privilege. I just told
7  you it was on advice of my counsel.
8  Q. All right. And you were living in Brevard
9  County at the time in this rental?
10  A. I think I already answered that.
11  Q. Now, later down here you say, in paragraph
12  72, HC2's counsel is collaborating with the
13  corporation's counsel in Florida to obtain a finding
14  in this regard to be used collaterally in this
15  action.
16  Tell me all of the facts that's based on,
17  Mr. Delaney.
18  MR. ROTMAN: Objection. That's privileged
19  information.
20  MR. NACCHIO: All right. Well, I have the
21  same response. As I said before, you can't be
22  asserting allegations affirmatively and then claim
23  privilege in these regards.
24  BY MR. NACCHIO:
25  Q. Mr. Delaney, do you have any response