UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HC2, INC.,

                Plaintiff,

       -against-                                  1:20-cv-03178-LJL

ANDREW DELANEY,

                Defendant.
----------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1)

Defendant respectfully submits this reply memorandum in support of Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## INTRODUCTION

On December 28, 2020, Defendant filed a motion to dismiss Plaintiff HC2's ("HC2") complaint dated April 22, 2020 for lack of subject-matter jurisdiction for two reasons. First, Defendant provided overwhelming evidence including all recent litigation to which HC2 has been a party consisting of six cases, 13 secretary of state registrations in different states (HC2 in fact has secretary of state registrations in a total of 26 states, *all of which show its principal place of business and CEO Joan Davison's office at 360 Lexington Avenue, New York, NY 10017*) (Exh. B to the Rotman Declaration dated January 18, 2021 attached hereto (the "Rotman Declaration")), and other documentary evidence including the Vendor Agreement dated September 19, 2019 *all showing* Plaintiff's principal place of business in New York. Secondly, Defendant showed that Plaintiff's complaint should be dismissed for failure to meet the $75,000 amount in controversy requirement. Nothing in Plaintiff's brief in opposition to Defendant's motion to dismiss pursuant

1

to Fed. R. Civ. P. 12(b)(1) dated January 11, 2021 disproves the allegations in the motion nor meets Plaintiff's burden of proof that it has met the diversity of citizenship and amount in controversy requirements to proceed in the District Court – in fact, the motion's factual claims are directly or indirectly admitted. The truth is that this case never should have been brought in federal court in the first place which was based on a deliberate – and continuing – misrepresentation of the true facts.

I.   ***GODWIN* CASE AND ALL OTHER EVIDENCE SHOWS PLAINTIFF'S PRINCIPAL PLACE OF BUSINESS IS IN NEW YORK**

Despite HC2's silly excuses and affidavits from a few cherrypicked employees made solely for its opposition brief and which do not aver that HC2's principal place of business is in Illinois, **on November 30, 2020** – seven months after this case was filed and only six weeks ago, HC2 filed a case in Manhattan Supreme Court titled *HC2, Inc. v. Godwin, LLP,* Index No. 656617/2020 (Sup Ct, NY County, November 30, 2020), *of which we respectfully request the District Court to take judicial notice*. Exh A to the Rotman Declaration. In the summons signed by "Stephanos Zannikos, Esq Attorney for Plaintiff HC2, Inc. d/b/a Hire Counsel 360 Lexington Avenue, Suite 1100 New York, New York 10017 Tel (646) 356-0528 Fax (646) 356-0565," Zannikos, a New York-based and admitted attorney who is HC2's general counsel and who signed the verified complaint in the case against Andrew Delaney, stated: "**Venue**: Plaintiff designates New York County as the place of trial. The basis of the venue designated is Plaintiff's principal place of business." The verified complaint then states:

> HC2, Inc. d/b/a Hire Counsel ("Plaintiff") by and through its attorney, Stephanos Zannikos, Esq., as and for its Complaint against Godwin, LLP ("Defendant"), alleges as follows: 1. Plaintiff brings this action against Defendant to recover damages for breach of contract and unjust enrichment. 2. This Court has jurisdiction over this action pursuant to C.P.L.R. § 301. **3. This action properly lies in the County of New York pursuant to CPLR § 503, because Plaintiff's principal office is located in New York County.** 4. Plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the State of

2

> the District of Columbia. **5. Plaintiff maintains its principle (sic) place of business at 360 Lexington Avenue, Suite 1100, New York, New York 10017.**

Exh B to the Rotman Declaration (emphasis added). Zannikos signed the *Godwin* complaint "Dated: New York, New York November 5, 2020" with a signature line "Stephanos Zannikos, Esq. Attorney for Plaintiff HC2, Inc. d/b/a Hire Counsel 360 Lexington Avenue, Suite 1100 New York, New York 10017." The last page is a "verification" from Joan M. Davison that "I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to the best of my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters I believe them to be true." The verification is notarized by Zannikos "County of Nassau" on November 11, 2020.

