UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HC2, INC.,

                Plaintiff,

        -against-                       1:20-cv-03178-LJL

ANDREW DELANEY,

                Defendant.
------------------------------------------------------------------x

### NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. PROC. 11

      PLEASE TAKE NOTICE, that the undersigned will move this Court before the Hon. Lewis J. Liman, Judge of this Court, at the Courthouse thereof, located at 500 Pearl Street, New York, New York, at a time and date to be determined by the Court for an order assessing sanctions against plaintiff HC2, Inc. a/k/a "Hire Counsel" and its counsel pursuant to Federal Rules of Civil Procedure 11(b) and 11(c).

      PLEASE TAKE FURTHER NOTICE, that the specific conduct of plaintiff and its counsel that violates Rule 11(b) is fully set forth, described, and supported by defendant's motion to dismiss the complaint and defendant's memorandum of law in support of its motion to dismiss the complaint which have been filed simultaneously herewith and which are hereby incorporated herein by reference, and which are summarized herein below.

      PLEASE TAKE FURTHER NOTICE, that plaintiff's and its counsel's conduct which is in violation of Rule 11(b) and is which is fully described in the aforesaid motion to dismiss, is as follows:

1

1.     Rule 11(b) required plaintiff and its counsel to certify after reasonable inquiry, that the claims and contentions of the complaint are warranted and that the factual contentions therein have evidentiary support.

2.     As set forth in defendant's amended answer, said claims and factual contentions are untrue and frivolous.

3.     Despite that the complaint falsely alleges that there is diversity of citizenship jurisdiction when in fact all plaintiffs and all defendants are citizens of the State of New York, plaintiff has failed and refused to amend and/or withdraw said allegation. *See e.g. Weddington v. Sentry Industries, Inc.,* No. 1:2018cv10055 (S.D.N.Y. 2019) (Castel, J.) ("In fact, Sentry was a corporation organized under the laws of New York with its principal place of business in New York…. In its October 16, 2019 Opinion and Order, this Court took judicial notice that Sentry Industries, Inc. is listed on the New York Department of State website as a New York corporation with a principal place of business at the same address stated in paragraph 1.2 of the FAC."). Clearly, plaintiff and its counsel know where its own principal place of business is. *Route Messenger Servs., Inc. v. Holt-Dow Inc.,* 139 F.R.D. 311, 312 (S.D.N.Y. 1991) (plaintiff misstated its own principal place of business in order to establish federal court jurisdiction).

4.     In truth and in fact the parties hereto are all citizens of the same State and this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Not only do the factual allegations of the complaint lack evidentiary basis, but they are expressly proven false by plaintiff's own litigation filings including in this District Court and in all 13 of its state secretary of state filings.

5.      Despite knowing perfectly well that its claim is for less than $75,000, plaintiff and its counsel failed and refused to discontinue this action. *Commercial Coin Laundry Sys. v. Wiechmann*, No. 91 C 1992, 1992 U.S. Dist. LEXIS 46, at *7 (N.D. Ill. Jan. 6, 1992) (asserting federal diversity claim where damages did not exceed $50,000 was sanctionable). *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175 (JSM), 2002 U.S. Dist. LEXIS 491 at *2 (S.D.N.Y. Jan. 16, 2002) (sanctioning attorneys who "simply closed their eyes to the overwhelming evidence that statements in [their] client's affidavit were not true").

6.      Plaintiff has, and had, no reasonable evidentiary or factual basis for asserting the legal and jurisdictional factual claims set forth in the complaint.

7.      Each count of the complaint is insufficient as a matter of law to such an extent that if plaintiff and its counsel had made reasonable inquiry into the law and jurisdictional facts, that same should have been obvious and apparent.

8.      The filing of this action and its continuance violate Rule 11.  "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores E*., L.P., 732 F.3d 104, 108 (2d Cir. 2013). *Kostovski v. Getty Petro. Corp.*, No. 87 CV 1475, 1990 U.S. Dist. LEXIS 5710, at *4 (E.D.N.Y. Apr. 12, 1990) (sanctions for wholly meritless assertion of diversity jurisdiction).  *Sassower v. Field*, 138 F.R.D. 369, 374 (S.D.N.Y. 1991) (plaintiffs, both as represented parties and pro se litigants, may be held responsible for Rule 11 sanctions), *aff'd on other grounds*, 973 F.2d 75 (2d Cir. 1992).

PLEASE TAKE FURTHER NOTICE, that pursuant to Rule 11(c)(2), you are being afforded a 21-day safe harbor to withdraw and discontinue this action but that said 21-day safe harbor shall not delay the filing of defendant's motion to dismiss.

WHEREFORE, it is respectfully requested that the Court impose sanctions upon plaintiff and its counsel pursuant to FRCP, Rule 11 and that defendant be awarded his reasonable attorney's fees and costs.

Dated: December 28, 2020         By:/s/Robert Rotman_____
                                    Robert Rotman, Esq.
                                    *Attorney for Defendant*
                                    305 East 24th Street Apt. 17R
                                    New York, NY 10010
                                    (646) 606-4867
                                    rrotmanlaw@gmail.com

To:
Michael Nacchio, Esq.
Valerie L. Weiss, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C..
10 Madison Avenue Suite 400
Morristown, NJ 07960

Ronald R. Rossi, Esq.
Kasowitz, Benson & Torres LLP
1633 Broadway
New York, NY 10019