Robert Rotman, Esq.
305 East 24th Street Ste. 17R
New York, NY 10010
(646) 606-4867
rrotmanlaw@gmail.com

February 10, 2021

**Via ECF**
Hon. Lewis J. Liman
Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:      **HC2, Inc. v. Delaney, 1:20-cv-03178**

Dear Judge Liman:

Further to the Court's order that the parties shall file a letter with the Court by February 19, 2021 indicating the status of the settlement discussion, the defendant reports that the court-annexed mediation call was started before the mediator, Joseph J. Salterelli, Esq., on February 10, 2021 but HC2's counsel refused to proceed due to my client's pro se Chapter 7 petition.  Our position was and is that the Court ordered the mediation and that we were willing to move forward.  However, the mediator said that he could not proceed with the mediation if HC2 was unwilling to do so but added that he had read both parties' mediation statements and would be available for a future mediation.

It is our opinion that our pending motion to dismiss for lack of subject-matter jurisdiction which was filed on December 28, 2020 and fully briefed on January 18, 2021 should not be stayed pursuant to 11 U.S.C. § 362.  By its terms, the automatic stay applies to any (i) continuation of (ii) any action or proceeding commenced before the commencement of the bankruptcy proceedings.  *Cf. MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561, 563 (D. Md. 2003) ("[D]ismissing or transferring the case on jurisdictional grounds does not constitute a prohibited 'continuation' of the action under § 362."); *Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Va. 2014) ("First, a remand pursuant to 28 U.S.C. § 1441 does not constitute 'commencement or continuation' of an action. In fact, it is quite the opposite; a remand is simply a finding that the court lacks power to hear the case and that the case belongs in another court.... Remanding the lawsuit to state court expresses no opinion as to the merits of plaintiff's claim and does not affect the substantive rights of either party.").

1

Respectfully, therefore, we request the Court not to stay the issuance of a ruling on our motion to dismiss for lack of subject-matter jurisdiction.

Respectfully submitted,
Robert Rotman
Robert Rotman, Esq.