Robert Rotman, Esq.
305 East 24th Street Ste. 17R
New York, NY 10010
(646) 606-4867
rrotmanlaw@gmail.com

July 28, 2021

<u>Via ECF</u>

Hon. Lewis J. Liman
United States District Court Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   <u>HC2, Inc. v. Delaney, 1:20-cv-03178, Bankruptcy Status Report</u>

Dear Judge Liman:

Further to the Court's Order dated July 21, 2021 "that the parties shall file a joint status letter with the Court by July 28, 2021 stating the status of Defendant's bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed" (Document No. 131), I attempted to obtain HC2's counsel's agreement on a joint letter but after several emails exchanged was unsuccessful.

I, on behalf of the defendant, hereby inform the Court that the Chapter 7 case is still pending. The deadline for filing objections to discharge is now August 13, 2021.   The automatic stay is still in effect.

On April 6, 2021, the plaintiff in this case, HC2, Inc. ("HC2"), initially filed a proof of claim in my client's bankruptcy case and made the same allegations as if this Court's May 27, 2020 preliminary injunction decision had never been made (repeatedly alleging "extortion" and that the Toyota employment letter demanded payment of $450,000 or that Andrew Delaney would disclose its confidential information).  But, on July 19, 2021, HC2 voluntarily withdrew, with terminal prejudice, as a creditor of Mr. Delaney, foregoing a purported $1.1 million dollar claim and filed an expedited motion to exit the Chapter 7 case.  The court approved the order on July 27, 2021.  HC2 is no longer a creditor of Mr. Delaney.

For five months from February 2021-July 2021, HC2 wasted the United States Bankruptcy Court for the Eastern District of New York's ("E.D.N.Y. Br.") valuable time and resources in the same way as it did this Court's.  Ultimately, it admitted it had no claim against my client.

As Your Honor is aware, on January 19, 2021, we filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 against HC2 (Document No. 120).  We respectfully request the Court to rule on this motion the underlying facts of which and willfulness on HC2's part (which is continuing) are beyond dispute.  HC2's actions in the E.D.N.Y. Br. court - which were entirely based on the false predicate that there is subject-matter jurisdiction in the United States District Court for the Southern District of New York - are further proof that our Motion for Sanctions should be granted.

Finally, on January 13, 2021, the defendant filed a Motion for Leave to Proceed In Forma Pauperis on Appeal (Document No. 116).  Although his appeal is stayed, Mr. Delaney respectfully requests the Court to rule on this motion since doing so is not a violation of the automatic stay.  As the Court knows, I am not representing Mr. Delaney on his appeal and he is proceeding *pro se*.

Thanking the Court in advance for considering this letter.

Respectfully submitted,
/s/Robert Rotman, Esq.
*Attorney for Defendant Andrew Delaney*

cc:     Michael Nacchio, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C.