**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                        :

HC2, INC.,                     :        Civil Action No.: 20-cv-3178 (LJL)

                        :
             Plaintiff,    :

                        :
v.                         :        **ORAL ARGUMENT REQUESTED**

                        :
ANDREW DELANEY,       :

                        :
             Defendant    :

                        :

---------------------------------------------------------

**BRIEF IN SUPPORT OF PLAINTIFF HC2, INC.'S MOTION TO SUBSTITUTE THE CHAPTER 7 TRUSTEE**

                    **OGLETREE, DEAKINS, NASH,**
                    **SMOAK & STEWART, P.C.**
                    10 Madison Avenue, Suite 400
                    Morristown, New Jersey 07960
                    Tel: (973) 656-1600
                    Fax: (973) 656-1611
                    *Attorneys for Plaintiff*

On the Brief:
Michael Nacchio, Esq.

## PRELIMINARY STATEMENT

On October 6, 2021, the United States Bankruptcy Court for the Eastern District of New York, sitting in the matter of In re Andrew J. Delaney, No. 1-20-44372 (Bankr. E.D.N.Y.), issued an Order approving a settlement between HC2, Inc. ("HC2") and Gregory Messer, Esq., ("Mr. Messer") in his capacity as Chapter 7 Trustee of Andrew Delaney's ("Delaney") bankruptcy estate. The settlement between HC2, Inc., and Mr. Messer withdraws and dismisses with prejudice all of Mr. Delaney's pre-petition Claims, counterclaims, and arguments, including, expressly, his (dismissed) counterclaims and amended counterclaims, his pending appeal of this Court's dismissal of his amended counterclaims to the U.S. Court of Appeals for the Second Circuit (where HC2 has filed a motion to dismiss or to substitute Mr. Messer, which remains pending), and Delaney's January 19, 2021 motion for sanctions pursuant to Fed. R. Civ. P. 11 ("Pre-Petition Claims").

Pursuant to the terms of the settlement, Mr. Messer has furnished HC2 with Stipulations of Dismissal with prejudice of the forgoing Pre-Petition Claims and arguments. Therefore, HC2 respectfully moves to substitute Mr. Messer, as Chapter 7 Trustee, in place of Mr. Delaney, in order to effectuate the dismissal of Mr. Delaney's Pre-Petition Claims.

## STATEMENT OF FACTS

On April 22, 2020, HC2 commenced the instant action against Mr. Delaney. See Docket No. 1. On May 13, 2020, Delaney filed his answer and first set of counterclaims. See Docket No. 26. HC2 moved to dismiss Delaney's counterclaims. See Docket No. 61. This Court granted HC2's motion without prejudice on July 17, 2020. See Docket. No. 72. Delaney then filed his amended answer and counterclaims on July 31, 2020. See Docket No. 74. HC2 moved to dismiss the amended counterclaims on August 17, 2020. See Docket No. 81. This Court granted HC2's

motion a second time, and dismissed Delaney's counterclaims, by Opinion and Order dated December 18, 2020. See Docket No. 99.

On December 23, 2020, Delaney filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"). A copy of the docket report from In re Andrew J. Delaney, No. 1-20-44372 (Bankr. E.D.N.Y.) ("Bankruptcy Docket"), current as of October 8, 2021, is annexed to the Nacchio Declaration as **Exhibit A.**

On January 13, 2021, Delaney filed a notice of appeal of the District Court's December 18, 2020 Order dismissing his amended counterclaims, together with a motion for leave to proceed *in forma pauperis* on appeal. See Docket No. 117.

On January 19, 2021, Delaney filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 in the instant matter, based on one or more papers or pleadings filed before his December 23, 2020 Chapter 7 Petition. See Docket No. 120.

Upon Delaney's filing for bankruptcy protection, the Bankruptcy Court appointed Gregory Messer, Esq., as the Chapter 7 Trustee of Delaney's bankruptcy estate (the "Trustee"). See Bankruptcy Docket No. 3, Nacchio Decl. Exhibit ("Ex.") A.

On September 1, 2021, Mr. Messer, by his counsel, LaMonica, Herbst & Maniscalco, LLP, filed a motion seeking the Bankruptcy Court's approval of a stipulation of settlement by and between the Trustee and HC2. See Bankruptcy Docket No. 90.

The Bankruptcy Court approved the settlement on October 6, 2021. See Bankruptcy Docket No. 116, Nacchio Decl. **Ex. B**.

## LEGAL ARGUMENT

### MR. MESSER, AS CHAPTER 7 TRUSTEE, SHOULD BE SUBSTITUTED FOR AND IN PLACE OF DELANEY

"Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." In re Hopkins, 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2016) (quoting Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004)); see also In re Manshul Const. Corp., 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998). Mr. Messer is the only proper party in interest. Mr. Messer, as Trustee, has exclusive authority over Delaney's bankruptcy estate after Delaney filed for Chapter 7 Bankruptcy protection on December 23, 2020. As a result, Mr. Messer, not Delaney, is the real party in interest with authority to prosecute – or settle – Delaney's Pre-Petition Claims.

Moreover, "unless it can be shown that the trustee has abandoned the plaintiff [debtor's] suit under procedures specified by the Bankruptcy Code, the trustee remains the 'real party in interest' and the plaintiff's action must be dismissed or the bankruptcy trustee substituted pursuant to F.R.Civ.P. Rule 17." Mele v. First Colony Life Ins., Co., 127 B.R. 82, 84 (D.D.C. 1991). Those procedures are set forth in 11 U.S.C. § 554(a), which provides that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

This never occurred. Instead, Mr. Messer settled all of Delaney's Pre-Petition Claims. See Nacchio Decl. Ex. B.

3

Lastly, substitution of Mr. Messer as Trustee does not require stay relief and does not violate the automatic stay. See In Re Cashco, Inc., 599 B.R. 138, 148-49 (Bankr. D. N.M. 2019) ("…substitution of the Trustee for the Debtor…would not violate the automatic stay."); Borbon v. Western Dental Services, Inc., 2013 WL 12108112, *1 (S.D. Ca. Jan. 16, 2013) (stay does not apply to trustee's prosecution of debtor's affirmative claims); Autoskill Inc., v. National Educational Support Systems, Inc., 994 F.2d 1476, 1486-87 (1993) (trustee does not need stay relief to prosecute or defend claims of the debtor) (overruled on other grounds, TW Telecom Holdings, Inc. v. Carolina Internet Ltd., 661 F.3d 495, 497 (2011)); see also Bankruptcy Rule 6009 (providing that the trustee, with or without court approval, may appear in and prosecute or defend any pending action by or against the debtor).

Therefore, this Court can and should rule upon this motion to substitute the Trustee notwithstanding the automatic stay.

**CONCLUSION**

For all the foregoing reasons, Plaintiff HC2, Inc. respectfully requests that Gregory Messer, Esq., as Chapter 7 Trustee, be substituted as the real party in interest for and in the place of Mr. Delaney.

DATED: October 8, 2021

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Plaintiff*

By:    *s/ Michael Nacchio*
Michael Nacchio

48846204.1

4