# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ANDREW JOHN DELANEY,                                    Chapter 7

                                                        Case No. 20-44372 (JMM)
                    Debtor.
------------------------------------------------------------x

### ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), APPROVING THE STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND HC2, INC., RESOLVING ALL CLAIMS

Upon the motion ("Motion") **[ECF No. 90] (JMM)** dated September 1, 2021 of Gregory Messer, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Andrew John Delaney (the "Debtor" or "Delaney"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to §105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules for the Eastern District of New York (the "Local Rules"), approving the Stipulation of Settlement by and between the Trustee and HC2, Inc. ("HC2") resolving all claims of the Estate and HC2 (the "Stipulation"); and upon the Affidavit of Service of the Motion; ~~and there being no opposition to the relief sought in the Motion~~ **and objections, if any, to the motion having been withdrawn, settled, or overruled (JMM)**; and a hearing on the Motion having been held before the Court on September 28, 2021 at 2:00 p.m.; and the Court having found that the relief sought by the Trustee in the Motion is warranted; and no additional notice being necessary or required, now, therefore, it is

**ORDERED,** that the Stipulation, annexed as **Exhibit A**, is hereby approved; and it is further

**ORDERED,** that the Trustee has the authority to settle or otherwise resolve all of the Pre-Petition Claims (as defined in the Stipulation); and it is further

**ORDERED,** that the Pre-Petition Claims (as defined in the Stipulation) include only those claims and causes of action that arose prior to December 23, 2020 (the "Filing Date") and that belong to the Estate; and it is further

**ORDERED,** that the releases set forth in paragraph 3 of the Stipulation refer only to those claims and causes of action that arose prior to the Filing Date or that otherwise belong to the Estate; and it is further

**ORDERED**, that the Trustee is authorized and empowered to do such things, execute such documents and expend such funds as may be reasonably necessary to implement the terms of this Order and the Stipulation; and, it is further

**ORDERED**, that this Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations and any and all disputes relating to the Stipulation and this Order.

**Dated: Brooklyn, New York**
**October 6, 2021**

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**

**EXHIBIT A**

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Cristina Lipan, Esq.
*Attorneys for the Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                   Chapter 7

ANDREW JOHN DELANEY,                              Case No.: 20-44372 (JMM)

                                        Debtor.
---------------------------------------------------------x

## STIPULATION OF SETTLEMENT

**WHEREAS,** on December 23, 2020 (the "Filing Date"), Andrew John Delaney (the "Debtor" or "Delaney") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"); and

**WHEREAS,** by Notice of Appointment, Gregory Messer was appointed the interim chapter 7 trustee of the Debtor's estate (the "Estate") and has since duly qualified, by operation of law, as the permanent trustee in this case (the "Trustee"); and

*The HC2 Lawsuit*

**WHEREAS,** prior to the Filing Date, on April 22, 2020, HC2, Inc. ("HC2") commenced an action against Delaney in the United States District Court, Southern District of New York (the "District Court"), Case No. 20-cv-03178-LJL (the "HC2 Lawsuit"); and

**WHEREAS,** prior to the Filing Date, on July 31, 2020, Delaney filed his first amended answer and counterclaims against HC2 in the HC2 Lawsuit (the "HC2 Counterclaims"); and

**WHEREAS,** prior to the Filing Date, on December 18, 2020, an order was entered by the District Court granting HC2's motion to dismiss the HC2 Counterclaims (the "Dismissal Order"); and

**WHEREAS,** after the Filing Date, on January 13, 2021, Delaney filed an appeal of the Dismissal Order (the "Dismissal Appeal") in the United States Court of Appeals for the Second Circuit, which is currently pending; and

**WHEREAS,** after the Filing Date, on January 19, 2021, Delaney filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 in the HC2 Lawsuit (the "Sanctions Motion") based on one or more papers or pleadings filed before the Filing Date by HC2; and

*The Delaney Lawsuit*

**WHEREAS,** after the Filing Date, on March 16, 2021, Delaney commenced an action (the "Delaney Complaint") in the Supreme Court of the State of New York, County of New York (the "State Court") against HC2, Index No. 651740/2021 (the "Delaney Lawsuit"); and

**WHEREAS,** after the Filing Date, on May 27, 2021, the State Court entered an order sealing certain paragraphs of the Delaney Complaint (the "Seal Order"); and

**WHEREAS,** after the Filing Date, on June 26, 2021, Delaney filed an appeal of the Seal Order (the "Seal Appeal") in the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, which is currently pending; and

**WHEREAS,** the claims, counterclaims, and arguments asserted by the Delaney Complaint, the HC2 Counterclaims, the Dismissal Appeal, the Sanctions Motion and the Seal Appeal arose pre-petition and belong to the Estate (collectively, along with any other claims that arose pre-petition and belong to the Estate, the "Pre-Petition Claims"); and

**WHEREAS,** the Trustee and HC2 (the "Parties") have determined that continued litigation of the HC2 Lawsuit and the Delaney Lawsuit would result in excessive legal expenses and would not result in a benefit to the Estate, its creditors, or HC2; and

**WHEREAS,** as a result of settlement discussions, the Parties, through their respective counsel, have agreed to the following settlement and resolution of all Pre-Petition Claims upon the terms and conditions set forth in this stipulation (the "Stipulation").

**NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:**

1.      Gregory Messer, as the chapter 7 Trustee of the estate of Andrew John Delaney, has the authority to settle or otherwise resolve all of the Pre-Petition Claims.

2.      All Pre-Petition Claims shall be dismissed or withdrawn, as applicable, with prejudice.

3.      The Trustee, on behalf of the Estate, hereby releases HC2 from any and all actions, damages, demands, claims, potential claims and remedies of any type, whether known or unknown, vested or contingent, whether based in law or equity, that were asserted or can be asserted by the Trustee on behalf of the Estate against HC2 or its shareholders, officers, directors, employees, attorneys, corporate parents, divisions, affiliates, subsidiaries, transferees, insurers, sureties, successors or assigns.

4.      HC2 shall pay to the Trustee the sum of $25,000.00 (the "Settlement Sum") in full and final satisfaction of the Pre-Petition Claims.  The Parties acknowledge and agree that HC2's agreement to pay the Settlement Sum is in no way a reflection or acknowledgment by HC2 of any liability or indebtedness owed to Delaney or to the Estate, any such liability or indebtedness HC2 vigorously disputes, but instead is made to avoid the burden and expense of litigation.

5.      The Settlement Sum shall be paid within ten (10) days after the execution of this Stipulation, and shall be made payable to "Gregory Messer, as Trustee," and delivered to

3

LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793, Attn: Gary F. Herbst, Esq.

6.      Upon execution of the Stipulation and receipt of the Settlement Sum by the Trustee, the Trustee shall file a motion seeking approval of the Stipulation.

7.      Within five business days of entry of an order approving this Stipulation, the Trustee shall execute and deliver to HC2's attorneys stipulations of dismissal or withdrawal, with prejudice, of each of the Pre-Petition Claims (the "Dismissal Stipulations"), which Dismissal Stipulations HC2's attorneys shall have prepared and provided to the Trustee in forms acceptable to the Trustee.

8.      In the event the Court declines to approve the Stipulation in its entirety or with modifications that are mutually acceptable to the Trustee and HC2, the Trustee shall return the Settlement Sum previously paid by HC2 and this Stipulation shall become null and void, and of no further force or effect, and nothing contained herein shall be deemed an admission by any of the Parties and shall not be used in any litigation and is without prejudice to any and all remedies of the Parties. Further, HC2 shall have no other claim or recourse against the Estate, the Trustee or the Trustee's professionals relating to this Stipulation.

9.      The Trustee shall be authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation.

10.      The Trustee agrees to execute any documents in addition to the Dismissal Stipulations that may be reasonably necessary to effectuate the dismissal or withdrawal of the Pre-Petition Claims or otherwise effectuate this Stipulation, at no cost or expense to the Trustee or the Estate.

11.      HC2 hereby waives any claims it may have against the Estate.

4

12.     This Stipulation contains the entire understanding of the Parties hereto and supersedes all prior understanding and agreements, whether written or oral, between the Parties to this Stipulation and/or their counsel relating to the subject matter of this Stipulation.

13.     This Stipulation shall be binding upon and inure to the benefit of the Parties hereto, the Debtor, and their heirs, executors, administrators, successors and assigns.

14.     This Stipulation and the rights and obligations of the Parties under this Stipulation shall be governed by and construed and interpreted in accordance with the laws of the State of New York. This Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations and any and all disputes relating to this Stipulation which may arise among and between the Parties.

15.     This Stipulation may not be altered, modified, or changed unless in writing and signed by all Parties hereto.

16.     This Stipulation may be signed in multiple counterparts and by facsimile or electronic transmission if necessary, each of which, when taken together, shall constitute one (1) executed original.

17.     By signing this Stipulation, each of the Parties hereto acknowledges that each has read all of the terms of the Stipulation and enters into those terms voluntarily and without duress and that it has the authority to bind itself to this Stipulation.

18.     This Stipulation shall be deemed to have been jointly drafted by the Parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Stipulation or the Stipulation as a whole was recorded, prepared, or requested by such party.

Dated:   August 30, 2021       **GREGORY MESSER, ESQ.**
**AS CHAPTER 7 TRUSTEE**

By: _____
          Gregory Messer, Esq.

Dated:   August 27, 2021       **SPECTOR & EHRENWORTH, P.C.**
*Counsel to HC2, Inc.*

By: _____
Douglas A. Goldstein, Esq.
30 Columbia Turnpike--Suite 202
Florham Park, New Jersey 07932-2261 Telephone:
(973) 845-6526
dgoldstein@selawfirm.com