# **LETTER**

November 8, 2021

<u>Via ECF</u>
The Honorable Lewis J. Liman
Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *HC2, Inc. v. Delaney*, 1:20-cv-03178, Response to Order to Show Cause (Dkt. No. 141)

Dear Judge Liman:

On October 25, 2021 (Dkt. No. 141), the District Court ordered the parties, including the defendant, to show cause by November 8, 2021 why the plaintiff HC2, Inc.'s ("HC2") motion to substitute the Chapter 7 Trustee (Dkt. Nos. 136-140) should not be granted.

Respectfully, the District Court does not have jurisdiction, and the District Court should dismiss this case pursuant to Fed. R. Civ. P. 12(h)(3).

Firstly, there is no diversity since on the date this case was filed by HC2, April 22, 2020, all parties were citizens of New York.  The truth is it and its lawyers have been engaged in a fraud on the Court for months, and which is continuing to this day.  *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Secondly, the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs, and therefore the District Court does not have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).  This is confirmed by HC2's now-withdrawn Proof of Claim No. 2 in the defendant's Chapter 7 case which listed its claim as $66,000 exclusive of legal fees.

Thirdly, the plaintiff *admitted* that it did not comply with Local Rule 26.1  S*ee Route Messenger Services, Inc. v. Holt-Dow, Inc.*, 139 F.R.D. 311, 312 (S.D.N.Y. 1991) (Freeh, J.) ("It also appears that Piken deliberately failed to include in the complaint a statement regarding Route's principal place of business in order to establish federal court jurisdiction."); *Weddington v. Sentry Industries, Inc.*, No. 1:2018-cv-10055 (S.D.N.Y. 2019) (Castel, J.).

                                                      Respectfully submitted,
                                                      /s/Andrew Delaney
                                                      Defendant, Pro Se Appellant, and Pro Se Debtor

cc:  Michael Nacchio, Esq. (via ECF)