**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HC2, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY MESSER, Chapter 7 Trustee of the estate of Andrew Delaney,<br><br>Defendant. | Civil Action No.: 20-cv-3178 (LJL) |

**MEMORANDUM OF LAW IN OPPOSITION TO ANDREW DELANEY'S MOTION FOR RECUSAL OF THE HONORABLE LEWIS J. LIMAN**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
*Attorneys for Plaintiff*

On the Brief:
Michael Nacchio, Esq.

**PRELIMINARY STATEMENT**

Non-party Andrew Delaney's motion for recusal is another in a long-line of instances where he has employed and abused the judicial process in service of spinning unfounded and outrageous conspiracy theories that have wasted the resources of parties and courts. Delaney's own Memorandum of Law references to the web of judicial proceedings he has initiated in multiple states and jurisdictions as vehicles to air his conspiracy theories. His 12-page "Factual Background" section goes on to offer proof enough of the frivolous nature of his motion. Without any evidence whatsoever, Delaney alleges an outlandish conspiracy directed against him (the purpose of which cannot even be discerned from his motion) purporting to involve "Democrat Party figures," a "quid pro quo" with the "Biden White House," the hiring of lawyers with ties to former President Donald Trump, "multi-million dollar accounts," "bogus filings," retention of unidentified spies to surveil and harass him, and a "circle" of supposed corruption that influences appointments at the highest levels of the federal judiciary.

Now, Delaney has regrettably included this Court in this latest fantasy. His motion should be denied. In addition to its facial absurdity, it suffers from at least three legal defects.

*First*, Delaney is a non-party. Following the Court's proper substitution of the trustee of Delaney's bankruptcy estate he lost standing in this action and therefore cannot seek recusal under 28 U.S.C § 455.

*Second*, Delaney's motion fails to put forward any credible factual support for his claim of bias. He points to the Court's work nearly twenty years ago at one of the two predecessor firms that later merged into the law firm WilmerHale and speculates that the Court's dismissal of his counterclaims *must* have been the product of bias. As with the web of conspiracies he attempts to link it to, Delaney's newest theory that the Court's rulings were the product of bias is unsupported,

conclusory, and ignores the numerous pleading defects the Court cited in its carefully reasoned decision dismissing Delaney's counterclaims.

*Third*, Delaney's motion is untimely. Motions for recusal must be made promptly. Litigants cannot sit on a potential claim of prejudice and then use it as a "fall back" in the event that the litigation does not turn out favorably to them. As Delaney must acknowledge, the Court's prior work at one of WilmerHale's predecessor firms has long been a matter of public record. If Delaney had concerns about the Court hearing this matter, he should have raised them at the outset. After actively participating in this case for almost two years, Delaney cannot now seek to undo the valid substitution of the bankruptcy trustee as Defendant and dismissal of his counterclaims under the guise of a recusal motion relying on information readily available to him when this case was assigned.

**PROCEDURAL HISTORY**

On April 22, 2020, HC2 commenced the instant action against Delaney asserting claims for monetary damages and seeking an injunction. (ECF No. 1) This Court issued a temporary restraining order against Delaney on April 29, 2020 (ECF No. 14) prohibiting him from making any further disclosures of confidential information, but later denied HC2's motion for a preliminary injunction on May 27, 2020. A representative of WilmerHale submitted a declaration in support of HC2's motion and was deposed by Delaney. (ECF No. 44)

Delaney filed his answer and first set of counterclaims on May 13, 2020. (ECF No. 26) The Court granted HC2's motion to dismiss Delaney's counterclaims *without prejudice,* on July 17, 2020. (ECF No. 72) Delaney then filed amended counterclaims on July 31, 2020. (ECF No. 74) After further briefing, this Court granted HC2's motion to dismiss Delaney's amended

counterclaims with prejudice in a thirty-two page Opinion and Order dated December 18, 2020. (ECF No. 99)

