UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HC2, Inc. d/b/a/ Hire Counsel,

        Plaintiff,

-against-                          1:20-cv-03178-LJL

Andrew Delaney,

        Defendant.
---------------------------------------------------------x

### REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO ANDREW DELANEY'S MOTION FOR RECUSAL OF THE HONORABLE LEWIS J. LIMAN

Andrew Delaney ("Delaney"), representing himself pro se, files this Reply to Plaintiff HC2, Inc.'s Memorandum of Law in Opposition to Andrew Delaney's Motion for Recusal of the Honorable Lewis J. Liman as follows.

1    It is improper for HC2, Inc. ("HC2") to oppose Delaney's Motion to Recuse U.S.D.J. Liman pursuant to 28 U.S.C. § 455(b)(1) and 28 U.S.C. § 455(a).

2.    Normally, when a recusal request is made, it is a matter for the judge to rule on.

3.    According to one law review: "When assessing the motion under the legal sufficiency doctrine, a judge must accept the facts as stated in the motion as true. [T]he only question involved is whether the facts alleged are sufficient to compel the judge to disqualify himself."[1]

4.    As such, HC2's Response and arguments against Delaney's facts are inappropriate.

5.    In fact, in Delaney's late parents' divorce case, *Delaney v. Delaney*, 114 A.D.2d 312 (N.Y. App. Div. 1985), the Honorable E. Leon Milonas recused himself voluntarily from the

---

[1] Leslie W. Abramson, "Deciding Recusal Motions: Who Judges the Judges?", Valparaiso University Law Review, Vol. 28, No. 2 [1994], Art. 3 at 533.

1

case because he was a member of the Delaneys' country club. No action was needed on the litigant's part. That is a far less serious ground for recusal than is present here.

6. But HC2 and its lawyer Michael Nacchio never disclosed the conflict in the first place. Now, after not disclosing the conflict, they are arguing Delaney's recusal request is "untimely".

7. HC2 does not answer any of the grounds for recusal but simply claims everything is a "conspiracy theory". What it lists as conspiracies are basic facts.

8. Wilmer, Cutler, Pickering, Hale and Dorr LLP's ("Wilmer Hale") activities in this case are not a conspiracy theory.

9. HC2 complains that Delaney has "wasted the resources of parties and courts." This is derisible coming from the party which filed this bogus case in New York in the first place lying about diversity jurisdiction and wasting Delaney's time and money on its failed "preliminary injunction" ("PI") application. HC2 literally spent $1 million in legal fees on its baseless PI.

10. HC2 then had the nerve to file a bogus proof of claim in Delaney's Chapter 7 case demanding that it pay its $1 million in legal fees for its PI motion when it was the losing party. It was forced to withdraw and pay a settlement to exit when it was called on the carpet for its lies and did not want to have its management - Joan Davison, Brian Hartstein, and Stephanos Zannikos - deposed. It was solely designed to harass and intimidate Delaney which blew up in its face and wasted months of time and money.

11. Nacchio then refers to "to the web of judicial proceedings he has initiated in multiple states and jurisdictions as vehicles to air his conspiracy theories." Again, he must be looking in the mirror. Delaney filed a single action in a Florida state court which he withdrew nine

days later.  It was HC2 that filed a case in multiple jurisdictions when Delaney was visiting Florida.

12. As for "conspiracy theories", HC2 and its lawyers continue to lie that Delaney's employment demand letter threatened to disclose confidential information if he was not paid $450,000.  As Judge Liman found in his May 27, 2020 PI ruling, the letter was a "routine demand letter" and "it's not an extortion."  HC2 and its then-counsel, Kasowitz Benson Torres LLP ("Kasowitz") and Nacchio of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., literally had to lie about the contents of a letter that was later before the Court in the context of the PI hearing.  They literally made up the contents of the letter.  They miscalculated about this provable because Kasowitz expected to obtain a default judgment against Delaney while he was in Florida during the height of the COVID-19 pandemic and that the actual letter would never see the light of day.  This shows their complete lack of ethics and dirty tricks.  Worse, even after Judge Liman's ruling, HC2's bankruptcy counsel Douglas Goldstein repeated the false contents of the demand letter in the Chapter 7 case.

13. However, this was only part of their fraud on this Court which is their lying about diversity jurisdiction which continues up until this day.

14. HC2 then tries to present that there there is no conflict because the Honorable Judge worked at the "predecessor" law firm to Wilmer Hale.

15. It argues that Delaney's recusal request is invalid because he did not show that the dismissal of his counterclaims "must have been the product of bias".  It is not necessary for Delaney to prove this if it was even possible to do so only that there is an appearance of impartiality issue.  Nacchio has it backwards.  It is the existence of a conflict and the appearance of impartiality that raise questions about judicial orders, especially when they tended unreasonably to

3

go against Delaney and are otherwise inexplicable. Even where a judge is impartial, but appears not to be, recusal is necessary.

16. Delaney presented a list of such questionable decisions, including not allowing him to depose anyone (only that HC2 could depose him), writing in the motion to dismiss that the Court had to accept all HC2's allegations as true, not Delaney's, the refusal to address the lack of jurisdiction in this case, and the denial of Delaney's IFP application when he was in bankruptcy.

17. Nacchio incorrectly gives the reasons for Delaney's recusal motion as "Delaney cannot now seek to undo the valid substitution of the bankruptcy trustee as Defendant and dismissal of his counterclaims under the guise of a recusal motion relying on information readily available to him when this case was assigned."

