UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                  :

HC2, INC.,                                :
                                  :

                Plaintiff,        :

                                  :           20-cv-3178 (LJL)

      -v-                     :
                                  :        MEMORANDUM AND

GREGORY MESSER,              :            ORDER
                                  :

                Defendant.    :

                                  :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Now-terminated defendant Andrew Delaney ("Delaney"), who has been replaced by the

Chapter 7 Trustee Gregory Messer, moves for the Court to recuse itself pursuant to 28 U.S.C.

§ 455(a), (b)(1).  *See* Dkt. Nos. 155–161.  For the following reasons, the motion for recusal is

denied.

**PROCEDURAL HISTORY**

      Plaintiff HC2, Inc. ("HC2") commenced this action against Delaney, bringing claims of

breach of contract and faithless servant for alleged conduct relating to a law firm customer of

HC2 and that law firm's corporate client.  Dkt. No. 1.  The Court denied HC2's concurrent, ex

parte application for a temporary restraining order against Delaney, Dkt. No. 9; granted a limited

temporary restraining order after receiving briefing and hearing argument from both parties, Dkt.

No. 14; and ultimately denied HC2's motion for a preliminary injunction, *see* Dkt. No. 65.

Meanwhile, Delaney answered and counterclaimed, Dkt. No. 26, and HC2 moved to dismiss the

counterclaims, Dkt. No. 61.  The Court granted HC2's motion to dismiss the counterclaims

without prejudice and permitted Delaney to replead.  *See* Dkt. No. 76.  After Delaney filed an

amended answer and amended counterclaims, Dkt. No. 74, HC2 moved to dismiss the amended

counterclaims, Dkt. No. 81.  The Court granted HC2's motion to dismiss the amended counterclaims.  Dkt. No. 99.  Thereafter, Delaney moved to dismiss HC2's complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Dkt. No. 100.

When it was brought to the Court's attention that Delaney had filed for bankruptcy, the Court stayed the case and deemed Delaney's motion to dismiss for lack of jurisdiction withdrawn, without prejudice to renewal upon lifting of the stay.  Dkt. No. 126.  The Court directed the parties to file periodic status letters with the Court on the status of the bankruptcy matter and the automatic stay.  Dkt. Nos. 126, 131, 134.  On October 8, 2021, HC2 moved to substitute the Chapter 7 Trustee, Gregory Messer, in place of Delaney, as the bankruptcy court had approved a settlement between HC2 and the trustee of Delaney's bankruptcy estate withdrawing and dismissing with prejudice all of Delaney's pre-petition claims, counterclaims, and arguments.  Dkt. Nos. 136–137.  On October 25, 2021, having not received a response from Delaney on HC2's motion, the Court ordered Delaney to show cause why the motion should not be granted.  Dkt. No. 141.  On November 8, 2021, Delaney filed a response, arguing that the Court lacked jurisdiction.  Dkt. No. 142.  Having reviewed the submissions of the parties, the Court granted HC2's motion to substitute the Chapter 7 Trustee, thereby terminating Delaney from the action.  Dkt. No. 144.

On December 20, 2021, Delaney moved for recusal, *see* Dkt. Nos. 155–159.  On December 24, 2021, Delaney amended his motion for recusal, *see* Dkt. Nos. 160–161, and on January 3, 2022, HC2 filed a memorandum of law in opposition, Dkt. No. 162.  Delaney filed a reply on January 5, 2022.  Dkt. No. 163.

## LEGAL STANDARD

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned," and subsection (b)(1) of that same statute provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1); *see also United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) ("A federal judge must recuse herself in any proceeding where her impartiality might reasonably be questioned, [or] where the judge has a personal bias or prejudice concerning a party . . . ." (internal quotation marks and citations omitted)).

While section 455(b) "addresses the problem of actual bias," section 455(a) "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)). Thus, under section 455(a), "the existence of the appearance of impropriety is to be determined 'not by considering what a straw poll of the only partly informed man-in the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *Id.* at 126–27 (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)); *see also Couri v. Pavia*, 2019 WL 3553357, at *2 (S.D.N.Y. Aug. 5, 2019) (discussing the objective standard for recusal). "The Second Circuit has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of impropriety." *Couri*, 2019 WL 3553357, at *2 (alteration omitted) (quoting *Barnett v. United States*, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)).

"[R]ecusal motions are committed to the sound discretion of the district court . . . ."

*Morrison*, 153 F.3d at 48 (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)).

"Disqualification is not required on the basis of remote, contingent, indirect or speculative

interests." *Bayless*, 201 F.3d at 127 (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d

Cir. 1998)).  "A judge is as much obligated not to recuse himself when it is not called for as he is

obligated when it is."  *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.  "Were it

otherwise, recusal motions would become a tool for judge-shopping and impeding the

administration of justice."  *Couri*, 2019 WL 3553357, at *2 (internal quotation marks omitted).

## DISCUSSION

Delaney argues that recusal is warranted for several reasons including: that there is an

appearance of impartiality as the Court was a former partner of the law firm Wilmer, Cutler,

Pickering, Hale & Dorr LLP ("WilmerHale"),[1] which Delaney asserts is "controlling all of the

litigation against Delaney" and is the unnamed law firm customer in HC2's complaint, Dkt. No.

