# 25-_____

---

## In the United States Court of Appeals for the Second Circuit

IN RE:  ANDREW DELANEY

---

## PETITION FOR WRIT OF MANDAMUS

---

Andrew Delaney
*Petitioner*
Sen. Gil Puyat Avenue
Makati Central POB 1057
Brgy. San Antonio
Makati City 1250
Republic of the Philippines
63-90-6049-3000
srview1@gmail.com

May 21, 2025

## Table of Contents

I. Summary………………………………………………………………………... 5

II. Jurisdictional Statement……………………………………………...…… 5

III. The Relief Sought……………………………………………...…… 5

IV. The Issues Presented………………….…………………………………… 5

V. Statement of Facts................................................................................... 6

VI. Reasons Why Mandamus Should Issue……………………………….... 10

VII. All of the District Court's Orders Should Be Vacated and the Case Should Be Dismissed……………………………………………………….... 11

VIII. Exceptional Circumstances Are Present for Mandamus………………... 11

IX. Conclusion……………………………………………..…….. 12

Certificate of Compliance with Word Limit……………………………….… 13

Certificate of Service…………………………………………..………… 14

TABLE OF CASES

Case                                                                          Page No.

*Andrew John Delaney v. Daily Journal Corp.*, No. 22-10788 (11th Cir. 2022).... 6-7
*Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326 (2nd Cir. 1987)……… 11
*Arazi v. Cohen Brothers Realty Corporation*, 1:20-cv-8837-GHW, 2022 WL
912940 (S.D.N.Y. March 28, 2022)…………………………………………. 7
*Cheney v. U.S. District Court*, 542 U.S. 367 (2004)…………………………... 10
*Delaney v. HC2, Inc. et al.*, 1:24-cv-05211-LJL (S.D.N.Y. 2024)……………..... 8
*Delaney v. HC2, Inc. et al.,* 1:24-cv-06287-LJL (S.D.N.Y. 2024)……………… 9
*HC2, Inc. v. Delaney,* 20-cv-3178 (S.D.N.Y. filed April 22, 2020)…..……… 5, 6
*Investment Properties International, Ltd. v. Ios, Ltd.*, 459 F.2d 705 (2nd Cir.
1972)..………………………………………………………………....….. 11-12
*Legal Aid Society of New York v. Herlands*, 399 F.2d 343 (2nd Cir. 1968)……… 10
*Lively v. Wayfarer Studios LLC*, 1:24-cv-10049 (S.D.N.Y. 2024)…………..….. 9
*Tagger v. Strauss Group Ltd.*, 951 F.3d 124 (2d Cir. 2020)……………...……. 11
*The City of N.Y. v. Mickalis Pawn Shop Lic*, 2011 WL 1663427 (2nd Cir. 2011).. 10
*United States v. Bescond*, 24 F.4th 759 (2nd Cir. 2021)………………..…… 12


Statutes

11 U.S.C. § 362….………………………………………………..…… 13
28 U.S.C. § 144….…………………………………………………… 11
28 U.S.C. § 455….……………………………………………….. 6, 12
28 U.S.C. § 1651.……………………………………………………... 5
42 U.S.C. § 12101..…………………………………………………… 9, 11


Rules

Fed. R. Civ. P. 12(b)(1)…………………………………………….…... 11
Fed. R. App. P. 21…………………………………...……………….…. 5

Other

Rajashree Chakravarty, "Potential BofA blind spot prompts court to revive $10B lawsuit," Yahoo Finance, Jul. 3, 2024……………..……………………………….. 8

Prof. Steven Lubet, "Federal judges are mirroring the Supreme Court on financial disclosures," The Hill, Jul. 22, 2024……………………………………………..… 9

Matt Perez, "Court Rejects Recusal Bid In WilmerHale Employment Suit," Law360, Jan. 6, 2022……………………………………………………………...….. 6

Reddit, March 2025………………………………………………………………….... 10

Jack Rodgers, "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case," Law360, Dec. 20, 2021…………………………………………………………...…. 6

I. Summary

1. The Court should enter an order dismissing this case, since the district court has no subject matter jurisdiction and which has been illegally pending against the petitioner for over five years, and/or to remove the district court judge, Hon. Lewis J. Liman.

II. Jurisdictional Statement

2. This Court has jurisdiction to issue a writ of mandamus under 28 U.S.C. § 1651(a).

III. The Relief Sought

3. Pursuant to Rule 21 of the Federal Rules of Appellate Procedure, the petitioner requests that this Court issue a writ of mandamus to the United States District Court for the Southern District of New York ordering the dismissal of *HC2, Inc. v. Delaney*, 20-cv-3178 (S.D.N.Y. filed April 22, 2020), vacating all orders filed by the district court judge, and removing him from further participation in this case.

IV. The Issues Presented

4. Whether issuance of a writ of mandamus vacating all decisions of the district court is warranted due to there being no jurisdiction in the first instance.

5. Whether, pursuant to 28 U.S.C. § 455(a), the district court judge should be disqualified from further participation in Case No. 20-cv-3178 because his impartiality may reasonably be questioned.[1]

V. Statement of Facts

6. On April 22, 2020, Judge Liman's former law firm, Wilmer, Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale"), had its job agency, HC2, Inc. ("HC2"), sue the petitioner, who the judge and his family have known for 50 years and with whom they have had an ongoing dispute since 1987, in the district court based on jurisdictional fraud. Wilmer Hale's agent's complaint did not even allege the citizenship of the parties or the amount in controversy. It falsely stated HC2's citizenship to be in "Illinois" and merely asserted that the petitioner "was a member of the New York Bar." The complaint did not even allege the petitioner's citizenship and should have been dismissed on its face. Moreover, the United States Court of Appeals for the Eleventh Circuit found after an evidentiary hearing that the petitioner has been a domiciliary and citizen of the Republic of the Philippines for decades and is thus not subject to diversity jurisdiction. *Andrew*

---

[1] *See, e.g.*, Jack Rodgers, "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case," Law360, Dec. 20, 2021, https://www.law360.com/articles/1450258/ex-wilmerhale-temp-moves-to-dq-judge-in-employment-case
and Matt Perez, "Court Rejects Recusal Bid In WilmerHale Employment Suit," Law360, Jan. 6, 2022.
https://www.law360.com/articles/1453142/court-rejects-recusal-bid-in-wilmerhale-employment-suit

*John Delaney v. Daily Journal Corp.*, No. 22-10788 (11th Cir. 2022). However, after over five years, Judge Liman has refused to rule on whether or not he has jurisdiction but continues to unlawfully enter order after order in the case.

7. On August 28, 2020, Judge Liman ordered the petitioner to be deposed by HC2, but that the petitioner could not depose any witnesses. Docket No. 90. As a direct result of this absurdly biased order, the petitioner lost all of his counterclaims, while having his own deposition used against him.

8. Judge Liman's dismissal of the petitioner's counterclaims, when it did not even have jurisdiction, was illegal and has been widely criticized. *Arazi v. Cohen Brothers Realty Corporation*, 1:20-cv-8837-GHW, 2022 WL 912940, n.13 (S.D.N.Y. March 28, 2022) (Woods, J.) (*HC2 v. Delaney* reached "conclusions [that] might rest on a misunderstanding of the appropriate standard for analysis of § 740 claims.").

9. On January 5, 2021, Judge Liman refused to rule on the petitioner's unquestioned motion to dismiss for lack of subject-matter jurisdiction. Docket Nos. 100, 105.

10. After the petitioner appealed, Judge Liman sat on the petitioner's in forma pauperis application for several months before denying it. Docket Nos. 116, 134.

11. On December 20, 2021, the petitioner filed a motion to recuse, which the district court judge incorrectly denied.  Document No. 156.

12. Despite having no jurisdiction, Judge Liman continued to illegally issue multiple orders in the case to help his former law firm Wilmer Hale and his former U.S. Attorney's Office boss and law partner Jay Holtmeier, the only witness in the case.  Documents Nos. 121, 126, 134, 144, 153, 164, 165, 167, 169, 170, 173, 178, 181, and 183.

13. On July 3, 2024, Yahoo Finance reported that "The 2020 antitrust case was one of 13 lawsuits overseen by Liman that were scrutinized in a Wall Street Journal investigation into federal judges' stockholdings."[2]

14. On July 15, 2024, in *Delaney v. HC2, Inc. et al.*, 1:24-cv-05211-LJL (S.D.N.Y. 2024), Judge Liman falsely denied knowing the petitioner and did not recuse himself.  Docket No. 11.

---

[2] Rajashree Chakravarty, "Potential BofA blind spot prompts court to revive $10B lawsuit," Yahoo Finance, Jul. 3, 2024.
https://finance.yahoo.com/news/potential-bofa-blind-spot-prompts-
115531415.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce
_referrer_sig=AQAAALOErrW7OBoD28hzQcjtzyHVd5IZF35j7oQqDlwv9Lw_HWzGVttZgbJ
uJ54ELEKRzHSk89gLCll6MAIXtCeSgQJEgSmClcOkMg27A52IWPG1My52Re2_tWWneBaE
GBp2VZFg6AJYQBDCkUvLCWhDDyct4QTLVlXO_zod_3J04cJ-

15. On July 22, 2024, The Hill reported about Judge Liman's "bogus excuse" and accused him of having undisclosed conflicts and failing to recuse himself in other cases, not just the petitioner's.[3]

16. On January 3, 2025, in *Delaney v. HC2, Inc. et al.,* 1:24-cv-06287-LJL (S.D.N.Y. 2024), Judge Liman again inserted himself in a third case involving the petitioner which was removed from state court and directed to him by the defendants' lawyers who deliberately highlighted the conflicts between the judge and the petitioner and ruled that the petitioner "could be found guilty of extortion" and was not disabled under The Americans with Disabilities Act of 1990, 42 USC § 12101 (the "ADA").  Docket No. 55.  As Judge Liman knows perfectly well, the petitioner was never sued for "extortion", which is a crime in New York (there is no civil extortion under New York law), he was only sued for breach of contract. The petitioner has also been judicially determined to be disabled.

17. In April 2025, the public expressed concerns about yet another case, *Lively v. Wayfarer Studios LLC*, 1:24-cv-10049 (S.D.N.Y. 2024), due to Judge Liman's brother Douglas Liman, a Hollywood director:  "I decided to start a deep dive on Judge Lewis Liman.  It didn't take long to find controversy… I'm very worried about the integrity of this judge. I'll be reporting on more cases he has

---

[3] Prof. Steven Lubet, "Federal judges are mirroring the Supreme Court on financial disclosures," The Hill, Jul. 22, 2024.
https://thehill.com/opinion/judiciary/4781853-federal-judges-disclosure-conflicts/

handled… This isn't about one decision.  It's been a pattern."  "I feel like you and me are in the minority when it comes to not trusting this judge. There is something with him."  "I don't get why he doesn't recuse himself given his close connection to Hollyweird elite.    His brother is a well-known Director listed in Blake's Wiki page ffs."[4]

## VI. Reasons Why Mandamus Should Issue

18. Mandamus is proper.  *Cheney v. U.S. District Court*, 542 U.S. 367, 380-381 (2004); *The City of N.Y. v. Mickalis Pawn Shop LLC*, 2011 WL 1663427 (2nd Cir. 2011) ("Federal courts have an independent obligation to inquire into the existence of subject-matter jurisdiction.").

19.  28 U.S.C. § 455 provides in pertinent part that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned."  *Legal Aid Society of New York v. Herlands*, 399 F.2d 343, 346 (2nd Cir. 1968) ("Refusal of recusation goes to the constitution an 'arbitrary and technical' sense, see *Will v. United States*, *supra*, 389 U.S. at 95, 88 S.Ct. 269, comes exceedingly close to jurisdiction and thus is within the traditional concept of mandamus, *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).").