Strangely but maybe not so strangely, on January 11, 2021 – after Defendant filed the motion to dismiss and the *same day that it filed its opposition brief*, Zannikos filed a "Notice of Discontinuance Without Prejudice" of the *Godwin* case stating: "PLEASE TAKE NOTICE that pursuant to CPLR 3217(a)(1), whereas no defendant has filed a responsive pleading to the Verified Complaint, the above-entitled action is hereby discontinued without prejudice against Defendant Godwin, LLP." This is very suspect because HC2 could potentially have obtained a default judgment against Godwin and it appears like an effort to "cover its tracks" in this case. Unlike the summons and verified complaint in *Godwin*, in the January 11, 2021 notice of discontinuance *this time* Zannikos eliminates "New York, New York" from the "Dated" line and the "360 Lexington Avenue, New York, NY 10017" address from his signature block: "Dated: January 11, 2021 By:/s/Stephanos Zannikos Stephanos Zannikos, Esq. szannikos@hirecounsel.com 646-356-0528 Attorney for Plaintiff HC2, Inc. d/b/a Hire Counsel." No doubt, HC2 and Zannikos were concerned that the *Godwin* case showing Plaintiff's principal place of business is in New York would be "out there" and discovered in this case. January 11, 2021 was a busy day for HC2 and

3

Zannikos in particular. *Godwin* is cited for the purpose of rebutting the arguments made in Plaintiff's opposition papers.

*Plaintiff fails to provide competent proof that its principal place of business is in Illinois*

Plaintiff asserts for the first time in its brief that its "nerve center" is in Illinois under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) mostly due to the fact that its CEO Joan Davison is allegedly from Chicago and that she submitted an affidavit in this case and that this has to be accepted at face value. However, the secretary of state registrations providing officer information show CEO Joan Davison as located at 360 Lexington Avenue, New York, NY 10017. Specifically, the secretary of state registrations for California, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New York, Vermont, and Virginia all list Davison as having her office in New York. *It is noteworthy that this list includes Illinois and New York themselves*. These filings are sworn declarations from HC2's authorized officer and the Court is respectfully requested to take judicial notice of them. *See Weddington v. Sentry Industries, Inc.*, No. 1:2018cv10055 (S.D.N.Y. 2019) (Castel, J.) ("In fact, Sentry was a corporation organized under the laws of New York with its principal place of business in New York.... In its October 16, 2019 Opinion and Order, this Court took judicial notice that Sentry Industries, Inc. is listed on the New York Department of State website as a New York corporation with a principal place of business at the same address stated in paragraph 1.2 of the FAC.") (citing *J & J Sports Prods., Inc., v. Gomez*, No. 18 cv 5119 (KAM) (CLP), 2019 WL 4744229, at *5 (E.D.N.Y. Sept. 29, 2019) (taking judicial notice of the contents of corporate filing with the New York Department of State and collecting cases that do the same); *Paysafe Partners LP v. Merchants Payment Grp. LLC*, No. 19 Civ. 495 (LGS), 2019 WL 1986607, at *1 n.1 (S.D.N.Y. May 6, 2019) (taking judicial notice that the respondent "is listed as an active entity in the New

York Department of State's Corporation and Business Entity Database.").). *There is no document or other evidence anywhere that ever shows HC2 or Davison as having their principal offices in Chicago, Illinois rather than New York*. Davison's *own verification* in the *Godwin* case, which Plaintiff now appears to be trying to sweep under the rug, affirms that HC2's principal place of business is in New York. Despite HC2's claims now that it was "transitioning" its office to Illinois, the current Hire Counsel website shows *all of its four listed "Leadership" team* – including Davison (CEO), Zannikos (General Counsel), Andreana Nelson (Director of Sales) ("She enjoys taking spontaneous road trips with her husband, trying new recipes, and lives in the Hudson Valley in New York."), and Lynn Mestel (Non-Executive Chairman of the Board) (and founder of Hire Counsel) ("Lynn studied music at The Juilliard School and now she and her husband live in New York City near her children and grandchildren.") – as residing and working in New York.[1] HC2's Chicago office was and is always called merely "a location" and a "branch office" even *after* Davison was hired.[2] Even if its excuse that HC2 was "transitioning" to Illinois is to believed, *Hertz* does not provide for a "transitional" or "in flux" principal place of business. Moreover, HC2 makes much of the claim that Davison allegedly resides in Chicago. However, Davison is not a party to this action and the issue is diversity of HC2's citizenship, not diversity of Davison's residence. *Franceskin v. Suisse*, 214 F.3d 253 (2nd Cir. 1999).