Since then, Delaney has repeatedly attempted to, directly or indirectly, overturn the Court's dismissal of his counterclaims. On December 28, 2020, he filed a meritless motion to dismiss, arguing that the Court never had subject matter jurisdiction. (ECF No. 100) Then on January 13, 2021, although final judgment had not entered, Delaney filed a notice of appeal of the Court's dismissal of his counterclaims along with a motion for leave to proceed with his appeal in *forma pauperis*. (ECF No. 117)

While those motions were pending, HC2 discovered that Delaney had, without informing the Court, filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"). (ECF No. 122) After HC2 notified the Court of this discovery, the Court stayed this action under 11 U.S.C. § 362 and ordered Delaney's motion to dismiss for lack of subject matter jurisdiction withdrawn without prejudice. (ECF No. 126) The Court also directed the parties to submit periodic status updates on the Bankruptcy case. (See, e.g., ECF 126). In one of those updates, Delaney asked for leave to continue his appeal. The Court denied that request, explaining that the appeal would not be in good faith because final judgment had not been entered. (ECF No. 134)

On October 6, 2021, the Bankruptcy Court approved a settlement between the trustee of Delaney's bankruptcy estate, Gregory Messer (the "Bankruptcy Trustee"), and HC2. (See Nacchio Declaration Exhibit B, ECF No. 138). That settlement included a release of the counterclaims Delaney asserted in this action, which were the property of the bankruptcy estate. (*Id.* ¶3)

Thereafter, on October 8, 2021, HC2 moved to substitute the Trustee for Delaney as the plaintiff in this action. (ECF No. 136) After Delaney failed to submit an opposition by the deadline

set forth by the Southern District of New York Local Rules, this Court issued an Order to Show Cause why the motion for substitution should not be granted, which effectively gave Delaney more time to respond to HC2's motion for substitution. (ECF No. 141) The Court received Delaney's opposition on November 8, 2021. (ECF No. 142)

After reviewing the parties' submissions, the Court granted HC2's motion on November 9, 2021 and ordered substitution of the Bankruptcy Trustee as Defendant. (ECF No. 144)

On November 12, 2021, the Court endorsed a stipulation between the Bankruptcy Trustee and HC2 to dismiss the amended counterclaims with prejudice. (ECF No. 147, 148)

On November 24, 2021, Delaney filed a second notice of appeal, challenging the Court's substitution Order. (ECF No. 154) This motion followed on December 20, 2021. (ECF No. 155)

## LEGAL ARGUMENT

### A. Delaney Lacks Standing To Make This Motion

As an initial matter, Delaney has no cognizable legal interest in this litigation and lacks standing. As a consequence of Delaney's bankruptcy filing, HC2's settlement with the Bankruptcy Trustee, and the Court's correct substitution of the Bankruptcy Trustee for Delaney as the proper defendant (and counterclaim plaintiff) in this action, Delaney has no legal claim or capacity to direct the course of this litigation.

As a non-party without an ongoing interest in the case, Delaney has no standing to move for recusal under 28 U.S.C. § 455. See Melendres v. Maricopa Cty., 2017 WL 4315029, at *1 (9th Cir. Aug. 3, 2017) (non-party with "no legally cognizable interest in the litigation" lacked standing to seek recusal of the district judge); U.S. v. Sciarra, 851 F.2d 621, 635 (3d. Cir. 1988) (holding that non-party witnesses lacked standing to move for recusal of judge where there was "no pending action before [the judge] in which the rights of the [witnesses] [were] at issue"); United States v.

8 Gilcrease Lane, 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (finding that non-party lacked standing to invoke 28 U.S.C. § 455); cf. Ligon v. City of New York, 736 F.3d 166, 170-71 (2d Cir. 2013) (disqualified judge lacked standing to protest reassignment of case because she had no legal interest in the case or its outcome).