18. These are not the reasons for Delaney's recusal request nor did he ever claim that they were. It is just Nacchio's "conspiracy theory".

19. Delaney did not oppose or appeal the substitution of the trustee per se. That is consistent with the bankruptcy order and is Trustee Gregory Messer's right. What Delaney argued is that HC2 has no standing to make a motion to substitute the opposing party out of the case.

20. Nor did Delaney seek to "undo the dismissal of his counterclaims" - another of Nacchio's "multiple choice" pretexts for the recusal. Delaney's consistent argument - and his argument now - is that this Court does not have jurisdiction in this case and never had jurisdiction and that the orders in this case, including those, are void ab initio.

21. Nacchio is blaming the victim. He and his clients falsely manufactured the jurisdiction in this case and in doing so they wasted the Court's - and Delaney's - time and money.

22. These are all red herrings.

23. Next, HC2 argues that Delaney has no standing to make the recusal request because he was terminated from the case by Judge Liman.

24. However, that is not a final order and is under appeal.

25. Moreover, as stated, Delaney is arguing that this Court has no jurisdiction in this case.

26. Nacchio states: "Since then, Delaney has repeatedly attempted to, directly or indirectly, overturn the Court's dismissal of his counterclaims. On December 28, 2020, he filed a meritless motion to dismiss, arguing that the Court never had subject-matter jurisdiction."

27. It is Delaney's right to raise the issue that this Court never had subject-matter jurisdiction. In federal court, under the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject-matter jurisdiction may be raised at any point in the litigation process

28. HC2 has never presented a serious defense to the lack of subject-matter jurisdiction, which was and is a fraud on the Court, and on January 5, 2022, the Court itself stated that the allegations were "serious". In his recusal motion, Delaney summarized the overwhelming and uncontroverted evidence that there is no subject-matter jurisdiction. In response, all Nacchio has to say is that it is "meritless". There should be a hearing at which HC2's management can finally be deposed as to the clear jurisdictional fraud in this case. If the Court finds otherwise, Delaney has the right to file an expedited appeal to the Circuit Court.

29. Nacchio claims that: "In one of those updates, Delaney asked for leave to continue his appeal. The Court denied that request, explaining that the appeal would not be in good faith because final judgment had not been entered." He is making Delaney's point. As pointed out in the recusal motion, the denial of counterclaims is a final order which is appealable as of right.

30.     After first claiming that Delaney opposed the Trustee's entering the case, Nacchio then contradicts himself that "... Delaney failed to submit an opposition by the deadline set forth by the Southern District of New York Local Rules." He needs to get his story straight.

31.     Absurdly, Nacchio claims that Delaney "slandered" Wilmer Hale, Kasowitz, and "their lawyers" by pointing out what they have actually done while it is they who defamed him claiming "the absolute litigation privilege". Nacchio and "their lawyers" have been defaming Delaney all over the place from the onset of this litigation, accusing him of extortion - a crime in New York - and making up the contents of his employment demand letter in a complete fraud on this Court. As for the "misuse of protected court filings," Nacchio knows all about this since he has been giving these protected court filings to third parties, including Wilmer Hale. It is just another one of Nacchio's "fantasies" and "conspiracy theories".

32.     One fact is beyond dispute - HC2 and its management refused to be deposed as to their lies and fraud and were never allowed to be deposed.

33.     Nacchio refers to Wilmer Hale as "WilmerHale - a law firm that is a client of HC2's but is not a party to this action." HC2 is just an agency and nominee for Wilmer Hale. Pursuant to their "Vendor Agreement", they have a joint litigation pact. Wilmer Hale has been in charge of all litigation involving Delaney and have been the *only* witnesses against him in *every case*. It is a matter of record that Wilmer Hale's attorneys have also been on the Chapter 7 hearing calls even though they are not a party to that case either. It is also a matter of record in Florida that on December 31, 2020 Toyota lawyer James H. Fallace told the court there that Wilmer Hale would (improperly) have access to all of the sealed documents. As a nonparty, they are not entitled to have access to sealed records.

34. The attached invoices from the Chapter 7 case show Wilmer Hale and its lawyers' names redacted - the same as the Posada redacted email - all over the place. This is to hide its involvement and management of this litigation. Exhibit A.

35. Contra HC2, Delaney did not "conflate" the recusal request with a motion to dismiss for lack of subject-matter jurisdiction. It may be news to Nacchio that a party may make different applications about different things. It is a conspiracy theory to suggest as he does that there is a hidden agenda to every different application to the Court. Delaney mentioned the motion to dismiss as a*n example* of grounds for recusal. He is mixing up apples and oranges because he doesn't have a real argument.

36. Finally, despite Nacchio's claim that Delaney has no rights - not the first time -, Delaney has the right to request recusal if he thinks there are grounds for doing so.

37. The fact that HC2 is arguing in favor of the conflict and appearance of impartiality is a further demonstration that recusal is warranted in this case - as is its language about the Court's "correct" decisions (e.g., "the Court's correct substitution of the Bankruptcy Trustee").

WHEREFORE, Andrew Delaney respectfully requests this Court to grant his Motion for Recusal.


Dated:  January 5, 2022                               /s/Andrew Delaney
                                                      Andrew Delaney, Pro Se