161 at 1; that the Court has undisclosed relationships with WilmerHale partners Jay Holtmeier

and Jamie Gorelick, *id.*; and that the Court has exhibited actual bias through rulings adverse to

Delaney in this case, *id.* at 1, 9–14.[2]  HC2 responds that, as a non-party, Delaney cannot seek

recusal.  Dkt. No. 162 at 1, 4–5.  HC2 also argues that there is no credible basis for recusal and

---

[1] In fact, I was a partner of a predecessor firm of WilmerHale—the law firm of Wilmer, Cutler & Pickering—which, after I resigned my partnership, merged with another law firm to form WilmerHale.  I was never a partner at or affiliated with WilmerHale.  I resigned from Wilmer, Cutler & Pickering nearly twenty years ago, in 2003.

[2] Delaney also appears to argue for recusal because former WilmerHale attorney Michael Posada, who served as a witness in a related case, was appointed to the Biden Administration's White House Counsel's Office, which is responsible for nominating federal judges.  Dkt. No. 161 at 6–7.  The argument is incomprehensible.  I was nominated by now-former President Trump and confirmed a year before President Biden was inaugurated.

that Delaney's motion is untimely as it relies on information readily available to him when this case was assigned.  *Id.* at 1–2, 5–9.

There is no basis for recusal.  With the substitution of the Chapter 7 Trustee, Delaney was terminated as a party to this action and thus has no standing to invoke the recusal statute.  *See United States v. Sciarra*, 851 F.2d 621, 636 (3d Cir. 1988) (holding that non-party witnesses "have no standing to invoke section 455" as "there is no pending action before Judge Ackerman in which the rights of the [non-party witnesses] are at issue"); *United States v. 8 Gilcrease Lane*, 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (finding that individual would be "barred" from seeking disqualification under 28 U.S.C. § 455 "because he is not a party to this case"); *cf. United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980) ("[28 U.S.C. § 455] imposes a self-enforcing duty on the judge, but its provisions may be asserted also by a party to the action." (citing *Davis v. Board of School Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975))).

Even if Delaney had standing to bring this recusal motion, the recusal motion is meritless. First, the Court finds that an objective, informed observer could not reasonably question the Court's impartiality based on the Court's former affiliation with a predecessor of the law firm WilmerHale nearly twenty years ago and given that the facts relating to the instant case arose well over a decade after that affiliation had ended.  *See, e.g.*, *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 544 n.3 (S.D.N.Y. 2000) ("There is little question that I should not recuse myself based on my employment at Skadden Arps over two decades ago or the firm's past assistance to my spouse."); *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("The prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal."); *Lipin v. Bergquist*, 574 F. Supp. 2d 423, 27 (S.D.N.Y. 2008) (finding, where judge's former law firm represented a

party in a related action, "no 'objective, disinterested observer' could question the impartiality of these proceedings as a result of this incidental and insignificant connection between this Court and a party in a related action"). Recusal is not justified on the basis of such "remote, contingent, indirect or speculative interests." *Bayless*, 201 F.3d at 127. Second, contrary to Delaney's assertions, the Court has no ongoing professional or personal relationship with WilmerHale partners Jay Holtmeier and Jamie Gorelick, neither of whom the Court has had any contact with for years.[3] *See Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 914 (2004) (Memorandum of Scalia, J.) ("The decision whether a judge's impartiality 'can reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported."). Finally, rulings adverse to Delaney in this case cannot justify recusal for actual bias. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 43 (2d Cir. 2005) (finding that "ruling [denying class certification] alone does not mandate recusal"); *Lipin*, 574 F. Supp. 2d at 427 (rejecting "Plaintiff's allegations regarding bias and/or prejudice [as] frivolous" because "[t]he Court's citation of relevant case law unfavorable to Plaintiff's case is proper and not indicative of bias").[4]

---

[3] Delaney points out that the Court and Jay Holtmeier were both listed on the government's brief in *United States v. Bayless*, which was decided in 2000. Dkt. No. 161 at 4. That, in my prior capacity as an Assistant United States Attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client—the United States Government—is too remote to this case to raise the appearance of impropriety. *Cf. Couri*, 2019 WL 3553357, at *3 (citing *United States v. Oluwafemi*, 883 F. Supp. 885, 893 (E.D.N.Y. 1995), as "denying motion for recusal and holding that a judge who was formerly a federal prosecutor could preside over cases involving former colleagues who were still prosecutors").

[4] The Court also finds the recusal motion to be untimely as it comes over a year and a half after the start of the case and as the Court's former affiliation with the predecessor of WilmerHale has been a matter of public knowledge since I joined that firm over two decades ago. *See Nat'l Auto Brokers*, 572 F.2d at 958–59 (finding plaintiff's recusal motion untimely where judge's former membership in law firm "had for years been a matter of public knowledge and that firm's

## CONCLUSION

The motion for recusal is DENIED.  The Court also notes that the stay of this action put in place on February 22, 2021 in light of the bankruptcy proceeding, Dkt. No. 126, remains in effect.[5]

The Clerk of Court is respectfully directed to close Dkt. Nos. 155, 156, 159, 160, 161.


SO ORDERED.

Dated: January 6, 2022
      New York, New York

_____

LEWIS J. LIMAN
United States District Judge

---

representation of [defendant] had been known to plaintiff's counsel for months prior to trial"); *United States v. Amico*, 486 F.3d 764, 773 (2d Cir. 2007) ("To ensure that a party does not 'hedg[e] its bets against the eventual outcome' of a proceeding, a party must move for recusal 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" (alteration in original) (quoting *Apple v. Jewish Hosp. & Medical Center,* 829 F.2d 326, 333–34 (2d Cir.1987))).

[5] The Court has ordered HC2 and defendant Gregory Messer to file a joint status letter with the Court by February 18, 2022 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed.  Dkt. No. 153.