---

[4] Reddit, March 2025.
https://www.reddit.com/r/teamjustinbaldoni/comments/1jxa8qr/i_decided_to_start_a_deep_dive_on_judge_lewis/

20. 28 U.S.C. § 144 (1982) further provides that a judge should recuse himself when a party has filed a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice" against the party or in favor of an adverse party. *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326, 332 (2nd Cir. 1987).

VII. <u>All of the District Court's Orders Should Be Vacated and This Case Should Be Dismissed</u>

21. Since there was never subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), all proceedings in the case are *void ab initio*. *Tagger v. Strauss Group Ltd.*, 951 F.3d 124 (2d Cir. 2020) (Fed. R. Civ. P. 12(h)(3) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

22. Bankruptcy Code, 11 U.S.C. § 362(a), does not prevent this Court or the district court from dismissing the action. The dismissal of an action by the court is not the "continuation of an action against the debtor."

23. The district court's actions are also a violation of the ADA. The petitioner has filed an ADA complaint against Judge Liman with the Department of Justice.

VIII. <u>Exceptional Circumstances Are Present for Mandamus</u>

24. This case is exigent because it has dragged on against a disabled American senior in the Philippines for over five years. *Investment Properties*

11

*International, Ltd. v. Ios, Ltd.*, 459 F.2d 705, 708 (2nd Cir. 1972);  *United States v.*

*Bescond*, 24 F.4th 759, 767 (2nd Cir. 2021) ("*Cf. In re Hijazi*, 589 F.3d 401, 407–

08 (7th Cir. 2009) (reasoning that because a foreign defendant was 'under no

obligation to travel to the United States,' mandamus was justified to compel a

ruling on motions to dismiss).").

## IX. Conclusion

This fraudulent case only exists at all because of Judge Liman and his

former law firm Wilmer Hale.   Regardless, mandamus should issue.


RESPECTFULLY SUBMITTED this May 21, 2025.


/s/Andrew Delaney
Andrew Delaney
*Petitioner*
Sen. Gil Puyat Avenue
Makati Central POB 1057
Brgy. San Antonio
Makati City 1250
Republic of the Philippines
63-90-6049-3000
srview1@gmail.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

1. The undersigned hereby certifies that this document, exclusive of the cover page, is 2,175 words and complies with Fed. R. App. P. 21(d)(1).

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman font for the main text, and 12-point Times New Roman font for the footnotes.

Dated: May 21, 2025                    /s/Andrew Delaney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2025, a true and correct copy of the foregoing PETITION FOR A WRIT OF MANDAMUS was furnished through ECF electronic service and by U.S. Mail, postage prepaid and properly addressed to the following:

The Honorable Lewis J. Liman
*Respondent*
District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Jocelyn Annise Merced, Esq.
Steven Jay Luckner, Esq., -
*Attorneys for HC2, Inc.*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
420 20th Street North Suite1900
Birmingham, AL 35203

Gregory Messer, Esq.
*Chapter 7 Trustee*
26 Court St #2400
Brooklyn, NY 11242

Dated: May 21, 2025                    /s/Andrew Delaney

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

In Re Andrew Delaney

**CERTIFICATE OF SERVICE***

v.

Docket Number: 25-

I, Andrew Delaney _____, hereby certify under penalty of perjury that

(print name)

on May 21, 2025 _____, I served a copy of Petition and IFPmotion

(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery      X United States Mail      ___ Federal Express or other
                                                              Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Judge Lewis Liman | 500 Pearl Street | NY | NY | 10007 |
| Jocelyn Merced | 420 20th St. N. 1900 | Birmingham | AL | 35203 |
| Gregory Messer | 26 Court Street 2400 | Brooklyn | NY | 11242 |
| | | | | |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

May 21, 2025 _____          *Andrew Delaney* _____

Today's Date                                    Signature

Certificate of Service Form (Last Revised 12/2015)

**Query**    **Reports**    **Utilities**    **Help**    **What's New**    **Log Out**

STAYED,CASREF,ECF,MEDTFR9

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20-cv-03178-LJL

| | |
|---|---|
| HC2, Inc. v. Messer | Date Filed: 04/22/2020 |
| Assigned to: Judge Lewis J. Liman | Jury Demand: Both |
| Referred to: Magistrate Judge Jennifer E. Willis (Settlement) | Nature of Suit: 190 Contract: Other |
| Demand: $75,000 | Jurisdiction: Diversity |

Related Cases:  1:24-cv-05211-LJL
                       1:24-cv-06287-LJL

Case in other court:  U.S. Court of Appeals, 2nd Circ., 21-
                               00079

Cause: 28:1332bc Diversity-Breach of Contract

**Plaintiff**

**HC2, Inc.**                        represented by  **Jocelyn Annise Merced**
                                                      Ogletree, Deakins, Nash, Smoak &
                                                      Stewart, P.C (AL)
                                                      420 20th Street North
                                                      Suite1900
                                                      Birmingham, AL 35203
                                                      (973)-656-1600
                                                      Fax: (973)-656-1611
                                                      Email: jocelyn.merced@odnss.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Michael Nacchio**
                                                      Ogletree, Deakins, Nash, Smoak &
                                                      Stewart, P.C.(NJ)
                                                      10 Madison Avenue, Suite 402
                                                      Morristown, NJ 07028
                                                      973-630-2328
                                                      Fax: 973-656-1611
                                                      Email: michael.nacchio@ogletree.com
                                                      *TERMINATED: 10/20/2023*

                                                      **Valerie Lisa Weiss**
                                                      Ogletree, Deakins, Nash, Smoak &
                                                      Stewart, P.C.
                                                      10 Madison Avenue
                                                      Suite 400

Madison, NJ 07960
976-630-6399
Fax: 973-656-1611
Email:
valerie.weiss@ogletreedeakins.com
*TERMINATED: 02/13/2023*
*ATTORNEY TO BE NOTICED*

**Ronald Robert Rossi**
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019
212-506-1947
Fax: 212-506-1800
Email: rrossi@kasowitz.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Andrew Delaney**                          represented by   **Andrew Delaney**
*TERMINATED: 11/09/2021*                                     Sen. Gil Puyat Ave
                                                             Makati Central PO 1057
                                                             Brgy. San Antonio
                                                             Makati
                                                             Philippines
                                                             639426778826
                                                             Email: srview1@gmail.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Robert Rotman**
                                                             Robert Rotman, Esq.
                                                             305 East 24th Street
                                                             Suite 17r
                                                             New York, NY 10010
                                                             646-606-4867
                                                             Email: rrotmanlaw@gmail.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Gregory Messer**

**Counter Claimant**

**Andrew Delaney**                          represented by   **Robert Rotman**
*TERMINATED: 11/09/2021*                                     (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**HC2, Inc.**                          represented by    **Michael Nacchio**
                                                         (See above for address)
                                                         *TERMINATED: 10/20/2023*

                                                         **Valerie Lisa Weiss**
                                                         (See above for address)
                                                         *TERMINATED: 02/13/2023*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ronald Robert Rossi**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Andrew Delaney**                     represented by    **Robert Rotman**
*TERMINATED: 11/09/2021*                                 (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**HC2, Inc.**                          represented by    **Michael Nacchio**
                                                         (See above for address)
                                                         *TERMINATED: 10/20/2023*

                                                         **Valerie Lisa Weiss**
                                                         (See above for address)
                                                         *TERMINATED: 02/13/2023*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ronald Robert Rossi**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/22/2020 | 1 | COMPLAINT against Andrew Delaney. (Filing Fee $ 400.00, Receipt Number ANYSDC-19533307)Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/22/2020) |
| 04/22/2020 | 2 | CIVIL COVER SHEET filed..(Rossi, Ronald) (Entered: 04/22/2020) |
| 04/22/2020 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent HCMC Legal, Inc. for HC2, Inc.. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/22/2020) |
| 04/22/2020 | 4 | |

|  |  | REQUEST FOR ISSUANCE OF SUMMONS as to Andrew Delaney, re: <u>1</u> Complaint. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/22/2020) |
| --- | --- | --- |
| 04/22/2020 | <u>5</u> | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by HC2, Inc...(Rossi, Ronald) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 04/22/2020) |
| 04/22/2020 | <u>6</u> | DECLARATION of Ronald R. Rossi in Support re: <u>5</u> Proposed Order to Show Cause With Emergency Relief. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/22/2020) |
| 04/22/2020 | <u>7</u> | MEMORANDUM OF LAW in Support re: <u>5</u> Proposed Order to Show Cause With Emergency Relief . Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/22/2020) |
| 04/22/2020 |  | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Ronald Robert Rossi. The following case opening statistical information was erroneously selected/entered: Dollar Demand $75,000,000;. The following correction(s) have been made to your case entry: the Dollar Demand has been modified to $75,000;. (jgo)** (Entered: 04/22/2020) |
| 04/22/2020 |  | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Lewis J. Liman. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 04/22/2020) |
| 04/22/2020 |  | Magistrate Judge Kevin Nathaniel Fox is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 04/22/2020) |
| 04/22/2020 |  | Case Designated ECF. (jgo) (Entered: 04/22/2020) |
| 04/22/2020 |  | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. <u>5</u> Proposed Order to Show Cause With Emergency Relief was reviewed and approved as to form. (dt)** (Entered: 04/22/2020) |
| 04/22/2020 | <u>8</u> | ELECTRONIC SUMMONS ISSUED as to Andrew Delaney..(jgo) (Entered: 04/22/2020) |
| 04/22/2020 | <u>9</u> | MEMO ENDORSEMENT on re: <u>5</u> Proposed Order to Show Cause With Emergency Relief filed by HC2, Inc. ENDORSEMENT: Plaintiff's request for ex parte relief is DENIED. An ex parte grant of a TRO is "an emergency procedure" that is "appropriate only where irreparable injury will be caused |

| | | |
|---|---|---|
| | | absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or where advance contact with the adversary would itself he likely to trigger irreparable injury." Dama S.P.A. v. Does, 2015 WL 10846737, at *1 (S.D.N.Y. June 15, 2015) (quoting Little Tor Auto Ctr. v. Exxon Co., USA, 822 F. Supp. 141, 143 (S.D.N.Y.1993)) (emphasis omitted). Plaintiff has not made the requisite showing either that defendant cannot be contacted or that notice on Defendant would be likely to trigger injury. Plaintiff's motion for ex parte relief avers to a fear that, upon notice, defendant who is a lawyer admitted to the bar -- will "effectively partially moot the request by publicly disseminating client confidences before he is subjected to an order of [the] Court..." (Pl. Mem., Dkt. No. 7, at 10.) But, if defendant is a member of the Bar, he surely is aware that the disclosure of client confidences without consent can subject him to severe remedies with respect to his ability to practice law. If, in fact, he has disclosed client confidences in the past (a matter as to which the Court makes no finding), the filing of this lawsuit and this Order itself should put him on notice that future improper disclosures can be met with the most severe sanctions. That should be enough deterrent to make future disclosures of attorney-client confidences unlikely. If it is not enough, the Court doubts that any court order would be sufficient. IT IS ORDERED that Plaintiff shall provide notice of the application for a temporary restraining order and preliminary injunction on Defendant and meet and confer with Defendant within 24 hours of giving notice (including weekends) on a proposed schedule for briefing and hearing on the application. Immediately after meeting and conferring, the parties shall file a proposed schedule with the Court on ECF. SO ORDERED. (Signed by Judge Lewis J. Liman on 4/22/2020) (va) (Entered: 04/22/2020) |
| 04/27/2020 | [10](#) | LETTER MOTION for Oral Argument *to determine whether Defendant should be temporarily restrained pending a decision on Plaintiffs Preliminary Injunction Application* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated April 27, 2020. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 04/27/2020) |
| 04/27/2020 | 11 | ORDER granting [10](#) Letter Motion for Oral Argument. A hearing on Plaintiff's Motion for a Temporary Restraining Order shall take place on Wednesday, April 29, 2020 at 12:00 p.m. by TELEPHONE CONFERENCE. Parties are directed to call the Court's conference line at 888-251-2909 and dial access code 2123101. A copy of this order will be sent by email to both Parties. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (mf) (Entered: 04/27/2020) |
| 04/27/2020 | | Set/Reset Hearings: Telephonic Oral Argument set for 4/29/2020 at 12:00 PM before Judge Lewis J. Liman. (mf) (Entered: 04/27/2020) |
| 04/28/2020 | [12](#) | ORDER: Defendant shall have until 9:00 a.m. on Wednesday, April 29 to submit a written opposition to Plaintiff's Motion for a Temporary Restraining Order. Recognizing the expedited nature of the briefing schedule, both parties will be given ample time at oral argument to describe the relevant facts and their legal argument, and the Court will duly consider requests for supplemental briefing as appropriate. A copy of this order will be sent to the |