The 26 secretary of state filings and six litigation cases relied on by Defendant are more credible evidence than Davison's and her four select subordinates' affidavits – one of whom is the questionable Zannikos - in this case. One of the reasons for the secretary of state filings, which are and were in HC2's case updated annually including after this case was filed, is for third parties

---

[1] https://www.hirecounsel.com/document-review-centers-hire-counsel/leadership/

[2] https://www.hirecounsel.com/chicago-grand-opening/ ("HCMC Legal Celebrates Grand Opening of New Location in Chicago")

5

such as Defendant to be able to rely on them and to show principal place of business and service of process information. HC2 is now expecting it to be believed that all of these were errors. It also says that they are "outdated", when in fact they are current. HC2's Virginia secretary of state registration, for example, was last made on December 28, 2020. Exh B to the Rotman Declaration at Virginia ("Date Signed: 12/28/2020"). All HC2 has to say about this is: "Furthermore, both CEO Davison and General Counsel Zannikos explain that the Company will be reviewing its corporate registration to correct any mistaken filings." This excuse goes against Zannikos' past declaration that HC2 is the "gold standard in the marketplace." (Dkt. No. 39 at 17) HC2 should also be barred from asserting now that its principal place of business is in Illinois on the principle of quasi-estoppel recognized in this Circuit since HC2's secretary of state filings were made under penalty of perjury – as noted in the motion to dismiss.

With regard to all six of the litigation filings, HC2 contends that these were prior to April 22, 2020 and that they were mistakes due to "prior practices" and "not updated" ("However, Plaintiff's evidence explains that much of these filings were inadvertent or mistakes and not updated because Plaintiff was in the ongoing process of transferring its headquarters from New York to Chicago and had a prior practice of routinely filing in New York."). No one could seriously believe this. In the *Antonelli* case, as per the motion to dismiss, there is a "New York" filing by Zannikos as recently as January 27, 2020 – less than three months before this case was filed. The *Godwin* case is dated November 30, 2020. Zannikos is a member of the New York Bar and it is not credible, and quite deceptive actually, that he is now stating that these were all "mistakes". This is not a case where he made 1-2 innocent mistakes that were outweighed by a majority of contrary filings showing Illinois as HC2's principal place of business. There were no Illinois filings. HC2 states: "Defendant's citation to a selection of Plaintiff's other state court

filings and other evidence do not dilute the significance of Plaintiff's evidence." This was not "a selection" of anything. *100% of the 26 secretary of state filings and HC2 litigation show that its principal place of business is in New York.* HC2 states vaguely: "In fact, recently, in 2020, Plaintiff commenced an action in the District of Columbia in which it attested to the fact that Chicago is its principal place of business" without providing any proof or citation. There is only a case that it supposedly filed *the day that its opposition brief was filed* on January 11, 2021. Even if this discretionary filing which was "coincidentally" filed the same day as its opposition papers were somehow to be believed, diversity is determined as of the date of filing – April 22, 2020. *See Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004).

The fact that in an affidavit Davison claims to have "conducted business out of the Chicago office" and "interacted with HC2's executives in person in Chicago or via phone from her Chicago office with individuals from across the country" is not proof that Illinois is HC2's principal place of business. In fact, it more confirms that it is a branch office of HC2. The case of *Delvalle v. Airport Shoppes and Hotels Corp.*, No. 13-cv-8308, 2014 WL 4159989 (S.D.N.Y. Aug. 20, 2014) cited by HC2 is distinguishable because, unlike here, there was other evidence that Starwood had moved its office to Connecticut and none contradicting that fact. As for *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 607 (S.D.N.Y. 2015), that case actually undercuts HC2's argument about Davison because Judge Rakoff held that Scopia "placed undue emphasis" on the fact that the parent CEO Jay Fishman's location was in New York.

Plaintiff says that the other evidence that HC2 is a citizen of New York in paragraph 32 of the motion to dismiss is "not determinative". But in deciding a Fed. R. Civ. P. 12(b)(1) motion, a district court may consider evidence outside of the pleadings, which is pertinent to the question of the court's subject matter jurisdiction. *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).

As a "red herring", Plaintiff then attaches an excerpt from *part of* its deposition of Defendant to try to now twist despite the pleadings that Defendant was residing in Florida: "Defendant clearly testified that he resided in Florida on the day this action was commenced in response to a question that asked if he was a permanent resident of the State of New York on April 22, 2020." *But at his deposition Defendant clearly testified that his domicile was in New York.* Exh C to the Rotman Declaration. Plaintiff misleadingly did not include those pages of his deposition. The issue has never been in dispute. Anyway, as with Davison, the test is not "diversity of residence".