**B. Delaney Has Presented No Credible Basis For Recusal**

Even if Delaney was still a party, he has not presented a credible basis for recusal. He first seeks recusal under Section 455(a), which requires a judge to recuse himself when "an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008); In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1309 (2d Cir. 1988), cert. denied, 490 U.S. 1101 (1989); see also U.S. v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (recusal is required, "whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased."); Diamondstone v. Macaluso, 148 F.3d 113, 121 (2d Cir. 1998) (recusal is not warranted "on the basis of 'remote, contingent, indirect or speculative interests").

This standard is not met here. No objective, disinterested observer could reasonably question the Court's impartiality. Delaney's arguments to the contrary are based on unsupported conjecture and conspiracy theories so outlandish that simply reading them is proof enough of their deficiency.[1] Moreover, Delaney's claims of bias are undermined by numerous events that Delaney

[1] HC2 categorically denies Delaney's spurious assertions about WilmerHale, Kasowitz Benson Torres, and their lawyers. Delaney's misuse of protected court filings to slander these firms and individual lawyers with entirely unsupported allegations of fraud and wrongdoing is an abuse of the judicial process and emblematic of the ethical lapses that compelled HC2 to bring this action in the first place.

does not address. For example, the Court (i) denied HC2's motion for a preliminary injunction; (ii) gave Delaney an opportunity to replead by dismissing his original counterclaims *without prejudice*; and (iii) gave Delaney another opportunity to oppose HC2's motion for substitution of the Bankruptcy Trustee as party even after he missed the deadline for doing so under the Court's local rules. Weighed against this very real and clear evidence of impartial treatment and reasoned decisions, Delaney's accusation of bias cannot stand.

Indeed, far from moving the needle in his favor, the outlandish nature of the "evidence" he offers to support his claim of bias robs Delaney of any remaining credibility and tips the scales decisively against him. His suggestion that the Court's work twenty years ago for one of the predecessor firms that later became WilmerHale—a law firm that is a client of HC2's but is not a party to this action—somehow makes the Court biased or part of a vast conspiracy theory involving surveillance, harassment, and quid pro quo corruption that reaches to the highest levels of the executive and judicial branches of the United States government and renders it unable to render impartial decisions is absurd, unsupported, and should be rejected out of hand.

Stripped of its more outlandish assertions, Delaney's motion ultimately rests on little more than his unhappiness with the Court's dismissal of his amended counterclaims. Adverse judicial rulings are not a proper basis for recusal. As the United States Supreme Court explained in Liteky v. United States, 510 U.S. 540 (1994):

> First, ***judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.*** In and of themselves ( *i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated

> favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. … *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

Liteky, 510 U.S. at 555-556 (emphasis added).

Accordingly, New York federal courts routinely deny recusal motions similar to this one, even when the movant objects to or appeals the decision, as Delaney has done (improperly) twice.[2] See e.g., Celli v. New York City Dep't of Educ., 2016 WL 10567948, at *2, n.1 (E.D.N.Y. Dec. 24, 2016), aff'd sub nom. Celli v. Cole, 699 F. App'x 88 (2d Cir. 2017) (denying recusal where Plaintiff characterized Judge's decisions as "white collar crimes" and where "plaintiff has searched the internet to find some other basis for recusal … including the fact that approximately 30 years ago, I worked at the same large law firm as one of the plaintiff's nemeses…."); Phelan v. Sullivan, No. 12-3604-CV, 2013 WL 5183664, *3 (2d Cir. Sept. 17, 2013) (affirming the denial of a recusal motion based on plaintiff's disagreements with prior judicial decisions); DaSilva Moore v. Publicis