| | | |
|---|---|---|
| | | Parties by email. SO ORDERED. ( Responses due by 4/29/2020) (Signed by Judge Lewis J. Liman on 4/28/2020) (va) (Entered: 04/28/2020) |
| 04/29/2020 | [13](#) | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION re: [10](#) LETTER MOTION for Oral Argument *to determine whether Defendant should be temporarily restrained pending a decision on Plaintiffs Preliminary Injunction Application* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated April 27, 2020. Document filed by Andrew Delaney. (va) (Entered: 04/29/2020) |
| 04/29/2020 | [14](#) | TEMPORARY RESTRAINING ORDER: It is hereby: ORDERED that: a. Starting immediately from the time of the Hearing, the Defendant is temporarily restrained from divulging any information that is privileged, confidential or protected by his non-disclosure and/or employment agreement (s) with the Plaintiff, and that he learned through his employment with Plaintiff. b. This Court finds that in light of the current COVID-19 climate and Defendant's related out-of-state unavailability, good cause exists to extend this temporary restraining through and including May 27, 2020; c. The parties shall appear for a status telephonic status conference, by dialing the Court's conference line at 888-251-2909 (access code 2123101), at 12:00 p.m. on May 6, 2020 to discuss the scheduling of a preliminary injunction hearing and the scheduling of other matters relating to this case on a going forward basis; d. The parties shall confer, and by 5:00 p.m. on Monday, May 4, 2020 submit a proposed case management plan with respect to discovery generally; and, e. In preparation for a preliminary injunction hearing on the matters raised in Plaintiff's PI Motion, expedited discovery is permitted; the parties shall have the right to take discovery on an expedited basis in advance of the preliminary injunction hearing. SO ORDERED. ( Telephone Conference set for 5/6/2020 at 12:00 PM before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 4/29/2020) (va) (Entered: 04/30/2020) |
| 04/29/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephonic Oral Argument held on 4/29/2020 re: [5](#) Proposed Order to Show Cause With Emergency Relief filed by HC2, Inc. Ronald Rossi, Ann St. Peter-Griffith, and Stephanos Zannikos present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Court reporter present by telephone. Application to appear Pro Hac Vice by Defense counsel, Robert Rotman, granted. Arguments heard from Plaintiff and Defendant. Decision reserved by the Court. Order to follow. (mf) (Entered: 05/06/2020) |
| 04/30/2020 | | Pro Hac Vice Fee Payment: Filing fee $ 200.00, receipt number ANYSDC-19649937..(Delaney, Andrew) (Entered: 04/30/2020) |
| 05/04/2020 | [15](#) | ORAL MOTION for (Affirmation of Robert Rotman in Support of Motion to Appear Pro Hac Vice) to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Andrew Delaney..(Rotman, Robert) (Additional attachment(s) added on 5/23/2020: # [1](#) Affidavit, # [2](#) Certificate of Good Standing) (ad). (Entered: 05/04/2020) |
| 05/04/2020 | [16](#) | NOTICE OF APPEARANCE by Robert Rotman on behalf of Andrew Delaney..(Rotman, Robert) (Entered: 05/04/2020) |

| 05/04/2020 | 17 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 05/04/2020) |
| 05/04/2020 | 18 | PROPOSED CASE MANAGEMENT PLAN. Document filed by HC2, Inc... (Rossi, Ronald) (Entered: 05/04/2020) |
| 05/04/2020 | 19 | PROPOSED ORDER. Document filed by HC2, Inc...(Rossi, Ronald) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 05/04/2020) |
| 05/04/2020 | 20 | PROPOSED PROTECTIVE ORDER. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/04/2020) |
| 05/04/2020 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 19 Proposed Order was reviewed and approved as to form. (ad)** (Entered: 05/04/2020) |
| 05/06/2020 | 21 | ORDER granting 15 Motion for Robert Rotman to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (wt) (Entered: 05/06/2020) |
| 05/06/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Status Conference held on 5/6/2020. Ronald Rossi, Ann St. Peter-Griffith, and Andrew Muir present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Parties to be referred to Magistrate Judge for settlement. Telephonic Oral Argument set for May 26, 2020 at 1:00PM before Judge Lewis J. Liman. Parties are directed to dial-in to the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the necessary prompts. (mf) (Entered: 05/06/2020) |
| 05/06/2020 | | Set/Reset Hearings: Telephonic Oral Argument set for 5/26/2020 at 01:00 PM before Judge Lewis J. Liman. (mf) (Entered: 05/06/2020) |
| 05/07/2020 | 22 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...SO ORDERED. (Signed by Judge Lewis J. Liman on 5/7/2020) (ks) (Entered: 05/07/2020) |
| 05/07/2020 | 23 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Kevin Nathaniel Fox. (Signed by Judge Lewis J. Liman on 5/7/2020) (rj) (Entered: 05/07/2020) |
| 05/07/2020 | 24 | CASE MANAGEMENT PLAN: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. Motions due by 6/30/2020. Fact Discovery due by 9/3/2020. Depositions of fact witness for the remainder of the case shall be completed by 9/14/2020. Expert Discovery due by 11/16/2020. Deposition due by 11/16/2020. Discovery due by 11/30/2020. The parties have conferred and their present best estimate of the length of trial: Four Days. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/7/2020) (va) (Entered: 05/07/2020) |
| 05/07/2020 | 25 | ORDER: It is HEREBY ORDERED that: 1. No later than 5:00 p.m. on May 22, 2020, the Parties shall file on ECF submissions supporting and opposing |

| | | Plaintiff's motion for a preliminary injunction to include (a) all evidence that such Party intends to rely on to support or oppose (as the case may be) the motion for a preliminary injunction; (b) memoranda in support and in opposition to the motion for a preliminary injunction; and (c) proposed findings of fact and conclusions of law. 2. By agreement of the Parties, the Court will receive testimony in support of and in opposition to the motion for a preliminary injunction in the form of declarations (or affidavits) of the witnesses submitted by the proponent of the witness containing the direct testimony of such witness and deposition testimony to be taken prior to the hearing containing any cross-examination or re-direct examination. 3. The Court will hold a hearing on the motion for a preliminary injunction limited to oral argument on Tuesday, May 26, 2020, at 1:00 p.m. by TELEPHONE CONFERENCE. Parties are directed to call the Court's conference line at 888-2512909 and dial access code 2123101. 4. The Parties are directed to the Court's Individual Practices with respect to the submission of confidential material under seal. Without need to make a further application to the Court, either party may submit a letter brief not to exceed three singled-spaced pages with respect to the filing of confidential material on or before the May 22, 2020 submission date, recognizing that if the letter brief is submitted too close to the May 22, 2020 date for the Court to give it proper attention, the brief will not be ruled upon and the parties will be required to follow the procedures set forth in the Court's individual practices. SO ORDERED. ( Responses due by 5/22/2020, Telephone Conference set for 5/26/2020 at 01:00 PM before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 5/7/2020) (va) (Entered: 05/07/2020) |
|---|---|---|
| 05/13/2020 | 26 | ANSWER to 1 Complaint with JURY DEMAND., COUNTERCLAIM against HC2, Inc.. Document filed by Andrew Delaney. (Attachments: # 1 Supplement Verification).(Rotman, Robert) (Entered: 05/13/2020) |
| 05/15/2020 | 27 | LETTER MOTION for Leave to File /submit the complaint Defendant filed in a Florida court (the Florida Complaint) for in camera review addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 15, 2020. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/15/2020) |
| 05/15/2020 | 28 | LETTER MOTION for Discovery *To Reject Heyisson Declaration in Support of Preliminary Injunction* addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated 05/15/2020. Document filed by Andrew Delaney.. (Rotman, Robert) (Entered: 05/15/2020) |
| 05/18/2020 | 29 | ORDER with respect to 28 Motion for DiscoveryORDERED that Plaintiff shall respond to the letter-motion filed by Defendant on May 15, 2020 (see Dkt. No. 28) no later than 1:00 p.m. today. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (wt) (Entered: 05/18/2020) |
| 05/18/2020 | 30 | ORDER denying 27 Letter Motion for Leave to File Document. Application denied. Documents based upon which plaintiff seeks to obtain an adjudication are presumptively public documents. See Lugosch v. Pyramid Co. 435 F.3d 110, 121-27 (2d. Cir. 2006). Plaintiff may support its application for injunctive relief based on any admissible relevant evidence. If it submits the Florida Complaint, the court will decide any application for sealing based upon the |

| | | |
|---|---|---|
| | | principles set forth in Lugosch. Plaintiff's reliance on cases involving in camera review of privileged documents - where the documents are not offered as a basis for injunctive relief - is inapposite. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/18/2020) (va) (Entered: 05/18/2020) |
| 05/18/2020 | 31 | LETTER addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 18, 2020 re: defendant Andrew Delaneys letter requesting that the Court preemptively strike the declaration of Michael Heyison, the Co-General Counsel of Wilmer Cutler Pickering Hale and Dorr LLP. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit May 17, 2020 Heyison Declaration). (Rossi, Ronald) (Entered: 05/18/2020) |
| 05/18/2020 | 32 | ORDER denying 28 Letter Motion for DiscoveryApplication to strike the declaration denied. Plaintiff may inquire into the facts regarding the preparation of the declaration including whether any changes were made to the document after the 5:00 p.m. deadline and whether the declarant had information about plaintiffs declaration when declarant was drafting his declaration. Upon a showing of prejudice, plaintiff may also make an application to supplement its declaration. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (wt) (Entered: 05/18/2020) |
| 05/19/2020 | 33 | ORDER CORRECTED ORDER. The Order at Dkt. No. 32 misidentified "Defendant" as "Plaintiff." To avoid confusion: Defendant's application to strike the declaration (Dkt. No. 28) is denied. Defendant may inquire into the facts regarding the preparation of the declaration including whether any changes were made to the document after the 5:00 p.m. deadline and whether the declarant had information about Defendants declaration when declarant was drafting his declaration. Upon a showing of prejudice, Defendant may also make an application to supplement its declaration. SO ORDERED. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 05/19/2020) |
| 05/20/2020 | 34 | LETTER MOTION to Seal *Exhibits to Declaration Robert Rotman* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 19, 2020. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/20/2020) |
| 05/20/2020 | 35 | ***SELECTED PARTIES***AFFIRMATION of Robert Rotman re: 34 LETTER MOTION to Seal *Exhibits to Declaration Robert Rotman* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 19, 2020. . Document filed by HC2, Inc., Andrew Delaney. (Attachments: # 1 Exhibit A - Map, # 2 Exhibit B Press Release, # 3 Exhibit C News Article, # 4 Exhibit D News Article, # 5 Exhibit E News Article, # 6 Exhibit F News Article, # 7 Exhibit G News Article, # 8 Exhibit H News Article, # 9 Exhibit I News Article, # 10 Exhibit J Google Images Search Results, # 11 Exhibit K Online Profile, # 12 Exhibit L Press Release, # 13 Exhibit M News Article, # 14 Exhibit N Press Release, # 15 Exhibit O News Article, # 16 Exhibit P News Article, # 17 Exhibit Q News Article, # 18 Exhibit R News Article, # 19 Exhibit S News Article, # 20 Exhibit T News Article, # 21 Exhibit U News Article, # 22 Exhibit V News Article, # 23 Exhibit W News Article, # 24 Exhibit X News Article, # 25 Exhibit Y Google Search Results, # 26 Exhibit Z - Advertisement, # 27 Exhibit AA Internet Promotion, # 28 Exhibit BB Internet |