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it" - here, Plaintiff. *Hertz* at 96. *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998); *see also Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The only time that Plaintiff ever claimed that its principal place of business is in Illinois is in this case. Since both parties are citizens of New York, Plaintiff's complaint should be dismissed *with prejudice.*

## II.  THE AMOUNT IN CONTROVERSY IS ADMITTED TO BE UNDER $75,000

In the motion to dismiss, Defendant stated the *exact dollar amount he was paid* ($67,458.91) as being under $68,000 which Plaintiff's opposition brief does not even deny. In the motion, Defendant explained that HC2's former counsel, Ronald R. Rossi, Esq. of Kasowitz, Benson & Torres LLP, falsely answered the Court's question at the April 29, 2020 hearing about Defendant's compensation by stating that it was "in the low six figures". This was, respectfully, an effort on the part of the Court to ascertain whether the jurisdictional requirements had been met. Plaintiff's opposition brief says nothing to establish that Defendant was paid "in the low six figures" or even over $75,000. This must therefore be presumed to be admitted. Paragraph 33 of the motion to dismiss states: "In its prayer for relief, the sole amount Plaintiff seeks is '4)

Disgorgement of all compensation HC2 paid to Delaney in an amount to be determined at trial.' (Dkt. No. 1)."

Instead, Plaintiff's opposition brief now starts out of nowhere to assert unspecified "economic losses" and "lost profits" supposedly under an "employment agreement" from three years before this document review which does not contain Defendant's signature and which Defendant has repeatedly denied executing or being a party to. Moreover, these new "added on" unspecified damages are not in the complaint or the prayer for relief which – whether under either the faithless servant or the breach of contract claim – is limited to what it paid him. HC2 now vaguely states without any substantiation whatsoever and inconsistently with the complaint that: "Damages as a result of the breach, including attorney's fees, amount to well in excess of $75,000." This is just a conclusory statement that HC2 has added on after the motion to dismiss was filed. In fact, the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs, and therefore the District Court does not have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a). As stated in paragraph 33 of the motion to dismiss: "In paragraph 15 of its complaint, Plaintiff states that 'the amount in controversy exceeds $75,000, exclusive of interest and costs'." "[A]ttorney fees are not generally includable in the jurisdictional amount, [although] an exception is made when a statute authorizes the granting of same." 1 Moore's Federal Practice, P.99 (2) (2d ed. 1964).

The evidence is *now uncontradicted* that Defendant was paid less than $68,000 and that the amount in controversy of $75,000 – the *sine qua non* for the District Court's exercise of subject matter jurisdiction over this action – has not been met and the complaint must therefore be dismissed. This should be *with prejudice* due to Defendant's wasting the District Court's valuable

9

time and resources for nine months and then not admitting to the obvious when it was discovered and instead advancing more concocted arguments and excuses. This whole case was a construct.

### III. PLAINTIFF ADMITS TO NOT COMPLYING WITH LOCAL RULE 26.1

Plaintiff admits that it did not comply with Local Rule 26.1 However, it self-servingly claims it is "a minor and inconsequential omission." But actually in this case it is quite consequential since it was part of its misrepresentation of and failure to present its citizenship. It is part of a picture of Plaintiff's and its lawyers lack of candor about HC2's citizenship from day one. *See Route Messenger Services, Inc. v. Holt-Dow, Inc.*, 139 F.R.D. 311, 312 (S.D.N.Y. 1991) (Freeh, J.) ("It also appears that Piken deliberately failed to include in the complaint a statement regarding Route's principal place of business in order to establish federal court jurisdiction.").

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss *with prejudice* and order such other relief as the Court may deem just and proper.

Dated: New York, New York  　　　　　By:/s/Robert Rotman  
　　　　January 18, 2021  　　　　　　　Robert Rotman, Esq.  
　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*  
　　　　　　　　　　　　　　　　　　　305 East 24th Street Apt. 17R  
　　　　　　　　　　　　　　　　　　　New York, NY 10010  
　　　　　　　　　　　　　　　　　　　(646) 606-4867  
　　　　　　　　　　　　　　　　　　　rrotmanlaw@gmail.com