---

[2] On December 24, 2021, Delaney filed an "AMENDED MOTION for Recusal Corrected to be Fed. R. Civ. P. Rule 12(h)(3)." (ECF Nos., 160,161). In doing so, Delaney appears to conflate a motion for recusal with a motion to dismiss for lack of subject matter jurisdiction. To the extent Delaney's December 24th "Amended Motion" seeks dismissal for lack of subject matter jurisdiction, HC2 relies on and hereby incorporates its previously filed Opposition to Delaney's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (See ECF Nos. 109-115). HC2's previously filed opposition explained that diversity jurisdiction existed when HC2 commenced this action because its headquarters was at the time in Chicago, Illinois and because the amount in controversy exceeded $75,000. (See, e.g., ECF No. 109). In March 2017, HC2 hired a new CEO who resided and worked in Chicago and soon afterwards, HC2 gradually transitioned its headquarters and many of its executives from New York to Illinois. (Id.). Also, HC2 suffered loss of good-will and other monetary damages in addition to those monies paid to Delaney. (Id.).

Groupe, 868 F.Supp.2d 137, 167 (S.D.N.Y. 2012) (denying motion to recuse in which plaintiffs asserted that the Magistrate Judge took "personal offense" to their objections to his rulings); Dekom v. New York, 2013 WL 3095010, *7 (E.D.N.Y. June 18, 2013) (denying plaintiffs' motion for recusal based on their disagreement with judicial decisions); Jackson v. Goord, 2011 WL 4440207, *2 (W.D.N.Y. Sept. 22, 2011) (denying plaintiff's motion to recuse the trial judge because plaintiff had filed an administrative complaint against the court).

Delaney's motion fares no better under Section 455(b)(1), which provides that a judge shall disqualify herself "[w]here she has a personal bias or prejudice concerning a party." As demonstrated above, the Court has shown no indication of bias or prejudice. To the contrary, the Court's rulings demonstrate the lack of any judicial bias.

**C. Delaney's Motion is Untimely**

"[I]t is well-settled that a party seeking recusal must raise its claim at the 'earliest possible moment after obtaining knowledge of facts demonstrating a basis for such a claim.'" Nasca v. Cty. of Suffolk, 2010 WL 3713186, at *2 (E.D.N.Y. Sept. 13, 2010) quoting Apple v. Jewish Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir.1987). There is good reason for that requirement. It allows a judge to assess the merits of the application before taking further action on the case and also "avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." In re Int'l Bus. Machines Corp., 45 F.3d 641, 643 (2d Cir. 1995).

Delaney has not acted promptly. The Court's association with Wilmer Cutler & Pickering LLP many years ago is a matter of public record, and Delaney has known WilmerHale was HC2's corporate client from the outset. In fact, Delaney deposed the WilmerHale representative who submitted a declaration in support of HC2's motion for a preliminary injunction. Delaney has

litigated for nearly two years without raising any issue. During that time, he took discovery, appeared (through counsel) for argument, made motions, and submitted status reports. It is only after substitution of the Bankruptcy Trustee as a party that Delaney and dismissal of the counterclaims that Delaney has brought this recusal motion. This is both an improper basis for recusal and an improper time for raising it. See, e.g., Silver v. Kuehbeck, 217 Fed. Appx. 18, 23–24 (2d Cir.2007) (plaintiff "continued to litigate the case for two more months [after event giving rise to motion], even appearing before the Court for oral arguments on the motion to dismiss … without requesting recusal. It thus appears that [plaintiff] held back his 'recusal application as a fall-back position in the event of adverse rulings on pending matters.'"); Gil Enters., Inc. v. Delvy, 79 F.3d 241, 247 (2d Cir.1996) ("In the face of defeat, [plaintiff] now seeks to do just that which this Court warned against in In re IBM and use its post-hoc recusal motion as a 'fall-back position.' Since [plaintiff]'s objection was raised well later than 'the earliest possible moment,' and because [plaintiff] has failed to demonstrate any bias on the part of the district court beyond [the Judge]'s own expressed frustration, we reject this ground for relief").

## CONCLUSION

For the foregoing reasons, Plaintiff HC2, Inc. respectfully requests that Andrew Delaney's motion to recuse this Court be denied.

DATED: January 3, 2022

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Plaintiff*

By: *s/ Michael Nacchio*
Michael Nacchio