| | | |
|---|---|---|
| | | Search Results, # 29 Exhibit CC Google Search Results, # 30 Exhibit DD Blog Post, # 31 Exhibit EE Online Profile, # 32 Exhibit FF Website Printout, # 33 Exhibit GG - Notice, # 34 Exhibit HH News Article, # 35 Exhibit II LinkedIn Printout, # 36 Exhibit JJ Business Registration Information, # 37 Errata KK Excerpt of Online Business Information, # 38 Exhibit LL - Business Registration Information, # 39 Exhibit MM - Business Registration Information, # 40 Exhibit NN - Business Registration Information, # 41 Exhibit OO - Business Registration Information, # 42 Exhibit PP - Business Registration Information, # 43 Exhibit QQ - Business Registration Information, # 44 Exhibit RR Google Map, # 45 Exhibit SS News Article, # 46 Exhibit TT Attorney License Search Results)Motion or Order to File Under Seal: 34 . (Rossi, Ronald) (Entered: 05/20/2020) |
| 05/20/2020 | 37 | LETTER MOTION to Seal *exhibits E, L, S, U and Z to the Declaration of Stephanos Zannikos* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 19, 2020. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/20/2020) |
| 05/20/2020 | 39 | DECLARATION of Stephanos Zannikos re: 37 LETTER MOTION to Seal *exhibits E, L, S, U and Z to the Declaration of Stephanos Zannikos* addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 19, 2020. *(Redacted)*. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit E Agreement, # 2 Exhibit L 9/19/19 email, # 3 Exhibit S 3/17/20 email, # 4 Exhibit U 3/18/20 email, # 5 Exhibit Z April 7, 2020 email).(Rossi, Ronald) (Entered: 05/20/2020) |
| 05/20/2020 | 40 | ORDER granting 34 and 37 Letter Motions to SealPlaintiff's letter-motions (Dkt. Nos. 34 and 37) to seal certain exhibits to the Zannikos declaration and paragraphs of and exhibits to the Rotman declaration are GRANTED. The referenced exhibits and paragraphs shall be filed under seal for the Court's review. After filing, the Court will determine whether the documents should be unsealed and made public. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 05/20/2020) |
| 05/20/2020 | 41 | ORDER The Court previously ordered that the Parties make certain filings by 5:00 p.m. on May 22, 2020 (see Dkt. No. 25). This order is to clarify the manner of filing: All submissions should be filed electronically on the public docket. Paragraphs and exhibits ordered to be filed under seal (see Dkt. No. 40) should be redacted in such public filings. Additional copies of filings ordered to be made under seal should be filed under seal, without redaction, according to the Court's instructions for making such filings, available on the Court's website at https://nysd.uscourts.gov/sites/default/files/pdf/ecf_training/SDNY%20Sealed% 20Filing%20in%20ECF.pdf. If either Party needs further assistance, they can contact the Court's helpdesk at helpdesk@nysd.uscourts.gov. The Parties are directed to meet and confer regarding their respective submissions, and among other things should determine which Party or Parties will be responsible for filing any deposition transcripts. Should either Party believe that any part of a filing should be made under seal even if the Court has not previously ordered that such part be sealed then that part should be redacted in the public filing and an unredacted copy |

| | | should be filed under seal regardless of the Party seeking confidentiality. The Party seeking confidentiality shall file a letter supporting such request in conformance with the rules of this Court. The Parties need not submit a hard copy of any filing. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 05/20/2020) |
|---|---|---|
| 05/20/2020 | 42 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated May 20, 2020 re: Plaintiff's Mischaracterization of Exhibits attached to the Declaration of Robert Rotman in Opposition to Plaintiff's Motion for Preliminary Injunction. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 05/20/2020) |
| 05/22/2020 | 43 | MOTION for Preliminary Injunction . Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 44 | DECLARATION of Michael R. Heyison in Support re: 43 MOTION for Preliminary Injunction .. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit 1: Resume of Andrew Delaney, # 2 Exhibit 2: September 30, 2019 Executed Confidentiality Agreement, # 3 Exhibit 3: March 18, 2020 Email, # 4 Exhibit 4: March 27, 2020 Email, # 5 Exhibit 5: March 27, 2020 Email, # 6 Exhibit 6: March 27, 2020 Email, # 7 Exhibit 7: March 27, 2020 Email, # 8 Exhibit 8: April 14, 2020 Email).(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 45 | DECLARATION of Stephanos Zannikos in Support re: 43 MOTION for Preliminary Injunction .. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A: December 28, 2016 Executed Employment Agreement, # 2 Exhibit B December 28, 2016 Executed Contract Employee Conduct Rules, # 3 Exhibit C December 18, 2014 Employee Handbook (Part 1), # 4 Exhibit C December 18, 2014 Employee Handbook (Part 2), # 5 Exhibit D December 28, 2016 Executed Employment Policies, # 6 Exhibit E September 25, 2019 Executed Agreement, # 7 Exhibit F September 11, 2019 Email, # 8 Exhibit G September 11, 2019 Email, # 9 Exhibit H September 11, 2019 Email, # 10 Exhibit I September 12, 2019 Email, # 11 Exhibit J September 13, 2019 Email, # 12 Exhibit K September 12, 2019 Email, # 13 Exhibit L September 19, 2019 Email, # 14 Exhibit M February 21, 2020 Email, # 15 Exhibit N September 30, 2019 Executed Confidentiality Agreement, # 16 Exhibit O September 30, 2019 Executed Temporary Services Agreement, # 17 Exhibit P October 1, 2019 Email, # 18 Exhibit Q March 2, 2020 Email, # 19 Exhibit R March 12, 2020 Email, # 20 Exhibit S March 17, 2020 Email, # 21 Exhibit T March 17, 2020 Email, # 22 Exhibit U March 18, 2020 Email, # 23 Exhibit V March 19, 2020 Email, # 24 Exhibit W March 27, 2020 Email, # 25 Exhibit X March 27, 2020 Email, # 26 Exhibit Y March 30, 2020 Email, # 27 Exhibit Z April 7, 2020 Letter).(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 46 | ***SELECTED PARTIES***DECLARATION of Stephanos Zannikos in Support re: 43 MOTION for Preliminary Injunction .. Document filed by HC2, Inc., Andrew Delaney. (Attachments: # 1 Exhibit A December 28, 2016 Executed Employment Agreement, # 2 Exhibit B December 28, 2016 Executed Contract Employee Conduct Rules, # 3 Exhibit C December 18, 2014 Employee Handbook (Part 1), # 4 Exhibit C December 18, 2014 Employee Handbook (Part 2), # 5 Exhibit D December 28, 2016 Executed Employment |

| | | Policies, # 6 Exhibit E September 25, 2019 Executed Agreement, # 7 Exhibit F September 11, 2019 Email, # 8 Exhibit G September 11, 2019 Email, # 9 Exhibit H September 11, 2019 Email, # 10 Exhibit I September 12, 2019 Email, # 11 Exhibit J September 13, 2019 Email, # 12 Exhibit K September 12, 2019 Email, # 13 Exhibit L September 19, 2019 Email, # 14 Exhibit M February 21, 2020 Email, # 15 Exhibit N September 30, 2019 Executed Confidentiality Agreement, # 16 Exhibit O September 30, 2019 Executed Temporary Services Agreement, # 17 Exhibit P October 1, 2019 Email, # 18 Exhibit Q March 2, 2020 Email, # 19 Exhibit R March 12, 2020 Email, # 20 Exhibit S March 17, 2020 Email, # 21 Exhibit T March 17, 2020 Email, # 22 Exhibit U March 18, 2020 Email, # 23 Exhibit V March 19, 2020 Email, # 24 Exhibit W March 27, 2020 Email, # 25 Exhibit X March 27, 2020 Email, # 26 Exhibit Y March 30, 2020 Email, # 27 Exhibit Z April 7, 2020 Letter)Motion or Order to File Under Seal: 40 .(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 47 | DECLARATION of Ronald R. Rossi in Support re: 43 MOTION for Preliminary Injunction .. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A: Zannikos Tr., # 2 Exhibit B: Heyison Tr., # 3 Exhibit C: Response to RFA, # 4 Exhibit D: 4/22 email).(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 48 | ***SELECTED PARTIES***DECLARATION of Ronald R. Rossi in Support re: 43 MOTION for Preliminary Injunction .. Document filed by HC2, Inc., Andrew Delaney. (Attachments: # 1 Exhibit A: Zannikos Tr., # 2 Exhibit B: Heyison Tr., # 3 Exhibit C: Response to RFA, # 4 Exhibit D: 4/22 email) Motion or Order to File Under Seal: 41 .(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 50 | ***SELECTED PARTIES***PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Document filed by HC2, Inc., Andrew Delaney.Motion or Order to File Under Seal: 41 .(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 51 | MEMORANDUM OF LAW in Opposition re: 43 MOTION for Preliminary Injunction . *Defendant's Memorandum of Law and Opposition to Plaintiff's Motion for Preliminary Injunction*. Document filed by Andrew Delaney. (Attachments: # 1 Exhibit Tab 1, # 2 Exhibit Case Docket, # 3 Exhibit Tab 2, # 4 Exhibit Rule1.6).(Rotman, Robert) (Entered: 05/22/2020) |
| 05/22/2020 | 52 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 43 MOTION for Preliminary Injunction . . Document filed by HC2, Inc., Andrew Delaney. Motion or Order to File Under Seal: 41 .(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 54 | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 05/22/2020) |
| 05/22/2020 | 55 | CERTIFICATE OF SERVICE of Memorandum of Law in Support of Plaintiffs Motion for a Preliminary Injunction, Declaration of Ronald R. Rossi, Declaration of Stephanos Zannikos, Declaration of Michael Heyison, [Proposed] Findings of Fact and Conclusions of Law on May 22, 2020. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 56 | |

| | | |
|---|---|---|
| | | MEMORANDUM OF LAW in Support re: 43 MOTION for Preliminary Injunction . *(Corrected Redacted)*. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/22/2020 | 57 | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 05/22/2020) |
| 05/26/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Oral Argument held on 5/26/2020 by Telephone Conference re: 43 MOTION for Preliminary Injunction filed by HC2, Inc. Ronald Rossi and Ann St. Peter-Griffith present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Court reporter present by telephone. Court heard arguments from both Plaintiff and Defendant. Decision reserved by the Court. Plaintiff's counsel directed to order transcript on an expedited basis. See Transcript. Judge to issue ruling on Plaintiff's motion for a Preliminary Injunction by telephone conference set for May 27, 2020 at 12:00PM. Parties are directed to dial-in to the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the necessary prompts. (mf) (Entered: 05/26/2020) |
| 05/26/2020 | | Set/Reset Hearings: Telephone Conference set for 5/27/2020 at 12:00 PM before Judge Lewis J. Liman. (mf) (Entered: 05/26/2020) |
| 05/27/2020 | 58 | LETTER addressed to Judge Lewis J. Liman from Ronald R. Rossi dated May 27, 2020 re: Furtherance of the Courts Request for Additional Authority. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A- Cases Cited). (Rossi, Ronald) (Entered: 05/27/2020) |
| 05/27/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 5/27/2020 in re: Docket #43 MOTION for Preliminary Injunction filed by HC2, Inc. Ronald Rossi, Ann St. Peter-Griffith, and Andrew Muir present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Court reporter present by telephone. The Court rendered a decision on Plaintiff's motion and denied the application for a Preliminary Injunction. The Court finds that Plaintiff has not met its burden for a preliminary injuntion based on two independent reasons and the motion is denied. Plaintiff has failed to show a likelihood of success on the merits and failed to demonstrate a threat of irreparable harm. See Transcript. (mf) (Entered: 06/03/2020) |
| 06/03/2020 | 59 | LETTER addressed to Judge Lewis J. Liman from Ronald R. Rossi dated June 3, 2020 re: Parties Meet And Confer. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 06/03/2020) |
| 06/03/2020 | 60 | PROPOSED ORDER. Document filed by HC2, Inc.. Related Document Number: [50 and 52]..(Rossi, Ronald) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/03/2020) |
| 06/03/2020 | 61 | MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims*. Document filed by HC2, Inc...(Rossi, Ronald) (Entered: 06/03/2020) |
| 06/03/2020 | 62 | MEMORANDUM OF LAW in Support re: 61 MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims*. . Document filed by HC2, Inc... (Rossi, Ronald) (Entered: 06/03/2020) |

| 06/03/2020 | 63 | DECLARATION of Ronald R. Rossi in Support re: 61 MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims*.. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A: March 17 Email).(Rossi, Ronald) (Entered: 06/03/2020) |
|---|---|---|
| 06/04/2020 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 60 Proposed Order was reviewed and approved as to form. (km)** (Entered: 06/04/2020) |
| 06/04/2020 | 64 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated June 4, 2020 re: Response to Letter of Ronald Rossi, Esq. dated June 3, 2020. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 06/04/2020) |
| 06/15/2020 | 65 | TRANSCRIPT of Proceedings re: CONFERNCE held on 5/27/2020 before Judge Lewis J. Liman. Court Reporter/Transcriber: Steven Griffing, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2020. Redacted Transcript Deadline set for 7/16/2020. Release of Transcript Restriction set for 9/14/2020..(McGuirk, Kelly) (Entered: 06/15/2020) |
| 06/15/2020 | 66 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/27/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 06/15/2020) |
| 06/17/2020 | 67 | DECLARATION of Robert Rotman in Opposition re: 61 MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims*.. Document filed by Andrew Delaney. (Attachments: # 1 Exhibit A Tab, # 2 Exhibit A, # 3 Exhibit B Tab, # 4 Exhibit B).(Rotman, Robert) (Entered: 06/17/2020) |
| 06/17/2020 | 68 | MEMORANDUM OF LAW in Opposition re: 61 MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims*. . Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 06/17/2020) |
| 06/22/2020 | 69 | ORDER: IT IS HEREBY ORDERED that a settlement conference shall be held in the above captioned action on August 12, 2020, at 10:30 a.m. The conference will be held by telephone. The parties are directed to call (888) 557-8511 and, thereafter, enter access code 4862532. The parties are also directed to review and comply with the undersigned's Procedures Applicable to Cases Referred for Settlement, which may be found on the Court's website. As set forth in the procedures, no later than 3 days before the conference, the parties must provide Judge Fox: (1) a pre-conference letter; and (2) a completed attendance form, except that these submissions shall be made via e-mail to: laura_midwood@nysd.uscourts.gov. Additionally, at least seven days prior to the settlement conference, the parties must confer to engage in good-faith settlement negotiations. Should the parties resolve the litigation prior to the conference date, they must notify the undersigned, in writing, expeditiously. |

|  |  | SO ORDERED. (Signed by Magistrate Judge Kevin Nathaniel Fox on 6/22/2020) ( Telephone Conference set for 8/12/2020 at 10:30 AM before Magistrate Judge Kevin Nathaniel Fox.) (ks) (Entered: 06/22/2020) |
|---|---|---|
| 06/24/2020 | 70 | REPLY MEMORANDUM OF LAW in Support re: 61 MOTION to Dismiss *Defendant-Counter Claimant's Counterclaims.* . Document filed by HC2, Inc... (Rossi, Ronald) (Entered: 06/24/2020) |
| 06/25/2020 | 71 | ORDER: IT IS HEREBY ORDERED that at 12:00 p.m. on July 17, 2020, the Court will hold a TELEPHONE CONFERENCE at which the Court will address the pending Motion to Dismiss Defendant-Counterclaimant's Counterclaims. See Dkt. No. 61. At that date and time, the parties are directed to dial the Court's conference line at 888-251-2909 (access code: 2123101). The Court will not hear oral argument on the Motion. (Telephone Conference set for 7/17/2020 at 12:00 PM before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 6/25/2020) (jwh) (Entered: 06/25/2020) |
| 07/17/2020 | 72 | ORDER For the reasons stated in the oral ruling today, the Motion to Dismiss Defendant-Counter Claimant's Counterclaims at Dkt. No. 61 is GRANTED without prejudice. The deadline for Defendant to re-plead counterclaims is August 14, 2020. SO ORDERED. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 07/17/2020) |
| 07/17/2020 |  | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 7/17/2020. Ronald Rossi present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Court reporter present by telephone. (mf) (Entered: 08/03/2020) |
| 07/21/2020 | 73 | CERTIFICATE OF SERVICE of Summons and Complaint. Andrew Delaney served on 4/23/2020, answer due 5/14/2020. Service was accepted by Andrew Delaney. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A: April 2020 Correspondence, # 2 Exhibit B: July 2020 Correspondence).(Rossi, Ronald) (Entered: 07/21/2020) |
| 07/31/2020 | 74 | ANSWER to 26 , 1 Counterclaim., ANSWER to 26 Answer to Complaint, Counterclaim, 1 Complaint with JURY DEMAND., COUNTERCLAIM against HC2, Inc.. Document filed by Andrew Delaney. (Attachments: # 1 Exhibit Tab, # 2 Exhibit Exhibit A).(Rotman, Robert) (Entered: 07/31/2020) |
| 08/07/2020 | 75 | NOTICE OF APPEARANCE by Michael Nacchio on behalf of HC2, Inc... (Nacchio, Michael) (Entered: 08/07/2020) |
| 08/11/2020 | 76 | TRANSCRIPT of Proceedings re: CONFERNECE held on 7/17/2020 before Judge Lewis J. Liman. Court Reporter/Transcriber: Lisa Picciano Franko, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/1/2020. Redacted Transcript Deadline set for 9/11/2020. Release of Transcript Restriction set for 11/9/2020..(McGuirk, Kelly) (Entered: 08/11/2020) |
| 08/11/2020 | 77 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/17/2020 |

| | | |
|---|---|---|
| | | has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 08/11/2020) |
| 08/11/2020 | 78 | LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Michael Nacchio dated August 11, 2020. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 08/11/2020) |
| 08/11/2020 | 79 | LETTER RESPONSE to Motion addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated 08/11/2020 re: 78 LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Michael Nacchio dated August 11, 2020. . Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 08/11/2020) |
| 08/12/2020 | | Minute Entry for proceedings held before Magistrate Judge Kevin Nathaniel Fox: A Settlement Conference was held on 8/12/2020. No settlement was achieved. (Midwood, Laura) (Entered: 08/12/2020) |
| 08/12/2020 | 80 | ORDER granting in part and denying in part 78 Letter Motion for Extension of Time. Counterclaim-Defendant HC2 seeks an extension of time, to August 21, 2020, to respond to the Amended Counterclaim. (See Dkt. No. 78.) HC2 has provided no reason for its requested extension, and Counterclaim-Plaintiff Delaney does not consent. (See Dkt. No. 79.) The Court GRANTS an extension of time for HC2 to respond to the Amended Counterclaim until August 17, 2020. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (mg) (Entered: 08/12/2020) |
| 08/17/2020 | 81 | MOTION to Dismiss *Amended Counterclaims*. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 08/17/2020) |
| 08/17/2020 | 82 | MEMORANDUM OF LAW in Support re: 81 MOTION to Dismiss *Amended Counterclaims*. . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 08/17/2020) |
| 08/24/2020 | 83 | LETTER MOTION for Conference addressed to Judge Lewis J. Liman from Michael Nacchio dated August 24, 2020. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 08/24/2020) |
| 08/24/2020 | 84 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated 08/24/2020 re: 83 LETTER MOTION for Conference addressed to Judge Lewis J. Liman from Michael Nacchio dated August 24, 2020. . Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 08/24/2020) |
| 08/25/2020 | 85 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated August 25, 2020 re: Response/Reply to Opposition to Letter Motion for Conference. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 08/25/2020) |
| 08/25/2020 | 86 | NOTICE of Substitution of Attorney. Old Attorney: Kasowitz Benson Torres LLP, New Attorney: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., |

| | | Address:. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 08/25/2020) |
|---|---|---|
| 08/25/2020 | 87 | NOTICE OF APPEARANCE by Valerie Lisa Weiss on behalf of HC2, Inc... (Weiss, Valerie) (Entered: 08/25/2020) |
| 08/27/2020 | 88 | ORDER ORDERED that a conference will be held to address the parties' dispute regarding the discovery schedule, see Dkt. Nos. 83-85, on Friday, August 28, 2020 at 1:00 p.m. The conference will be held by telephone. At that date and time the parties are directed to dial the Court's conference line at: 888-251-2909 (access code: 2123101) (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 08/27/2020) |
| 08/27/2020 | | Set/Reset Hearings: Telephone Conference set for 8/28/2020 at 01:00 PM before Judge Lewis J. Liman. (mf) (Entered: 08/27/2020) |
| 08/28/2020 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 8/28/2020 in re: (Dkt. Nos. 83-85) parties' dispute regarding the discovery schedule. Michael Nacchio and Stephanos Zannikos present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Court reporter present by telephone. Mr. Nacchio directed to order copy of the transcript on an expedited basis. (mf) (Entered: 09/08/2020) |
| 08/31/2020 | 89 | RESPONSE in Opposition to Motion re: 81 MOTION to Dismiss *Amended Counterclaims*. . Document filed by Andrew Delaney. (Attachments: # 1 Exhibit Tab A, # 2 Exhibit Exhibit A).(Rotman, Robert) (Entered: 08/31/2020) |
| 09/02/2020 | 90 | TRANSCRIPT of Proceedings re: CONFERENCE held on 8/28/2020 before Judge Lewis J. Liman. Court Reporter/Transcriber: Lisa Smith, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/23/2020. Redacted Transcript Deadline set for 10/5/2020. Release of Transcript Restriction set for 12/1/2020..(McGuirk, Kelly) (Entered: 09/02/2020) |
| 09/08/2020 | 91 | REPLY MEMORANDUM OF LAW in Support re: 81 MOTION to Dismiss *Amended Counterclaims*. . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 09/08/2020) |
| 11/23/2020 | 92 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated November 23, 2020 re: discovery dispute. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 11/23/2020) |
| 11/30/2020 | 93 | ORDER: The defendant has filed amended counterclaims referring, in Paragraph 36, to guidance issued by the New York City Health Department on February 14, 2020, and, in Paragraph 37 to an interim guidance issued by the Centers for Disease Control and Prevention (CDC) on March 2, 2020, to businesses and employers. Dkt. No. 74 paragraph 36, 37. In addition, Paragraph 38 refers to Governor Cuomo's March 7, 2020 Executive Order, Executive Order 202. Dkt. No. 74 paragraph 38. The allegations are made in support of Defendant's claim that the termination of his employment following his March 17, 2020 email violated N.Y. Labor Law Section 740. In addition, |

| | | |
|---|---|---|
| | | Paragraph 14 of the counterclaims and Defendant's March 17, 2020 email refers to a speech given by President Trump. Id. paragraph 14. In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Accordingly, Plaintiff is ORDERED to file, by December 4, 2020, an affidavit or declaration attaching authentic copies of the documents referred to in paragraphs 36-38 and 14 of the counterclaims and in the March 17, 2020 email, all of which should have pre-existed March 18, 2020. (Signed by Judge Lewis J. Liman on 11/30/2020) (nb) (Entered: 11/30/2020) |
| 12/01/2020 | 94 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated December 1, 2020 re: ECF No. 93. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 12/01/2020) |
| 12/01/2020 | 95 | AFFIRMATION of Robert Rotman, Esq. re: 93 Order,,,,, . Document filed by Andrew Delaney. (Attachments: # 1 Exhibit Tab 1, # 2 Exhibit, # 3 Exhibit Tab 2, # 4 Exhibit, # 5 Exhibit Tab 3, # 6 Exhibit, # 7 Exhibit Tab 4, # 8 Exhibit, # 9 Exhibit Tab 5, # 10 Exhibit).(Rotman, Robert) (Entered: 12/01/2020) |
| 12/01/2020 | 96 | MEMO ENDORSEMENT on re: 94 Letter filed by HC2, Inc. ENDORSEMENT: The Court's Order at Dkt. No. 93 contains a typographical error. Defendant, not Plaintiff, is ordered to file the affidavit or declaration referred to in that Order. (Signed by Judge Lewis J. Liman on 12/1/2020) (cf) (Entered: 12/02/2020) |
| 12/02/2020 | 97 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated December 2, 2020 re: ECF No. 95. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 12/02/2020) |
| 12/02/2020 | 98 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated 12/2/2020 re: Response to Letter of Michael Nacchio, Esq. dated December 2, 2020. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 12/02/2020) |
| 12/18/2020 | 99 | OPINION AND ORDER: re: 81 MOTION to Dismiss Amended Counterclaims filed by HC2, Inc., 83 LETTER MOTION for Conference addressed to Judge Lewis J. Liman from Michael Nacchio dated August 24, 2020. filed by HC2, Inc. The motion to dismiss the counterclaims is GRANTED. IT IS FURTHER ORDERED that the parties shall appear for a post-discovery status conference on January 5, 2021 at 12:00 p.m. At that date and time the parties are directed to dial the Court's conference line at 888-251-2909 (access code: 2123101). The Clerk of Court is respectfully directed to close Dkt. Nos. 81 and 83. SO ORDERED.., ( Status Conference set for 1/5/2021 at 12:00 PM before Judge Lewis J. Liman.) (Signed by Judge Lewis J. Liman on 12/18/2020) (ama) (Entered: 12/18/2020) |
| 12/28/2020 | 100 | MOTION to Dismiss for Lack of Jurisdiction . Document filed by Andrew Delaney. (Attachments: # 1 Memo of Law, # 2 Tab A, # 3 Exhibit A, # 4 Tab B, # 5 Exhibit B, # 6 Tab C, # 7 Exhibit C, # 8 Tab D, # 9 Exhibit D, # 10 Tab |

| | | |
|---|---|---|
| | | E, # [11] Exhibit E, # [12] Tab F, # [13] Exhibit F, # [14] Tab G, # [15] Exhibit G, # [16] Tab H, # [17] Exhibit H, # [18] Tab I, # [19] Exhibit I, # [20] Tab J, # [21] Exhibit J, # [22] Tab K, # [23] Exhibit K, # [24] Tab L, # [25] Exhibit L, # [26] Tab M, # [27] Exhibit M, # [28] Tab N, # [29] Exhibit N, # [30] Tab O, # [31] Exhibit O, # [32] Tab P, # [33] Exhibit P, # [34] Tab Q, # [35] Exhibit Q, # [36] Tab R, # [37] Exhibit R, # [38] Tab S, # [39] Exhibit S, # [40] Tab T, # [41] Exhibit T, # [42] Tab U, # [43] Exhibit U, # [44] Tab V, # [45] Exhibit V, # [46] Tab W, # [47] Exhibit W, # [48] Tab X, # [49] Exhibit X, # [50] Tab Y, # [51] Exhibit Y, # [52] Tab Z, # [53] Exhibit Z, # [54] Tab AA, # [55] Exhibit AA, # [56] Tab BB, # [57] Exhibit BB, # [58] Tab CC, # [59] Exhibit CC, # [60] Tab DD, # [61] Exhibit DD, # [62] Tab EE, # [63] Exhibit EE, # [64] Tab FF, # [65] Exhibit FF).(Rotman, Robert) (Entered: 12/28/2020) |
| 12/28/2020 | [101] | INTERNET CITATION NOTE: Material from decision with Internet citation re: [99] Memorandum & Opinion, Set Deadlines/Hearings. (sjo) (Entered: 12/28/2020) |
| 12/28/2020 | [102] | INTERNET CITATION NOTE: Material from decision with Internet citation re: [99] Memorandum & Opinion, Set Deadlines/Hearings. (sjo) (Entered: 12/28/2020) |
| 12/28/2020 | [103] | INTERNET CITATION NOTE: Material from decision with Internet citation re: [99] Memorandum & Opinion, Set Deadlines/Hearings. (sjo) (Entered: 12/28/2020) |
| 01/05/2021 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Status Conference held on 1/5/2021. Michael Nacchio and Stephanos Zannikos present by telephone for Plaintiff. Robert Rotman present by telephone for Defendant. Parties to be referred to Court-annexed Mediation program and mediation to be held by February 19, 2021. (mf) (Entered: 01/05/2021) |
| 01/05/2021 | [104] | ORDER: Accordingly, IT IS HEREBY ORDERED that: (As further set forth herein this Order.) SO ORDERED. (Signed by Judge Lewis J. Liman on 1/5/2021) (va) (Entered: 01/05/2021) |
| 01/05/2021 | [105] | MEDIATION REFERRAL ORDER:It is hereby ORDERED that this case is referred for mediation to the Court-annexed Mediation Program. The parties are hereby notified that Local Civil Rule 83.9 of the United States District Court for the Southern District of New York shall govern the mediation and are directed to participate in the mediation in good faith. Mediation is to be held by February 19, 2021. Parties are directed to provide a status update regarding settlement by February 24, 2021. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court. SO ORDERED. Please reference the following when corresponding with the Mediation Office. E-mail MediationOffice@nysd.uscourts.gov, telephone (212) 805-0643, and facsimile (212) 805-0647. Mediator to be Assigned by 1/15/2021. (Signed by Judge Lewis J. Liman on 1/5/2021) (va) (Entered: 01/05/2021) |
| 01/06/2021 | [106] | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated January 6, 2021 re: Request for one-week extension of time to respond to Defendant's motion to dismiss. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/06/2021) |

| | | |
|---|---|---|
| 01/06/2021 | 107 | ORDER Plaintiff's request, at Dkt. No. 106, for a one week extension of time to respond to Defendant's motion to dismiss is DENIED. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 01/06/2021) |
| 01/08/2021 | 108 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated January 8, 2021 re: Defendant's tax returns. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 01/08/2021) |
| 01/11/2021 | 109 | MEMORANDUM OF LAW in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction . . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 110 | DECLARATION of Joan Davison in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 111 | DECLARATION of Patti Ayala in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 112 | DECLARATION of Nancy Rausch in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 113 | DECLARATION of Nick Radoicic in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 114 | DECLARATION of Stephanos Zannikos, Esq. in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 115 | DECLARATION of Michael Naccio, Esq. in Opposition re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Nacchio, Michael) (Entered: 01/11/2021) |
| 01/13/2021 | 116 | MOTION for Leave to Proceed In Forma Pauperis On Appeal. Document filed by Andrew Delaney. (tp) (Entered: 01/14/2021) |
| 01/13/2021 | 117 | NOTICE OF APPEAL from 99 Memorandum & Opinion, Set Deadlines/Hearings. Document filed by Andrew Delaney. Form D-P is due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 01/14/2021) |
| 01/14/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 117 Notice of Appeal. (tp) (Entered: 01/14/2021) |
| 01/14/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 117 Notice of Appeal filed by Andrew Delaney were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/14/2021) |
| 01/18/2021 | 118 | REPLY to Response to Motion re: 100 MOTION to Dismiss for Lack of Jurisdiction . . Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 01/18/2021) |

| 01/18/2021 | 119 | REPLY AFFIDAVIT of Robert Rotman, Esq. in Support re: 100 MOTION to Dismiss for Lack of Jurisdiction .. Document filed by Andrew Delaney. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Rotman, Robert) (Entered: 01/18/2021) |
|---|---|---|
| 01/19/2021 | 120 | MOTION for Sanctions *Pursuant to to Federal Rule of Civil Procedure 11.* Document filed by Andrew Delaney. (Attachments: # 1 Certification).(Rotman, Robert) (Entered: 01/19/2021) |
| 01/20/2021 | | ORDER deferring ruling on 120 Motion for Sanctions. The motion is predicated on defendant's assumption that the Court will grant defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff need not respond to the motion. The Court will grant plaintiff time to respond if it determines that the action must be dismissed for lack of subject matter jurisdiction, and, even then, only if the Court determines the motion requires a response. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 01/20/2021) |
| 01/21/2021 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 2/22/2021..(ah) (Entered: 01/21/2021) |
| 01/21/2021 | | MEDIATION CONFERENCE SCHEDULED First Mediation Conference scheduled for 2/10/2021 at 10:00 AM through video conference.(ah) (Entered: 01/21/2021) |
| 01/29/2021 | 121 | ORDERED that the parties shall file a status letter with the Court by February 19, 2021 indicating the status of settlement discussion. SO ORDERED (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (wt) (Entered: 01/29/2021) |
| 02/09/2021 | 122 | SUGGESTION OF BANKRUPTCY upon the record as to Defendant *Andrew Delaney*. Document filed by HC2, Inc..(Nacchio, Michael) (Entered: 02/09/2021) |
| 02/09/2021 | 123 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated 02/09/2021 re: RESPONSE TO SUGGESTION OF BANKRUPTCY. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 02/09/2021) |
| 02/10/2021 | | MEDIATION CONFERENCE NOT HELD Mediation Conference scheduled for 2/10/2021 was not held. Mediation Status due by 2/24/2021.(sb) (Entered: 02/10/2021) |
| 02/10/2021 | 124 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated February 10, 2021 re: Motion to Dismiss and Mediation. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 02/10/2021) |
| 02/19/2021 | 125 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated February 19, 2021 re: ECF No. 121 (Order). Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 02/19/2021) |
| 02/22/2021 | 126 | **Vacated as per Judge's Order dated 7/11/2024, Doc. #186** ORDER withdrawing without prejudice to renewal 100 Motion to Dismiss for Lack of Jurisdiction. In light of Defendant having filed for bankruptcy, see Dkt. No. |

| | | |
|---|---|---|
| | | 122, this action is STAYED pending further order of the Court. See 11 U.S.C. § 362. The parties are ORDERED to file a status letter with the Court by April 22, 2021. The motion to dismiss at Dkt. No. 100 is deemed withdrawn, without prejudice to renewal upon lifting of the stay. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 100. SO ORDERED. (Signed by Judge Lewis J. Liman on 2/22/2021) (mml) Modified on 7/11/2024 (ks). (Entered: 02/23/2021) |
| 02/22/2021 | | Case Stayed. (mml) (Entered: 02/23/2021) |
| 04/22/2021 | 127 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated July 22, 2021 re: Status of Case pursuant to February 22, 2021 Stay Order. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 04/22/2021) |
| 04/22/2021 | 128 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated April 22, 2021 re: status. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 04/22/2021) |
| 05/27/2021 | 130 | MOTION for Valerie L. Weiss to Withdraw as Attorney . Document filed by HC2, Inc.. (Attachments: # 1 Affidavit of Valerie L. Weiss).(Weiss, Valerie) (Entered: 05/27/2021) |
| 07/21/2021 | 131 | ORDER: ORDERED that the parties shall file a joint status letter with the Court by July 28, 2021 stating the status of Defendant's bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. SO ORDERED. (Signed by Judge Lewis J. Liman on 7/21/2021) (va) (Entered: 07/21/2021) |
| 07/28/2021 | 132 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated July 28, 2021 re: ECF NO. 131. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 07/28/2021) |
| 07/28/2021 | 133 | LETTER addressed to Judge Lewis J. Liman from Robert Rotman, Esq. dated July 28, 2021 re: Status. Document filed by Andrew Delaney..(Rotman, Robert) (Entered: 07/28/2021) |
| 07/29/2021 | 134 | ORDER: denying 116 Motion for Leave to Appeal in forma pauperis. ORDERED that the parties shall file an update on Plaintiff's claim for bankruptcy and the automatic stay by October 29, 2021. Defendant moves, at Dkt. No. 116, for leave to proceed in forma pauperis on his appeal of the Court's Order at Dkt. No. 99 dismissing his counterclaims. However, there is not yet any final judgment in this case and any appeal would be premature. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's Opinion and Order at Dkt. No. 99 filed before final judgment is entered would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any such appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court reserves on the pending motion for sanctions. The Clerk of Court is respectfully directed to close Dkt. No. 116. SO ORDERED.. (Signed by Judge Lewis J. Liman on 7/29/2021) (ama) (Entered: 07/29/2021) |
| 07/29/2021 | | Terminate Transcript Deadlines (ama) (Entered: 07/29/2021) |
| | | |

| | | |
|---|---|---|
| 08/10/2021 | | USCA Case Number 21-0079 from the U.S. Court of Appeals, 2nd Circ. assigned to 117 Notice of Appeal filed by Andrew Delaney..(nd) (Entered: 08/10/2021) |
| 08/10/2021 | | USCA Appeal Fees received $ 505.00 receipt number 465401284098 on 08/10/2021 re: 117 Notice of Appeal filed by Andrew Delaney. USCA Case No. 21-0079..(nd) (Entered: 08/10/2021) |
| 09/07/2021 | 135 | ORDER of USCA (Certified Copy) as to 117 Notice of Appeal filed by Andrew Delaney. USCA Case Number 21-0079. In light of the Appellant having filed for bankruptcy, and in accordance with the stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, It is hereby ORDERED that this appeal is stayed. Appellant directed to inform this Court, in writing, as to the status of the automatic stay, within 14 days of the date of this order, thereafter at 30-day intervals, and immediately when the stay is lifted or when there are other developments in the bankruptcy proceeding which permit this matter to proceed or otherwise be resolved. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 09/07/2021..(nd) (Entered: 09/07/2021) |
| 10/08/2021 | 136 | MOTION to Substitute Party. Old Party: Andrew Delaney, New Party: Gregory Messer . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 10/08/2021) |
| 10/08/2021 | 137 | MEMORANDUM OF LAW in Support re: 136 MOTION to Substitute Party. Old Party: Andrew Delaney, New Party: Gregory Messer . . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 10/08/2021) |
| 10/08/2021 | 138 | DECLARATION of Michael Nacchio in Support re: 136 MOTION to Substitute Party. Old Party: Andrew Delaney, New Party: Gregory Messer .. Document filed by HC2, Inc.. (Attachments: # 1 Exhibit A (Bankruptcy Court Docket), # 2 Exhibit B (Order of the Honorable Jil Mazer-Marino, United States Bankruptcy Judge)).(Nacchio, Michael) (Entered: 10/08/2021) |
| 10/08/2021 | 139 | PROPOSED ORDER. Document filed by HC2, Inc.. Related Document Number: 136 ..(Nacchio, Michael) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 10/08/2021) |
| 10/08/2021 | 140 | CERTIFICATE OF SERVICE. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 10/08/2021) |
| 10/08/2021 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 139 Proposed Order was reviewed and approved as to form. (dt)** (Entered: 10/08/2021) |
| 10/25/2021 | 141 | **Vacated as per Judge's Order dated 7/11/2024, Doc. #186** ORDER: The Court has received plaintiff HC2, Inc.'s ("HC2" or "Plaintiff") Motion to Substitute the Chapter 7 Trustee and accompanying papers. Dkt. Nos. 136-140. Defendant Andrew Delaney and Chapter 7 Trustee Gregory Messer (Trustee) shall have until November 8, 2021 to show cause why the motion should not be granted. Plaintiff is directed to serve a copy of this order on Trustee by October 27, 2021. So Ordered. (Signed by Judge Lewis J. Liman on 1025/2021) (js) Modified on 7/11/2024 (ks). (Entered: 10/25/2021) |
| | | |

| 11/08/2021 | 142 | LETTER addressed to Judge Lewis J. Liman from A. Delaney, dated 11/8/21 re: "RESPONSE TO ORDER TO SHOW CAUSE" - On 10/25/21(Dkt #141), the District Court ordered the parties, including the defendant, to show cause by 11/8/21, why the plaintiff's motion to substitute the Chapter 7 Trustee(Dkt ##136-140) should not be granted. Respectfully, the District Court does not have jurisdiction, and the District Court should dismiss this case pursuant to Fed.R.Civ.P. 12(h)(3). Firstly, there is no diversity since, on the date this case was filed by HC2 on 4/22/20, all parties were citizens of New York etc. Secondly, the matter in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and costs and therefore the Court does not have original jurisdiction etc. Document filed by Andrew Delaney.(sc) (Entered: 11/08/2021) |
|---|---|---|
| 11/08/2021 | 143 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated November 8, 2021 re: ECF 141. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 11/08/2021) |
| 11/09/2021 | 144 | ORDER granting 136 Motion to Substitute Party. Pending before the Court is Plaintiff HC2, Inc.'s motion to substitute the Chapter 7 Trustee, Gregory Messer, in place of Defendant Andrew Delaney. Dkt. No. 136. Having reviewed the submissions of the parties, the Court hereby ORDERS that the motion to substitute the Chapter 7 Trustee be granted. The Clerk of Court is respectfully directed to modify the docket so that Gregory Messer, as Chapter 7 Trustee, is the operative Defendant in this action. The Clerk of Court is respectfully directed to close Dkt. No. 136. SO ORDERED. Gregory Messer added. Andrew Delaney, Andrew Delaney and Andrew Delaney terminated. (Signed by Judge Lewis J. Liman on 11/9/2021) (va) Modified on 7/11/2024 (ks). Modified on 2/11/2025 (ks). (Entered: 11/09/2021) |
| 11/09/2021 | 145 | PROPOSED STIPULATION AND ORDER. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 11/09/2021) |
| 11/09/2021 | 146 | PROPOSED STIPULATION AND ORDER. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 11/09/2021) |
| 11/12/2021 | 147 | STIPULATION OF DISCONTINUANCE, WITHDRAWAL AND DISMISSAL OF AMENDED COUNTERCLAIMS: IT IS THEREFORE stipulated and agreed by and among plaintiff, HC2, Inc., and the Trustee on behalf of the bankruptcy estate of Delaney's first amended counterclaims filed in this action (Doc. 74) be, and the same hereby are, voluntarily discontinued, withdrawn and dismissed, with prejudice. SO ORDERED. (Signed by Judge Lewis J. Liman on 11/12/2021) (va) (Entered: 11/12/2021) |
| 11/12/2021 | 148 | STIPULATION OF WITHDRAWAL OF MOTION FOR SANCTIONS: IT IS THEREFORE AGREED by and among HC2 and the Trustee that: (As further set forth herein.) The Clerk of Court is respectfully directed to close Dkt. No. 120.) SO ORDERED. Motions terminated: 120 MOTION for Sanctions *Pursuant to to Federal Rule of Civil Procedure 11*, filed by Andrew Delaney. (Signed by Judge Lewis J. Liman on 11/12/2021) (va) (Entered: 11/12/2021) |
| 11/12/2021 | 149 | ORDER: On July 29, 2021, the Court ordered that the parties file an update on the bankruptcy matter and the automatic stay by October 29, 2021. Dkt. No. |

|  |  | 134. On October 8, 2021, plaintiff HC2, Inc. filed its motion to substitute Gregory Messer, as Chapter 7 trustee, for defendant Andrew Delaney, Dkt. No. 136, and the Court granted the motion, Dkt. No. 144. The parties then stipulated to the discontinuance, withdrawal, and dismissal of the amended counterclaims and of the motion for sanctions. Dkt. Nos. 145-146. The parties have not filed a separate update on the status of the bankruptcy matter and the automatic stay. The parties are hereby ORDERED, by November 19, 2021, to file an update on the bankruptcy matter and the automatic stay and address whether the stay in this case should be lifted. SO ORDERED. (Signed by Judge Lewis J. Liman on 11/12/2021) (va) (Entered: 11/12/2021) |
|---|---|---|
| 11/15/2021 | 150 | NOTICE OF DISCHARGE OF ROBERT ROTMAN, ESQ. AS ATTORNEY. Document filed by Andrew Delaney. (sc) (Entered: 11/16/2021) |
| 11/16/2021 | 151 | LETTER addressed to Judge Lewis J. Liman from Michael Nacchio dated November 16, 2021 re: ECF 149. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 11/16/2021) |
| 11/16/2021 | 152 | LETTER from Andrew Delaney dated 11/16/21 re: In his status letter dated November 16, 2021 (Dkt. No. 151), HC2 Inc.s lawyer Michael Nacchio, Esq. wrote to the Court in his usual misleading fashion: on October 14, 2021, the Bankruptcy Court also closed a motion to dismiss that Mr. Delaney had previously filed. Document filed by Andrew Delaney.(rdz) (Entered: 11/17/2021) |
| 11/19/2021 | 153 | ORDER: It is hereby ORDERED that the plaintiff HC2, Inc. and the defendant Gregory Messer shall file a joint status letter with the Court by February 18, 2022 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. So Ordered. (Signed by Judge Lewis J. Liman on 11/19/2021) (js) (Entered: 11/19/2021) |
| 11/24/2021 | 154 | NOTICE OF INTERLOCUTORY APPEAL from 144 Order on Motion to Substitute Party,,. Document filed by Andrew Delaney. Form D-P is due within 14 days to the Court of Appeals, Second Circuit..(nd) (Entered: 11/24/2021) |
| 11/24/2021 |  | Appeal Fee Due: for 154 Notice of Interlocutory Appeal.$505.00 Appeal fee due by 12/8/2021..(nd) (Entered: 11/24/2021) |
| 11/24/2021 |  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 154 Notice of Interlocutory Appeal..(nd) (Entered: 11/24/2021) |
| 11/24/2021 |  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 154 Notice of Interlocutory Appeal filed by Andrew Delaney were transmitted to the U.S. Court of Appeals..(nd) (Entered: 11/24/2021) |
| 12/20/2021 | 155 | MOTION for Recusal . Document filed by Andrew Delaney. (Attachments: # 1 Memorandum of Law, # 2 Affidavit Declaration).(Delaney, Andrew) (Entered: 12/20/2021) |
| 12/20/2021 | 156 |  |

| | | |
|---|---|---|
| | | NOTICE OF MOTION FOR RECUSAL. Document filed by Andrew Delaney. (sc) (Entered: 12/20/2021) |
| 12/20/2021 | 157 | MEMORANDUM OF LAW IN SUPPORT OF ANDREW DELANEY'S MOTION TO RECUSE U.S.D.J. LIMAN PURS. TO 28:455(b)(1) & 28:455 (a), re: 156 MOTION for Recusal.. Document filed by Andrew Delaney. (sc) (Entered: 12/20/2021) |
| 12/20/2021 | 158 | DECLARATION OF ANDREW DELANEY in Support of re: 156 MOTION for Recusal. Document filed by Andrew Delaney. (sc) (Entered: 12/20/2021) |
| 12/20/2021 | 159 | MOTION for Recusal *Corrected to Add Exhibit A (HC2 email)*. Document filed by Andrew Delaney. (Attachments: # 1 Exhibit A-Goldstein email). (Delaney, Andrew) (Entered: 12/20/2021) |
| 12/24/2021 | 160 | AMENDED MOTION for Recusal *Corrected to be Fed. R. Civ. P. Rule 12(h) (3)*. Document filed by Andrew Delaney..(Delaney, Andrew) (Entered: 12/24/2021) |
| 12/24/2021 | 161 | AMENDED MOTION for Recusal *Corrected to be Fed. R. Civ. P. Rule 12(h) (3)*. Document filed by Andrew Delaney..(Delaney, Andrew) (Entered: 12/24/2021) |
| 01/03/2022 | 162 | MEMORANDUM OF LAW in Opposition re: 155 MOTION for Recusal ., 160 AMENDED MOTION for Recusal *Corrected to be Fed. R. Civ. P. Rule 12 (h)(3)*. . Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 01/03/2022) |
| 01/05/2022 | 163 | REPLY to Response to Motion re: 161 AMENDED MOTION for Recusal *Corrected to be Fed. R. Civ. P. Rule 12(h)(3)*. . Document filed by Andrew Delaney. (Attachments: # 1 Exhibit Exhibit A-Hire Counsel Invoices redacting Wilmer Hale name).(Delaney, Andrew) (Entered: 01/05/2022) |
| 01/06/2022 | 164 | **Vacated as per Judge's Order dated 7/11/2024, Doc. #186** MEMORANDUM AND ORDER denying 155 Motion for Recusal. ; denying 156 Motion for Recusal. ; denying 159 Motion for Recusal. ; denying 160 Motion for Recusal. ; denying 161 Motion for Recusal. The motion for recusal is DENIED. The Court also notes that the stay of this action put in place on February 22, 2021 in light of the bankruptcy proceeding, Dkt. No. 126, remains in effect. The Clerk of Court is respectfully directed to close Dkt. Nos. 155, 156, 159, 160, 161. SO ORDERED. (Signed by Judge Lewis J. Liman on 1/6/2022) (va) Modified on 7/11/2024 (ks). (Entered: 01/06/2022) |
| 01/06/2022 | 165 | ORDER: The Court enters this order to inform nonparty Andrew Delaney that nonparties are not permitted to file documents in a case unless they have been granted permission to intervene under Rule 24 of the Federal Rules of Civil Procedure. If a nonparty makes a filing without having been granted permission to file documents in this case, the Clerk of Court will be directed to strike those documents from the docket. The Clerk of Court is respectfully directed to modify the caption in this case to reflect the current parties in this case. SO ORDERED. (Signed by Judge Lewis J. Liman on 1/6/2022) (va) (Entered: 01/06/2022) |
| | | |

| 02/01/2022 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Jennifer E Willis. Please note that this is a reassignment of the designation only..(wb) (Entered: 02/01/2022) |
| 02/01/2022 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Jennifer E Willis, for Settlement. Magistrate Judge Kevin Nathaniel Fox no longer referred to the case..(wb) (Entered: 02/01/2022) |
| 02/17/2022 | 166 | LETTER addressed to Judge Lewis J. Liman from the Parties dated February 17, 2022 re: status report. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 02/17/2022) |
| 02/18/2022 | 167 | MEMO ENDORSEMENT on re: 166 Letter filed by HC2, Inc. ENDORSEMENT: The parties are directed to file a joint status letter with the Court by May 18, 2022 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. SO ORDERED. (Signed by Judge Lewis J. Liman on 2/18/2022) (va) (Entered: 02/18/2022) |
| 05/18/2022 | 168 | LETTER addressed to Judge Lewis J. Liman from the Parties dated May 18, 2022 re: Stay Update. Document filed by HC2, Inc...(Nacchio, Michael) (Entered: 05/18/2022) |
| 05/19/2022 | 169 | MEMO ENDORSEMENT on re: 168 Letter filed by HC2, Inc.. ENDORSEMENT: The parties are directed to file a joint status letter with the Court by November 21, 2022 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. SO ORDERED. (Signed by Judge Lewis J. Liman on 5/19/2022) (kv) (Entered: 05/19/2022) |
| 10/20/2022 | 170 | ORDER of USCA (Certified Copy) as to 117 Notice of Appeal filed by Andrew Delaney, 154 Notice of Interlocutory Appeal filed by Andrew Delaney. USCA Case Number 21-79 (L), 21-2920 (Con). Appellant, pro se, moves "to dismiss the district court action." Appellee, through counsel, moves to dismiss the lead appeal. We construe Appellant's motion as seeking, in part, to lift the stay of the action and these appeals. Upon due consideration, it is hereby ORDERED that the Appellant's motion is DENIED to the extent he seeks to lift the stay. See 11 U.S.C. § 362(a)(1); Koolik v. Markowitz, 40 F.3d 567, 568-69 (2d Cir. 1994) (per curiam); see also United States v. Colasuonno, 697 F.3d 164, 172 n.4 (2d Cir. 2012) (Court may consider whether the stay applies to an appeal). It is further ORDERED that decision on the remaining motions is DEFERRED until the stay is lifted. Koolik, 40 F.3d at 569. Appellant is instructed to continue providing status updates, as provided in this Courts September 7, 2021 order. 2d Cir. 21-79, doc. 57. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 10/20/2022..(nd) (Entered: 10/20/2022) |
| 11/10/2022 | 171 | MANDATE of USCA (Certified Copy) USCA Case Number 22-1208. Petitioner, pro se, has filed a petition for a writ of mandamus to compel the |

| | | dismissal of the district court action and the district court's recusal. Petitioner also moves for leave to proceed in forma pauperis ("IFP"). Upon due consideration, it is hereby ORDERED that the IFP motion is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that the mandamus petition is DENIED because Petitioner has not demonstrated that exceptional circumstances warrant the requested relief. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 38081 (2004).. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/10/2022..(nd) (Entered: 11/10/2022) |
|---|---|---|
| 11/18/2022 | 172 | LETTER addressed to Judge Lewis J. Liman from the Parties dated November 18, 2022 re: ECF No. 169 (case update). Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 11/18/2022) |
| 02/13/2023 | 173 | ORDER granting 130 Motion to Withdraw as Attorney. Attorney Valerie Lisa Weiss terminated. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (bhk) (Entered: 02/13/2023) |
| 10/18/2023 | 174 | NOTICE OF APPEARANCE by Jocelyn Annise Merced on behalf of HC2, Inc...(Merced, Jocelyn) (Entered: 10/18/2023) |
| 10/19/2023 | 175 | MOTION for Michael Nacchio to Withdraw as Attorney . Document filed by HC2, Inc.. (Attachments: # 1 Affidavit of Michael Nacchio).(Nacchio, Michael) (Entered: 10/19/2023) |
| 10/19/2023 | 176 | ***STRICKEN DOCUMENT. Document number 176 has been stricken from the case record. The document was stricken from this case pursuant to 178 Order . RESPONSE in Opposition to Motion re: 175 MOTION for Michael Nacchio to Withdraw as Attorney . . Document filed by Andrew Delaney..(Delaney, Andrew) Modified on 10/20/2023 (tg). (Entered: 10/19/2023) |
| 10/19/2023 | 177 | REPLY AFFIDAVIT of Michael Nacchio in Support re: 175 MOTION for Michael Nacchio to Withdraw as Attorney .. Document filed by HC2, Inc... (Nacchio, Michael) (Entered: 10/19/2023) |
| 10/20/2023 | 178 | ORDER granting 175 Motion to Withdraw as Attorney. The motion to withdraw of Mr. Nacchio, Dkt. No. 175, satisfies Local Rule 1.4 and is GRANTED. The Clerk of Court is respectfully directed to strike the document appearing at Dkt. No. 176 from the docket. SO ORDERED. Attorney Michael Nacchio terminated. (Signed by Judge Lewis J. Liman on 10/20/2023) (tg) (Entered: 10/20/2023) |
| 11/14/2023 | 179 | It is hereby ORDERED that the plaintiff HC2, Inc. and the defendant Gregory Messer shall file a joint status letter with the Court by November 21, 2023 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. So Ordered. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (bts) (Entered: 11/14/2023) |
| 11/15/2023 | 180 | STATUS REPORT. *(JOINT)* Document filed by HC2, Inc...(Merced, Jocelyn) (Entered: 11/15/2023) |
| | | |

| 06/17/2024 | 181 | ORDER. Plaintiff HC2, Inc. and Defendant Gregory Messer shall file a joint status letter with the Court by July 1, 2024 stating the status of the bankruptcy matter, the automatic stay issued in connection with it, whether the stay of this action may and should be lifted, and, if so, how this matter is to proceed. So Ordered. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (bts) (Entered: 06/17/2024) |
|---|---|---|
| 06/21/2024 | 182 | STATUS REPORT. *(JOINT)* Document filed by HC2, Inc...(Merced, Jocelyn) (Entered: 06/21/2024) |
| 06/24/2024 | 183 | MEMO ENDORSEMENT on re: 182 Status Report filed by HC2, Inc. ENDORSEMENT: The parties shall file another joint status update on December 18, 2024 and every six months thereafter indicating the status of the bankruptcy case and whether the stay has been lifted. (Signed by Judge Lewis J. Liman on 6/24/2024) (ks) (Entered: 06/24/2024) |
| 07/05/2024 | 184 | ***STRICKEN DOCUMENT. Deleted document number 184 from the case record. The document was stricken from this case pursuant to 186 Order on Motion to Vacate, , . (ks)** MOTION to Vacate 105 Mediation Referral Order,,, 164 Order on Motion for Recusal,,,,,,,,,,,,,, 126 Order on Motion to Dismiss/Lack of Jurisdiction,, 144 Order on Motion to Substitute Party,, 141 Order to Show Cause, 104 Order, 99 Memorandum & Opinion, Set Deadlines/Hearings,,,, . Document filed by Andrew Delaney. (Attachments: # 1 Affidavit Memorandum of law).(Delaney, Andrew) Modified on 7/11/2024 (ks). (Entered: 07/05/2024) |
| 07/11/2024 | 185 | LETTER addressed to Judge Lewis J. Liman from Jocelyn A. Merced, Esq. dated July 11, 2024 re: Request for nonparty Delaney's Motion to Vacate Documents be stricken from the docket. Document filed by HC2, Inc... (Merced, Jocelyn) (Entered: 07/11/2024) |
| 07/11/2024 | 186 | ORDER granting 184 Motion to Vacate 184 MOTION to Vacate 105 Mediation Referral Order,,, 164 Order on Motion for Recusal,,,,,,,,,,,,,, 126 Order on Motion to Dismiss/Lack of Jurisdiction,, 144 Order on Motion to Substitute Party,, 141 Order to Show Cause, 104 Order, 99 . HC2's request is GRANTED. The Clerk of Court is respectfully directed to strike Dkt. No. 184 from the docket. Mr. Delaney is reminded that, if he wishes to be heard in this case, he must file a motion to intervene and satisfy the standards for intervention. SO ORDERED. (Signed by Judge Lewis J. Liman on 7/11/2024) (ks) (Entered: 07/11/2024) |
| 12/02/2024 | 187 | MANDATE of USCA (Certified Copy) as to 117 Notice of Appeal filed by Andrew Delaney, 154 Notice of Interlocutory Appeal filed by Andrew Delaney USCA Case Number 24-1853. Petitioner, proceeding pro se, has filed a petition for a writ of mandamus and has moved for leave to proceed in forma pauperis and for judicial notice of various documents. Upon due consideration, it is hereby ORDERED that the motion for leave to proceed in forma pauperis is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that the motion for judicial notice is GRANTED, but the mandamus petition is DENIED because Petitioner has not demonstrated that he is entitled to that relief. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, |

| | | 38081 (2004). Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 12/2/2024. (km) (Entered: 12/02/2024) |
|---|---|---|
| 12/02/2024 | | Transmission of USCA Mandate/Order to the District Judge re: 187 USCA Mandate.(km) (Entered: 12/02/2024) |
| 12/30/2024 | 188 | STATUS REPORT. *Joint Status Report* Document filed by HC2, Inc... (Merced, Jocelyn) (Entered: 12/30/2024) |